IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CAROL C. SHLETON,
 c/o Watson & Moran, LLC
    8401 Corporate Dr., Ste. 110
    Landover, MD 20785

   Plaintiff,

   v.

HOWARD UNIVERSITY
Serve:  Norma B. Leftwich, General Counsel
       Howard University
       2400 6th St., NW, Ste. 321
       Washington, DC 20059

   and

FRANKLIN D. CHAMBERS, Ph.D
Serve:  12627 Quaking Branch Way
       Bowie, MD 20720

   Defendants.
_____

CIVIL ACTION

## INTRODUCTION

      This is a proceeding for declaratory and injunctive relief and damages to redress the deprivation of rights secured to the Plaintiff by common law, by the Americans with Disabilities Act of 1990, 42 USC §§ 12101 *et seq.,* the Family and Medical Leave Act of 1993 (FMLA), 29 USC §§ 2601 *et seq.,* and by the District of Columbia Human Rights Laws, DC Code §§2-1401.01 *et seq.* and 32-501 *et seq.*

1

## JURISDICTION

1. This Court has jurisdiction over this controversy based upon 42 USC §12117(a), 29 USC §2617, 28 USC §1337, 28 USC §1331, 28 USC §1332, and 28 USC §1343 (a)(4).

## VENUE

2. All events described in this Complaint and at issue in this case occurred within the District of Columbia and within the jurisdiction of the United States District Court for the District of Columbia under 28 USC §1391(b).

3. Plaintiff avers that Defendant Howard University is a District of Columbia entity doing business in the District of Columbia within the meaning of 28 USC §1391(c). Accordingly, venue lies within the meaning of 28 USC §1391(c).

## PROCEDURAL REQUIREMENTS

4. On or about August 23, 2006, Plaintiff filed a timely charge against Defendant HOWARD with the District of Columbia Office of Human Rights Office (hereinafter, "OHR") which was cross-filed with the Equal Employment Opportunity Commission (hereinafter, "EEOC"). On February 12, 2007, OHR withdrew Plaintiff's complaint, at her request. On March 15, 2007 the EEOC followed with the issuance of a Right to Sue

Letter. *See Attached hereto, as Exhibits A & B and incorporated herein,* Notice of Withdrawal from DC Office of Human Rights and Notice of Right to Sue issued from the Washington, DC Field Office of the EEOC.

**PARTIES**

5. Plaintiff, Carol L. Shelton, (hereinafter, "Plaintiff") is a citizen of the United States and is a resident of the State of Maryland.

6. Plaintiff was employed by Howard University (hereinafter, "HOWARD") from 1996 until her termination on May 24, 2006.

7. Plaintiff is a person entitled to protection pursuant to the provisions of 42 USC §12111(8) within the ADA, or alternatively or conjunctively, pursuant to 29 USC §2611(2)(a) to be treated as an "employee" within the meaning of the FMLA.

8. Defendant HOWARD is a private university, located at 2400 6th St., NW, Washington, DC, which, upon information and belief, has over five hundred (500) employees or members.

9. Defendant HOWARD was an "employer" of Plaintiff within the meaning of 42 USC §2111(5)(a) and 29 USC §2611(4)(a).

10. Defendant, Franklin D. Chambers, Ph.D (hereinafter, "Dr. Chambers") was and/or is employed as the Vice Provost at HOWARD and was one of Plaintiff's immediate supervisors at all times relevant hereto.

11. Defendant, Dr. Chambers was an "employer" of Plaintiff within the meaning of 29 USC §2611(4)(A)(ii)(I).

## STATEMENT OF FACTS

12.     Plaintiff began her employment at HOWARD in 2002 as the Director of Student activities in the Office of Student Affairs.  From 2004 until her termination on May 24, 2006, Plaintiff served as Secretary to the Vice Provost under Dr. Chambers.

13.     On March 6, 2006, Plaintiff unexpectedly began suffering a series of debilitating seizures.

14.     Plaintiff informed Defendant HOWARD and Defendant Chambers of her *serious health condition* as early as March 8, 2006.

15.     Further, Plaintiff also informed Defendants that her seizures required a hospitalization followed by a subsequent period of convalescence at her home.

16.     Later, Plaintiff informed Defendants that she was undergoing continuing treatment that included electroencephalogram (EEG) monitoring in order to determine the cause and frequency of her seizures.

17.     Plaintiff also informed Defendants that she was taking anti-seizure medication which caused her to become extremely drowsy.

18.     Defendants never informed Plaintiff of her right to Family Medical Leave.

19.     As such, Defendants intentionally only advised Plaintiff of the accrued university leave that she had available.

20.     Immediately, Dr. Chambers, began interfering with Plaintiff's leave by harassing Plaintiff and questioning her about the various types of university leave that she was exercising and the amount of leave remaining in her leave bank.

21.     Beginning March 31, 2006, Dr. Chambers also sent Plaintiff a series of telephone calls and e-mail transmissions indicating that Plaintiff was exhausting her university leave and conveying reprisal if she did not return to work.

22.     At one point while Plaintiff was on leave, Defendant Dr. Chambers inappropriately inquired as to whether Plaintiff was suffering from the "bird flu or SARS."

23.     On May 15, 2006, Dr. Chambers telephoned Plaintiff and told her that she had to report to work the following day.

24.     Fearful of termination and unaware of her right to Family Medical Leave, Plaintiff returned to the university to work full time on May 16, 2006.

25.     Upon her return to the university, Plaintiff faced a series of retaliatory acts, including the cancellation of The Howard University Executive Leadership Institute (HUELI), a student leadership program that Plaintiff had successfully organized and led for the previous two years.

26.     Without explanation, Plaintiff was presented with a letter of termination, eight (8) days later, on May 24, 2006.

27.     After Plaintiff's termination, Defendants stated to others that Plaintiff had been terminated for theft.

28.      On August 2, 2006, Plaintiff retuned to the university for a pre-arranged meeting to make an exchange of property.  Inexplicably, Plaintiff was approached by campus police who presented Plaintiff with a "Barring Notice," banning Plaintiff from campus and escorted Plaintiff to her car.

29. Defendants bar was especially malicious and outrageous given that Defendants were aware that Plaintiff was not only a former employee, but a third year doctoral student of the university.

30. Several students and faculty members witnessed Plaintiff being escorted back to her car by the campus police.

31. Persons who witnessed Plaintiff being escorted believed that Plaintiff had committed a crime.

32. Plaintiff had not stolen from the university or committed any other crime against the university.

33. Plaintiff's abrupt firing was severely incongruent with Plaintiff's exceptional performance record and her stellar career at Howard.

34. Defendants harmed Plaintiff by not informing her of her right to take either regular or intermittent Family Medical Leave.

35. Defendants harmed Plaintiff by pressuring her about her university leave and intentionally withholding information about her right to Family Medical Leave.

36. Plaintiff's termination in May of 2006 was related to her medical condition that arose in March of 2006.

37. Defendant HOWARD and Defendant Chambers terminated Plaintiff because of her physical impairment, or alternatively, because they believed she suffered from a physical impairment.

38. At all times Defendant HOWARD maintained a right of control, supervision and direction over Defendant Chambers who was at all times acting in performance of her duties as a duly authorized agent of Defendant HOWARD.

39. Alternatively, at all times relevant hereto, Defendant Chambers was acting as an individual and not as an agent for Defendant HOWARD.

40. Both Defendants, HOWARD and Dr. Chambers, are individually, jointly and severally liable.

## STATEMENT OF CLAIMS

### COUNT I

### ADA 42 USC §§12102

41. Plaintiff adopts and incorporates and re-alleges herein paragraphs 1-40 of this Complaint.

42. HOWARD discriminated against Plaintiff in violation of the by the Americans with Disability Act, 42 USC §§12102 *et seq.,* by terminating her employment because of her physical impairment.

### COUNT II

### Alternatively, ADA 42 USC §§12101

43. Plaintiff adopts and incorporates and re-alleges herein paragraphs 1-42 of this Complaint.

44. Alternatively, HOWARD discriminated against Plaintiff in violation of the by the Americans with Disability Act, 42 USC §§12101 and 12102(2)(C), by terminating her employment because they *regarded her as having* a physical impairment.

## COUNT III

### Family Medical Leave Act
### (Against HOWARD)

45.   Plaintiff adopts and incorporates and re-alleges herein paragraphs 1-44 of this Complaint.

46.   Alternatively and/ or conjunctively, HOWARD's unlawful termination of Plaintiff's employment violates the Family Medical Leave Act of 1993 (FMLA), 29 USC §§2601 *et seq.*

## COUNT IV

### Family Medical Leave Act
### (Against Dr. Chambers)

47.   Plaintiff adopts and incorporates and re-alleges herein paragraphs 1-46 of this Complaint.

48.   Alternatively and/ or conjunctively, Dr. Chambers' unlawful termination of Plaintiff's employment violates the Family Medical Leave Act of 1993 (FMLA), 29 USC §§2601 *et seq.*  As such, Defendant Chambers is liable in his personal capacity.

## COUNT V

### DEFAMATION
### (Against HOWARD)

49.   Plaintiff adopts and incorporates and re-alleges herein paragraphs 1-48 of this Complaint.

50.   Defendant HOWARD caused Plaintiff to be defamed.

51.     Through duly authorized agents of Defendant HOWARD, Defendant HOWARD took actions against Plaintiff that constituted statements that Plaintiff had committed wrongful and criminal actions.

52.     Plaintiff was wholly innocent of the defamatory allegations made about her.

53.     Defendant's defamatory statements which were repeated by duly authorized agents of HOWARD, were made in public and caused Plaintiff to suffer grave public humiliation, degradation, impairment of her reputation and standing in the community, mental anguish and suffering.

54.     As a direct and proximate result of Defendant's agents, servants and/ or employees' actions, committed within the scope of their employment with Defendant HOWARD, Plaintiff suffered injury and severe emotional pain and distress.

## COUNT VI

### DEFAMATION
### (Against Dr. Chambers)

55.     Plaintiff adopts and incorporates and re-alleges herein paragraphs 1-54 of this Complaint.

56.     Defendant Dr. Chambers caused Plaintiff to be defamed.

57.     Defendant Dr. Chambers took actions against Plaintiff that constituted statements that Plaintiff had committed wrongful and criminal actions.

58.     Plaintiff was wholly innocent of the defamatory allegations made about her.

59.     Dr. Chambers' defamatory statements caused Plaintiff to suffer grave public humiliation, degradation, impairment of her reputation and standing in the community, mental anguish and suffering.

60. As a direct and proximate result of Defendant Dr. Chambers' statements and actions, Plaintiff suffered injury and severe emotional pain and distress.

## COUNT VII

### Intentional Infliction of Emotional Distress
### (Against HOWARD)

61. Plaintiff adopts and incorporates and re-alleges herein paragraphs 1-60 of this Complaint.

62. Plaintiff states that HOWARD's discrimination towards her and the manner of her discharge caused Plaintiff extreme emotional distress.

63. Specifically, as a result of HOWARD's discrimination, Plaintiff has experienced, high blood pressure, anxiety and depression which exacerbated conditions which led to acute respiratory distress.

64. HOWARD engaged in such conduct recklessly or with the intent of causing Plaintiff to suffer emotional distress.

65. As a direct and proximate result of such conduct, Plaintiff has suffered, continues to suffer, and will in the future suffer, emotional distress over HOWARD's conduct; the manner in which Defendant's treated her, and the effect of HOWARD's wrongful discharge of Plaintiff.

## COUNT VIII

### Intentional Infliction of Emotional Distress
### (Against Dr. Chambers)

66. Plaintiff adopts and incorporates and re-alleges herein paragraphs 1-65 of this Complaint.

67. Plaintiff states that Dr. Chambers' discrimination towards her and the manner of her discharge caused Plaintiff extreme emotional distress.

68. Specifically, as a result of HOWARD's discrimination, Plaintiff has experienced, high blood pressure, anxiety and depression which exacerbated conditions which led to acute respiratory distress.

69. Dr. Chambers engaged in such conduct recklessly or with the intent of causing Plaintiff to suffer emotional distress.

70. As a direct and proximate result of such conduct, Plaintiff has suffered, continues to suffer, and will in the future suffer, emotional distress over Dr. Chambers' conduct; the manner in which Defendants treated her, and the effect of Dr. Chambers' wrongful discharge of Plaintiff.

71. That at all times relevant hereto, Dr. Chambers was acting as an individual and not as an agent for HOWARD.

72. By reason of aforementioned conduct, Plaintiff alleges that Dr. Chambers is liable for intentional infliction of emotional distress under the tort laws of the District of Columbia.

## COUNT IX

### State Claims

73. Plaintiff adopts and incorporates and re-alleges herein paragraphs 1-72 of this Complaint.

74. Defendants' unlawful termination of Plaintiff on account of her disability and/ or their belief that she was disabled violates the human rights laws of the District of Columbia, DC Code §§2-1401.01 *et seq.* and 32-501 *et seq.*

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment in her favor and against Defendants and prays that the following relief be awarded to Plaintiff:

(a) a declaratory judgment, that HOWARD has willfully violated the rights of the plaintiff as secured by the ADA, FMLA and the DC Human Rights Code.

(b) a mandatory injunction enjoining HOWARD from continuing to violate the ADA, FMLA and the DC Human Rights Code;

(c) issue a mandatory injunction pursuant to 29 USC §§2617(1)(B) directing HOWARD to rehire Plaintiff retroactive to May 24, 2006, to her position as Secretary to the Vice Provost;

(d) that the Court retain jurisdiction over this action until HOWARD has fully complied with the Orders of this Court and that the Court require HOWARD to file such reports as may be necessary to supervise such compliance; and

(e) award compensatory damages against HOWARD in the amount of $500,000 to Plaintiff for economic loss representing back-pay and front-pay, plus pre-judgment interest and value of lost employment benefits as may be found by a jury and for the emotional pain and suffering and humiliation caused by HOWARD's violation of the law alleged in this Complaint;

(d) award punitive damages against HOWARD in the amount of $1,000,000 to Plaintiff to punish HOWARD for the willful, wanton and reckless misconduct alleged in this Complaint, and that would effectively deter HOWARD from future discriminatory behavior;

(f) award compensatory damages against Dr. Chambers in the amount of $500,000 to Plaintiff for economic loss representing back-pay and front-pay, plus pre-judgment interest and value of lost employment benefits as may be found by a jury and for the emotional pain and suffering and humiliation caused by Dr. Chambers' violation of the law alleged in this Complaint;

(g) award punitive damages against Dr. Chambers in the amount of $1,000,000 to Plaintiff to punish Dr. Chambers for the willful, wanton and reckless misconduct alleged in this Complaint, and that would effectively deter Dr. Chambers from future discriminatory behavior;

(h) award Plaintiff her reasonable attorneys' fees and costs; and

(i) such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff herein demands trial by jury of all issues in this action.

Respectfully Submitted,

/S/ E. Gregory Watson, Esq.
E. Gregory Watson, Esq.
(DC Fed Bar No. #MD14398)


/S/ Stephanie D. Moran, Esq.
Stephanie D. Moran, Esq.
(DC Bar No.#471-555)

Attorneys for Plaintiff

Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive, Suite 110
Landover, Maryland 20785
(301) 429-0505 ph.
(301) 429-0371 fax.

Case 1:07-cv-00596-RMC    Document 1    Filed 03/28/2007    Page 15 of 15

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of Human Rights**



Judiciary Square Office
441 4th Street, NW, Suite 570N
Washington, DC 20001
Phone: (202) 727-4559  Fax: (202) 727-9589

Penn Branch Office
3220 Pennsylvania Avenue, SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559  Fax: (202) 645-6390

February 12, 2007

*Certified/Regular Mail*

Watson & Moran, LLC
Attn: E. Gregory Watson
c/o Carol C. Shelton
8401 Corporate Drive
Metro-Plex I, Suite 110
Landover, MD 20785

Reference:   *Carol C. Shelton vs. Howard University*
             Docket No. 06-416-P (CN)
             EEOC No. 10C-2006-02977

Dear Ms. Shelton:

On February 8, 2007, you voluntarily withdrew your Complaint of discrimination in the above referenced matter. Therefore, in accordance with the District of Columbia Human Rights Act of 1977 (D.C. Code, Title I, Chapter 25, et seq.), your Complaint has been closed administratively with no finding being made on the merits of the allegations.

Sincerely,

Gustavo Velasquez
Director

cc:    Keith D. Miles

Exhibit A

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Carol C. Shelton<br>c/o E. Gregory Watson, esq.<br>8401 Corporate Drive, Suite 110<br>Landover, Maryland 20785 | From: Washington Field Office<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2006-02977 | David Gonzalez,<br>State & Local Coordinator | (202) 419-0714 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** more than 2 years (3 years) **before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R. Hutter* 

Dana Hutter,
Director

March 15, 2007
(Date Mailed)

Enclosure(s)

cc: HOWARD UNIVERSITY
2400 - 6TH ST., N. W.
Washington, DC 20001

Exhibit B

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Carol C. Shelton

### DEFENDANTS
Howard University and Fraklin D. Chambers, Ph.d

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __PG Co., MD__
(EXCEPT IN U.S. PLAINTIFF CASES)   88888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Washington, DC__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

E. Gregory Watson, Esq.
Watson & Moran, LLC
8401 Corporate Dr., Ste. 110
Landover, MD 20785
(301) 429-0505

Case: 1:07-cv-00596
Assigned To : Collyer, Rosemary M.
Assign. Date : 3/28/2007
Description: SHLETON v. HOWARD UNIV.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)      OR      ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiff cites causes of action based on violations of 42 USC Section 12101 et seq., 29 USC Section 2601 et seq. and state law.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 3,000,000    Check YES only if demanded in complaint
JURY DEMAND:  YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐   NO ☒    If yes, please complete related case form.

DATE 3/27/07    SIGNATURE OF ATTORNEY OF RECORD

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.