**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CAROL C. SHELTON,                           *

                 Plaintiff,          *

v.

                           *          Civil Action No.: 1:07-cv--00596-RMC

HOWARD UNIVERSITY, et al.

                         *

               Defendants.        *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER AND AFFIRMATIVE DEFENSES**

      Defendants Howard University and Franklin D. Chambers, by their undersigned counsel, answer the Complaint and state their affirmative defenses as follows:

      1.      Paragraph 1 of the Complaint states a conclusion of law as to which no response is required.

      2.      Paragraph 2 of the Complaint states a conclusion of law as to which no response is required.

      3.      In response to Paragraph 3 of the Complaint, Defendants deny that Defendant Howard University is a District of Columbia entity and state that Defendant Howard University was created by Act of the Thirty-Ninth Congress of the United States in 1867. Defendants admit that Howard University does business in the District of Columbia. The remaining allegations contained in Paragraph 3 of the Complaint state conclusions of law as to which no response is required.

      4.      In response to Paragraph 4 of the Complaint, Defendants admit that the Plaintiff filed a charge against Defendant Howard University with the District of Columbia

Office of Human Rights ("OHR") and that, at some time, that claim was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC").  Defendants deny that Plaintiff's claim was first filed with the OHR on or about August 23, 2006.  The allegation that such claim was "timely" is a conclusion of law as to which no response is required.  Defendants deny that OHR withdrew Plaintiff's complaint on February 12, 2007.  In further response to Paragraph 4 of the Complaint, Defendants state that Plaintiff voluntarily withdrew her complaint on February 8, 2007, and the OHR administratively closed Plaintiff's file on February 12, 2007.  Defendants admit that, on or about March 15, 2007, the EEOC issued a "Notice of Right to Sue."

> 5. Admitted.

> 6. Admitted.

> 7. Paragraph 7 of the Complaint states a conclusion of law as to which no response is required.

> 8. Admitted.

> 9. Paragraph 9 of the Complaint states a conclusion of law as to which no response is required.

> 10. Admitted.

> 11. Paragraph 10 of the Complaint states a conclusion of law as to which no response is required.

> 12. Defendants admit the first sentence of Paragraph 12 of the Complaint. The remaining allegations contained in Paragraph 12 of the Complaint are denied.

13.     Denied.   In further response to Paragraph 13 of the Complaint, the Defendants state, upon information and belief, that Plaintiff suffered a single seizure on or about March 6, 2006.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Defendants admit that Plaintiff returned to work full-time on May 16, 2006.  The remaining allegations contained in Paragraph 24 of the Complaint are denied.

25.     Denied.

26.     Defendants admit that Plaintiff's employment with the University was terminated on May 24, 2006.  Defendants deny that such termination was without explanation.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint. Notwithstanding, subject to and without waiving the foregoing, the allegations contained in Paragraph 30 are denied.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint. Notwithstanding, subject to and without waiving the foregoing, the allegations contained in Paragraph 31 are denied.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint. Notwithstanding, subject to and without waiving the foregoing, the allegations contained in Paragraph 32 are denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

## COUNT I
### (ADA 42 U.S.C §§ 12102)

41.    Defendants incorporate by reference their responses to Paragraphs 1 – 40 of the Complaint as if fully set forth herein.

42.    Denied.

## COUNT II
### (ADA 42 U.S.C §§ 12101)

43.    Defendants incorporate by reference their responses to Paragraphs 1 – 42 of the Complaint as if fully set forth herein.

44.    Denied.

## COUNT III
### (Family and Medical Leave Act – Defendant Howard University)

45.    Defendant Howard University incorporates by reference as if fully set forth herein its responses to Paragraphs 1 – 44 of the Complaint.

46.    Denied.

## COUNT IV
### (Family and Medical Leave Act – Defendant Chambers)

47.    Defendant Chambers incorporates by reference as if fully set forth herein his responses to Paragraphs 1 – 46 of the Complaint.

48.    Denied.

## COUNT V
### (Defamation – Defendant Howard University)

49.    Defendant Howard University incorporates by reference as if fully set forth herein its responses to Paragraphs 1 – 48 of the Complaint.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

## COUNT VI
### (Defamation – Defendant Chambers)

55.    Defendant Chambers incorporates by reference as if fully set forth herein his responses to Paragraphs 1 – 54 of the Complaint.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT VII
### (Intentional Infliction of Emotional Distress – Defendant Howard University)

61.    Defendant Howard University incorporates by reference as if fully set forth herein its responses to Paragraphs 1 – 60 of the Complaint.

62.    Denied.

63.    Denied.

64.    Denied.

## COUNT VIII
### (Intentional Infliction of Emotional Distress – Defendant Chambers)

65.    Defendant Chambers incorporates by reference as if fully set forth herein his responses to Paragraphs 1 – 64 of the Complaint.

66.    Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

**COUNT IX**
**(State Claims)**

73.     Defendants incorporate by reference their responses to Paragraphs 1 – 72 of the Complaint as if fully set forth herein.

74.     Denied.

**FIRST AFFIRMATIVE DEFENSE**

75.     The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

76.     Plaintiff's claims are barred in whole or in part by expiration of the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

77.     Plaintiff's claims are barred by her failure to exhaust her administrative remedies as to one or both of the Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

78.     Plaintiff's claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

79.     Plaintiff's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

80.    Plaintiff's claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

81.    Defendants reserve the right to raise any additional defenses they learn of through the course of discovery.

WHEREFORE, Defendants Howard University and Franklin D. Chambers, M.D., by having fully answered the Complaint and stating their affirmative defenses, respectfully pray that judgment be entered in favor of Defendants Howard University and Franklin D. Chambers, M.D. and against Plaintiff Carol C. Shelton, and for such other and further relief as is just and equitable.

Respectfully Submitted,

Date:  August 24, 2007

/s/ Timothy F. McCormack
Timothy F. McCormack
D.C. Bar No.: 385025

Jennifer E. Keyser
D.C. Bar No.: 500664

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland  21202
Telephone:  (410) 528-5600
Facsimile:  (410) 528-5650
E-Mail:  mccormackt@ballardspahr.com
         keyserj@ballardspahr.com

Attorneys for Defendants Howard University and Franklin D. Chambers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2007, a copy of the foregoing was delivered via electronic notification to:

> E. Gregory Watson, Esquire
> Stephanie D. Moran, Esquire
> Watson & Moran, LLC
> Metro-Plex I
> 8401 Corporate Drive
> Suite 110
> Landover, MD  20785
>
> *Attorneys for Plaintiff*


/s/ Timothy F. McCormack
Timothy F. McCormack