**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| CAROL C. SHELTON, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : **Case No. 1:07-cv-00596** <br> HOWARD UNIVERSITY : <br> : <br> Defendants. : | |

**PLAINTIFF'S LOCAL CIVIL RULE 16.3 STATEMENT**

Pursuant to Federal Rule of Civil Pro. 26(f) and Local Rule 16.3(d) Plaintiff files the following Meet and Confer Statement with this Court.

**I. CERTIFICATION OF EFFORTS TO SECURE DEFENDANTS'
PARTICIPATION**

The undersigned sought, but could not obtain, the cooperation of Defendants' counsel to file a joint report.

1. Specifically, on September 10, 2007, the undersigned faxed and mailed a letter to counsel for the Defendant, Timothy F. McCormack, Esq., inquiring as to his availability to meet and confer pursuant to LCvR 16.3.

2. On September 17, 2007, the undersigned followed up with correspondence both faxed and mailed to counsel for Defendants inquiring into his availability to meet and confer.

3. In the afternoon of September 17, 2007, the undersigned received faxed correspondence from Defendants' counsel, Timothy F. McCormack, Esq., which

indicated that he would be available to meet and confer at his office in Baltimore, Maryland on several dates begging on September 25, 2007 –at the earliest.

4.   On September 17, 2007, the undersigned telephoned Defendants' counsel, Timothy F. McCormack, Esq., and left a voice mail message requesting a return call.

5.   As of this filing, the undersigned has not received a return telephone call from Defendants' counsel.

   I certify under penalty of perjury that the foregoing is true and correct.

Executed on: September 17, 2007          /s/ E. Gregory Watson, Esq.
                                         E. Gregory Watson, Esq.


## II.  STATEMENT OF THE CASE

   Plaintiff served as Secretary to the Vice Provost to Defendants Howard University and Howard University Vice Provost, Franklin D. Chambers.  On March 6, 2006, Plaintiff began suffering a series of debilitating seizures which caused her to be hospitalized.  Plaintiff alleges that she was not properly informed by Defendants of her right to Family Medical Leave and that Defendants harassed and interfered with her leave, thus forcing her to prematurely return to the office full time on May 16, 2006.  Plaintiff further alleges that when she returned to work she faced a series of retaliatory acts and that she was ultimately terminated without explanation or cause on May 24, 2006.  Plaintiff further alleges that after her termination, Defendants falsely stated to others that she had been terminated for theft.  Then, on August 2, 2006, when Plaintiff retuned to the university for a pre-arranged meeting, Plaintiff alleges that she was

2

approached by Defendants' campus police who presented her with a notice banning her from campus and escorted her to her car in front of others. Plaintiff's claims that she was terminated because of her physical impairment and/ or because Defendants believed that she suffered from a physical impairment and that Defendants are liable for violations of the Americans with Disabilities Act, Family Medical Leave Act, intentional infliction of emotional distress as well as defamation and District of Columbia human rights laws. Plaintiff seeks a declatory judgment, injunctive relief and a compensatory award against each Defendant for $500,000 and a punitive award against each Defendant for $1,000,000. Defendants deny Plaintiff's claims and raise the affirmative defenses of failure to state a claim, expiration of the applicable statute of limitations, failure to exhaust administrative remedies, laches, waiver, estoppel; and any additional defenses that they may lean of through discovery.

### III.  REPORT TO THE COURT

(1)   No dispositive motions have been filed. Plaintiff's counsel is not of the opinion That this matter is likely to be disposed of by dispositive motion.

(2)   Any other parties shall be joined or pleading amended on or before March 1, 2008. Plaintiff believes that it is likely some of the factual and legal issues can be agreed upon or narrowed upon by the close of discovery.

(3)   Plaintiff prefers that this matter be heard by a magistrate judge for discovery purposes but not for trial.

(4) At this juncture, Plaintiff cannot determine whether there is a realistic possibility of settlement.

(5) At this juncture, Plaintiff cannot determine whether this matter could benefit from ADR. Plaintiff has not had an opportunity to discuss ADR with counsel for Defendants. Plaintiff's counsel will discuss ADR with their client on or before the close of discovery.

(6) Plaintiff does not believe that the case can be resolved by summary judgment or a motion to dismiss. Plaintiff believes that the deadline for filing dispositive motion should be thirty (30) days after the close of discovery and that a hearing should be held on all such motions.

(7) Plaintiff does not agree to dispense with the initial disclosures required by Rule 26(a)(1) F.R.Civ. P. Plaintiff believes that said disclosures should be due by October 15, 2007, and that no changes should be made in the scope, form or timing of those disclosures as set forth in the Rule.

(8) <u>ELECTRONIC DISCOVERY PLAN:</u>  Plaintiff intends to seek the discovery of computer based electronic information, namely, all e-mails, information about electronic mail, all databases, all logs of activity, all word

processing files, all files and all file fragments and all electronic data containing information regarding Plaintiff.

Pursuant to Rule 26(a)(1) F.R.Civ. P. Defendants shall disclose: 1) a list of the most likely custodian of relevant materials, including a brief description of each person's title and responsibilities; 2) a list of each relevant electronic system that has been in place at all relevant time and a description of each system, including the nature, scope, character, organization and formats employed in each system; 3) current backup and archiving procedures; and 4) the name of the individual responsible for Defendants' electronic document retention policies.

(9) Plaintiff believes that the discovery plan for the matter should be as follows:

    A. All discovery, including answers to interrogatories, document production, requests for admissions, and depositions shall be commenced in time to be completed by May 2, 2008.

    B. A maximum of thirty (30) interrogatories by each party to any other party. Responses and objections due thirty (30) days after service.

    C. A maximum of ten (10) depositions by each party.

    D. The duration of depositions should not exceed seven (7) hours.

    E. Disclosures concerning retained experts under Rule 26(a)(2) due:

        a. from Plaintiff: March 16, 2008.

        b. from Defendants: April 16, 2008.

    F. Depositions of experts shall be completed by the close of discovery as set forth in (8)(A).

    G.    Disclosures regarding evidence from specifically retained experts intended to solely contradict or rebut evidence due:

        a. from Plaintiff: May 16, 2008.

        b. from Defendants: April 16, 2007.

    H.    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

        a. from Plaintiff: by twenty (20) days before pretrial.

        b. from Defendants: by fifteen (15) days before pretrial.

    I.    Parties should have ten (10) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(10) Plaintiff believes that the requirements of Rule 26(a)(2) F.R.Civ.P. should not be modified.

(11) Plaintiff believes that neither the trial nor discovery in this matter should be bifurcated or managed in phases.

(12) Plaintiff believes that the Court should set the date for pretrial.

(13) Plaintiff believes that the Court should not set a firm date at the first scheduling conference, but should instead set a trial date on at the pretrial conference to be held thirty (30) days thereafter.

        Respectfully Submitted,

        /s/ E. Gregory Watson, Esq.

6

          E. Gregory Watson, Esq.
          (DC Fed Bar No.# MD14398)

          Attorney for Plaintiff
          Watson & Moran, LLC

          8401 Corporate Drive, Suite 110
          Landover, Maryland 20785
          Tel. (301) 429-0505
          Fax. (301) 429-0371

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2007, I caused a copy of the foregoing Plaintiff's Meet and Confer Statement to be sent by electronic transmission and first class mail, postage prepaid to counsel for Defendants, Mr. Timothy F. McCormack, 300 East Lombard St., 18th Fl., Baltimore, MD 21202

          /s/ E. Gregory Watson, Esq.
          E. Gregory Watson, Esq.