**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CAROL C. SHELTON,                                    *

                Plaintiff,                     *

v.

                               *      Civil Action No.: 1:07-cv--00596-RMC

HOWARD UNIVERSITY, et al.

                               *

                Defendants.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \* \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' LOCAL CIVIL RULE 16.3 STATEMENT**

Defendants Howard University and Franklin D. Chambers, Ph.D. (collectively, "Defendants"), pursuant to Fed. Rule of Civ. Pro. 26(f) and Local Rule 16.3(d), by their undersigned counsel, file the following statement pursuant to Local Civil Rule 16.3.   In preparing this statement, Defendants have determined Plaintiff's position from her earlier filed Plaintiff's Local Civil Rule 16.3 Statement.

## I. CERTIFICATION OF EFFORTS TO SECURE PLAINTIFF'S PARTICIPATION

The undersigned counsel to Defendants certifies that he sought, but could not obtain, the cooperation of Plaintiff's counsel to confer and file a joint report.

1.      On September 10, 2007, Counsel for Plaintiff sent Counsel for the Defendants a one sentence letter which read in its entirety "Please advise when you are available to discuss the meet and confer statement we must file pursuant to L.Cv.R.16.3."   On September 17, 2007, Plaintiff's Counsel sent Counsel for the Defendants a second one sentence letter which read in its entirety "When will you be available to meet and confer?"   Copies of those letters are attached as **Exhibits A and B** respectively.

2.      On September 17, 2007, Counsel for the Defendants responded by facsimile transmission and first-class mail, offering seven (7) different dates on which Counsel for the

Defendants could be available to meet and confer and proposing a location for the meeting.  A copy of that letter is attached as **Exhibit C.**

3.       On September 17, 2007, in response to the letter from Defendants' Counsel, Plaintiff's Counsel left a voice-mail message after business hours stating that he did not wish to travel to Baltimore and then, shortly after 10:00 p.m. on the same day, filed the Plaintiff's Local Civil Rule 16.3 Statement, asserting that Counsel for the Defendants had refused to meet and confer.

4.       On September 26, 2007, this Court entered its Initial Order for Scheduling Conference, directing Counsel again to meet and confer no later than seventy-two (72) hours prior to the Initial Scheduling Conference, scheduled for 2:30 p.m. on Friday, October 5, 2007.

5.       On Monday, October 1, 2007, Counsel for Defendants spoke by telephone with Plaintiff's Counsel, Stephanie D. Moran, and sought to schedule a time when Counsel could confer pursuant to Local Rule 16.3.  Ms. Moran stated that neither she nor her co-counsel were available to discuss the matters set forth in Local Rule 16.3 at anytime on Monday, October 1, 2007 or Tuesday, October 2, 2007, prior to this Court's deadline for the parties' report.

6.       At Ms. Moran's request, Counsel for Defendants sent Ms. Moran a draft Joint Local Civil Rule 16.3 Statement for her review and consideration.  A copy of that letter is attached as **Exhibit D**.  As of this Court's deadline for the parties' report pursuant to Local Rule 16.3, Counsel for the Defendants has never received a response from Plaintiff's Counsel.

I HEREBY CERTIFY under the penalties of perjury that the foregoing is true and correct.

Executed on: October 2, 2007          /s/ Timothy F. McCormack
                                                          Timothy F. McCormack

## II. STATEMENT OF THE CASE

### A.    PLAINTIFF'S STATEMENT OF THE CASE

Plaintiff served as Secretary to the Vice Provost to Defendants Howard University and Howard University Vice Provost, Franklin D. Chambers.  On March 6, 2006, Plaintiff began suffering a series of debilitating seizures which caused her to be hospitalized.  Plaintiff alleges that she was not properly informed by Defendants of her right to Family Medical Leave and that Defendants harassed and interfered with her leave, thus forcing her to prematurely return to the office full time on May 16, 2006.  Plaintiff further alleges that when she returned to work she faced a series of retaliatory acts and that she was ultimately terminated without explanation or cause on May 24, 2006.  Plaintiff further alleges that after her termination, Defendants falsely stated to others that she had been terminated for theft.  Then, on August 2, 2006, when Plaintiff retimed to the university for a pre-arranged meeting, Plaintiff alleges that she was approached by Defendants' campus police who presented her with a notice banning her from campus and escorted her to her car in front of others.  Plaintiffs claims that she was terminated because of her physical impairment and/or because Defendants believed that she suffered from a physical impairment and that Defendants are liable for violations of the Americans with Disabilities Act, Family Medical Leave Act, intentional infliction of emotional distress as well as defamation and District of Columbia human rights laws.  Plaintiff seeks a declaratory judgment, injunctive relief and a compensatory award against each Defendant for $500,000 and a punitive award against each Defendant for $1,000,000.  Defendants deny Plaintiffs claims and raise the affirmative defenses of failure to state a claim, expiration of the applicable statute of limitations, failure to exhaust administrative remedies, laches, waiver, estoppel; and any additional defenses that they may learn of through discovery.

## B.    DEFENDANTS' STATEMENT OF THE CASE

Plaintiff Carol C. Shelton ("Plaintiff") served as an Executive Assistant to Howard University Vice-Provost, Franklin D. Chambers, Ph.D. ("Chambers").    On March 7, 2006, Chambers was informed that the Plaintiff had suffered a seizure and, as a result, had been hospitalized.  Plaintiff did not immediately return to work and was permitted to use accrued, paid leave while recuperating.  As Plaintiff neared the end of her accrued, paid leave, Dr. Chambers telephoned Plaintiff to inform her that the period of paid leave was coming to an end and that Plaintiff would soon start a period of unpaid leave.  Plaintiff responded that rather can continue on leave without pay, she would return to work.  At no time during that conversation, or at any other time, did Dr. Chambers or any other representative of Howard University pressure Plaintiff to return to work.  Further, at all times during Plaintiff's employment, including but not limited to when Plaintiff was on leave, Howard University complied with every aspect of the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA") during Plaintiff's employment with Howard University.

To the best of the Defendants' knowledge, Plaintiff suffered a single episode, which does not qualify as a "disability" under the terms of the ADA.  Plaintiff has never suggested to Howard University that she is disabled or has a disability nor has she ever requested an accommodation for a disability.  In fact, Plaintiff, without alleging she was disabled, requested that she receive consideration with regard to her work schedule because of her inability to drive. Defendant agreed to allow Plaintiff to begin work at a later time to accommodate her need to use public transportation.

After returning to work, Plaintiff was ultimately terminated for poor performance and insubordination. At no time was Plaintiff accused of theft by Dr. Chambers.

### III.    REPORT TO THE COURT

(1)    No dispositive motions have been filed. Plaintiff's counsel is not of the opinion that this matter is likely to be disposed of by dispositive motion. Defendants believe that this matter is likely to be disposed of by dispositive motion.

(2)    The parties agree that all other parties shall be joined or pleadings amended on or before March 1, 2008. The parties believe that it is likely that some of the factual and/or legal issues can be agreed upon or narrowed by the close of discovery.

(3)    The parties prefer that this matter be heard by a magistrate judge for discovery purposes but not for trial.

(4)    At this juncture, neither party is able to determine whether there is a realistic possibility of settlement.

(5)    At this juncture, Plaintiff cannot determine whether this matter could benefit from ADR. Plaintiff has not discussed ADR with counsel for Defendants. Plaintiff's counsel will discuss ADR with their client on or before the close of discovery. Defendants believe this case would benefit from alternative dispute resolution in the form of mediation before a United States Magistrate Judge.

(6)    Plaintiff does not believe that the case can be resolved by summary judgment or a motion to dismiss. Plaintiff believes that the deadline for filing dispositive motions should be thirty (30) days after the close of discovery and that a hearing should be held on all such motions. Defendants propose that the deadline for filing dispositive motions should be forty-five (45) days after the close of discovery and agrees that a hearing should be held on all such motions.

(7)    Neither party agrees to dispense with the initial disclosures required by Rule 26(a)(1) F.R. Civ. P.  Plaintiff proposes that said disclosures be due by October 15, 2007, and that no changes should be made in the scope, form or timing of those disclosures as set forth in the Rule.  Defendants propose that the disclosures be made by October 31, 2007.

(8)    ELECTRONIC DISCOVERY PLAN:  Both parties intend to seek the discovery of computer based electronic information, namely, all e-mails, information about electronic mail, all databases, all logs of activity, all word processing files, all files and all file fragments and all electronic data containing information regarding the other party.

Pursuant to Rule 26(a)(1) F.R.Civ. P., both parties  shall disclose:  1) a list of the most likely custodian of relevant materials, including a brief description of each person's title and responsibilities; 2) a list of each relevant electronic system that has been in place at all relevant time and a description of each system, including the nature, scope, character, organization and formats employed in each system; 3) current backup and archiving procedures; and 4) the name of the individual responsible for both parties' electronic document retention policies.  It is Defendant's position that Plaintiff shall include in these disclosures all information regarding all third-party service providers with whom Plaintiff has contracts, service or any other dealings.

(9)    The parties have taken the following positions regarding the discovery plan for this matter:

A.    Plaintiff proposes that all discovery, including answers to interrogatories, document production, requests for admissions, and depositions shall be commenced in time to be completed by May 2, 2008.  Defendant proposes that all discovery, except expert discovery, should be concluded by May 2, 2008.  Defendant further proposes that expert discovery be extended through and including July 15, 2008.

B.      Plaintiff proposes a maximum of thirty (30) interrogatories by each party to any other party, with responses and objections due thirty (30) days after service.  Defendants agree and further suggest a limit of thirty (30) requests for production of documents and thirty (30) requests for admissions by each party to the other, with the same thirty (30) day period for responses and objections.

C.      Plaintiff suggests a maximum of ten (10) depositions by each party.  Defendants disagree and believe that at this juncture, it is premature to limit discovery.

D.      The parties agree that duration of each deposition should not exceed seven (7) hours.

E.      Retained expert disclosure deadlines:  Plaintiff suggests that the disclosure deadline for disclosures from Plaintiff regarding retained experts under Rule 26(a)(2) be March 16, 2008.  Defendant suggests a deadline of March 1, 2008 is more reasonable.  The parties agree that disclosures from Defendant should be due on April 16, 2008.

F.      Depositions of experts:  Plaintiff suggests that depositions of experts should be completed by the close of discovery, as set forth in (8)(A) (*sic.*), or May 2, 2008.  As stated, Defendants believe and therefore suggest, that expert depositions are better left until after the close of discovery and suggests that all expert depositions be completed by July 15, 2008.

G.      The parties agree that disclosures regarding evidence from specifically retained experts intended to solely contradict or rebut evidence should be due from Plaintiff by May 16, 2008 and from Defendants by April 16, 2007.

H.      The parties agree that final lists of witnesses and exhibits under Rule 26(a)(3) should be due from Plaintiff: twenty (20) days before pretrial and from Defendants fifteen (15) days before pretrial.

I.    The parties agree that objections under Rule 26(a)(3) are due ten (10) days after service of final lists of witnesses and exhibits.

(10)    The parties agree that the requirements of Rule 26(a)(2) F.R.Civ.P. should not be modified.

(11)    Neither party believes that trial or discovery in this matter should be bifurcated or managed in phases.

(12)    Both parties believe that the Court should set the date for pretrial.

(13)    The parties agree that the Court should not set a firm date at the first scheduling conference, but should instead set a trial date on at the pretrial conference to be held thirty (30) days thereafter.

Respectfully Submitted,


/s/ Timothy F. McCormack
Timothy F. McCormack
D.C. Bar No.: 385025

Jennifer E. Keyser
D.C. Bar No.: 500664

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland  21202
Telephone:  (410) 528-5600
Facsimile:  (410) 528-5650
E-Mail:  mcccormackt@ballardspahr.com
        keyserj@ballardspahr.com

Attorneys for Defendants Howard University and
Franklin D. Chambers

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of October, 2007, a copy of the

foregoing was delivered via electronic notification to:

> E. Gregory Watson, Esquire
> Stephanie D. Moran, Esquire
> Watson & Moran, LLC
> Metro-Plex I
> 8401 Corporate Drive
> Suite 110
> Landover, MD  20785
>
> *Attorneys for Plaintiff*

/s/ Timothy F. McCormack
Timothy F. McCormack

# Watson & Moran, L.L.C.
## ATTORNEYS & COUNSELORS • AT LAW

September 10, 2007

**<u>VIA FAX (410) 528-5650 AND FIRST CLASS MAIL</u>**

Mr. Timothy F. McCormack
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202

<u>RE: Shelton v. Howard University, *et al.*</u>

Dear Mr. McCormack:

Please advise when you are available to discuss the meet and confer statement we must file pursuant to LCvR 16.3.

Sincerely,

E. Gregory Watson

Metro-Plex • 8401 Corporate Drive • Suite 110 • Landover, MD 20785
TEL 301-429-0505 • FAX 301-429-0371
watsonmoranllc@aol.com



EXHIBIT
A

# Watson & Moran, L.L.C.

## ATTORNEYS & COUNSELORS • AT LAW

September 17, 2007

**VIA FAX (410) 528-5650 AND FIRST CLASS MAIL**

Mr. Timothy F. McCormack
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202

RE: Shelton v. Howard University, *et al.*

Dear Mr. McCormack:

When will you be available to meet and confer?

Sincerely,

E. Gregory Watson

RECEIVED SEP 19 2007



EXHIBIT

B

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

September 17, 2007

**VIA FACSIMILE (301) 429-0371**
**AND FIRST-CLASS MAIL**

E. Gregory Watson, Esquire
Stephanie D. Moran, Esquire
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785

Re:    Carol C. Shelton v. Howard University, et al.
       Civil Action No.: 1:07-cv-00596-RMC

Dear Counsel:

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, please provide your available dates within the next month to meet and confer regarding the above-referenced matter. For your reference, at this time I am available to meet and confer at my office on the following dates:

September 25, 2007 – afternoon
September 26, 2007 – anytime
September 27, 2007 – morning
October 1, 2007 – anytime
October 2, 2007 – afternoon
October 3, 2007 – anytime
October 5, 2007 – anytime

During that planning conference, please expect to discuss (i) the nature and basis of your client's claims; (ii) the possibility for settlement; (iii) the timeframe and format for disclosures required by Rule 26(a)(1); and (iv) a discovery plan to include the subjects, timeframes and limitations for discovery, preservation of discoverable information, the

DMEAST #9872987 v1



EXHIBIT

C

E. Gregory Watson Esquire
September 17, 2007
Page 2

production of any electronically stored information, and any claims to be asserted for privilege or protection of material produced.

I look forward to your prompt response to this letter.

Very truly yours,

Timothy F. McCormack

TFM/kpb
cc:      Howard University

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

October 1, 2007

**VIA FACSIMILE (301) 429-0371**
**AND FIRST-CLASS MAIL**

Stephanie D. Moran, Esquire
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785

Re:    Carol C. Shelton v. Howard University, et al.
       Civil Action No.: 1:07-cv-00596-RMC

Dear Ms. Moran:

Confirming our telephone conversation of this morning, the Honorable Rosemary M. Collyer entered an Order for Initial Scheduling Conference on September 26, 2007, directing the counsel for the parties to meet and confer and submit a report pursuant to Rule 16.3 of the Local Rules of the United States District Court for the District of Columbia no later than seventy-two (72) hours prior to the Initial Scheduling Conference on October 5, 2007 at 2:30 p.m.

We telephoned you this morning to attempt to schedule the telephone conference to fulfill our obligations under Local Rule 16.3. You told me that you were unavailable to confer this morning and that you could not commit to a time at which either you or Mr. Watson could confer with us anytime today or tomorrow, prior to the deadline set by Judge Collyer. You asked that we send you a proposed Joint Local Civil Rule 16.3 Statement for your consideration.

Our office requested a copy of your Local Civil Rule 16.3 Statement in Microsoft Word format, so that we may create the blackline version. We did not receive the same. Therefore, we are only enclosing a proposed Joint Local Rule 16.3 Statement at this time.

I note that this is the second occasion on which we have proposed multiple days and times for a conference in response to Local Rule 16.3, only to have your office reject every

DMEAST #9886577 v1



E. Gregory Watson Esquire
October 1, 2007
Page 2


proposed date and time.  I hope that you or Mr. Watson might find sufficient time to review our enclosed draft and respond to us so that we might file the joint report as directed by the Court.

We look forward to hearing from you.

Very truly yours,

Timothy F. McCormack

TFM/kpb
Enclosure