**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    :
CAROL C. SHELTON,                                   :
                                                    :
     Plaintiff,                                     :
                                                    :
     v.                                             :
                                                    :     **Case No. 1:07-cv-00596**
HOWARD UNIVERSITY, *et al.*                         :
                                                    :
     Defendants.                                    :
_____:


**PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY**
**FROM DEFENDANTS HOWARD UNIVERSITY**
**AND FRANKLIN D. CHAMBERS**


Plaintiff, Carol Shelton, moves pursuant to Rule 37(a) for an order of sanctions and compelling Defendants Howard University And Franklin D. Chambers to respond to discovery and in support therefore states as follows:

1.     Plaintiff files this motion seeking sanctions against the Defendants Howard University and Franklin D. Chambers and an order compelling same Defendants to comply with discovery.

2.     Since the inception of this matter Defendants have litigated in a manner purposely designed to obstruct Plaintiff from obtaining information and documents in support of her claims.

3.     Pursuant to this Court's Scheduling Order, Plaintiff served Interrogatories on Defendant Howard University on December 19, 2007; and Requests for Production of Documents and Interrogatories on Defendant Franklin D. Chambers on January 14, 2008.

*See Exhibits A and B,* Certificate of Discovery on Defendant Howard University and Defendant Franklin D. Chambers.

4.     On March 18, 2008, Defendants served its overdue executed answers to Plaintiff's Interrogatories. *See Exhibit C,* Defendants' cover letter to discovery answers.

5.     On March 30, 2008, Plaintiff mailed a letter to Defendants' counsel, Timothy F. McCormack, Esq., in which Plaintiff detailed what it believes are severe deficiencies in both Defendants' answers to interrogatories. *See Exhibit D-1 through D-4,* Plaintiff's March 30, 2008, Good Faith correspondence to Defendants' counsel.

6.     No response was made by Defendants.

7.     At Plaintiff's request, on April 11, 2008, this Court held a telephone conference in order to address Defendants' lack of production in which Plaintiff's counsel again raised the issue of Defendants' interrogatory deficiencies

8.     No response was made by Defendants.

9.     On May 7, 2008, a status conference in this matter, Plaintiff's counsel again raised the issue of Defendants' deficient interrogatories.

10.     No response was made by Defendants.

11.     On May 20, 2008, Plaintiff's counsel followed up by mailing and faxing correspondence to Defendants' counsel indicating that, although Defendants' deficiencies had been raised by Plaintiff, in March, in April and at the status conference on May 7, 2008, Plaintiff had yet to receive any response whatsoever from Defendants.  Plaintiff's counsel further requested supplemental discovery by March 23, 2008.  *See Exhibit E,* Plaintiff's May 20, 2008, correspondence to Defendants counsel.

12.     On May 23, 2008, Plaintiff's counsel, E. Gregory Watson, Esq., telephoned Defendants' counsel, Timothy F. McCormack, Esq., in order to determine whether Defendants' deficiencies would be cured or whether its' objections would remain.

13.     In conversation with Defendants' counsel, on Friday, May 23, 2008, Plaintiff's counsel, E. Gregory Watson, Esq., agreed to a further extension with, Defendant's counsel Timothy McCormack, Esq., whereby Defendants' supplemental responses would be provided to Plaintiff by Wednesday, May 28, 2008; and that overdue supplemental document responses by Defendant Howard University would be provided by close of business on Friday, May 30, 2008.

14.     On May 28, 2008, at approximately 4:40 pm, Defendants faxed correspondence to Plaintiff.   *See Exhibit F,* May 28, 2008 Correspondence from Defendants' counsel Timothy F. McCormack, Esq.

15.     Defendants' correspondence is most disturbing.  Specifically, with respect to the opening paragraph which reads as follows:

   **"In response to your letter dated May 20, 2008, concerning the answers of Defendants Howard University and Franklin D. Chambers to your client's interrogatories, *I have repeatedly sought a telephone conference to discuss the alleged deficiencies in our responses.  You have never responded to any of our repeated request that we speak about this matter,* and it is now apparent tat you are attempting to manufacture a discovery dispute where none exits, as further evidenced by your writing us at the end of the day to impose a three day deadline for a response.  *Since you refuse to discuss the matters with us by telephone, we will address each of your complaints in turn below."*

**-** *See Exhibit F.*

16.     This paragraph is a complete untruth and a blatant attempt to mislead this

Court. The correspondence itself was a result of an agreement between counsel reached on May 23, 2008, to supplement by May 28, 2008. The conversation had on May 23, 2008, was at Plaintiff's counsel's initiation -as a follow up to *Plaintiff's correspondence* of May 20 2008, which was follow up from Plaintiff's previous correspondence, and meetings and hearings before this Court. As evidenced by the record, Defendants' counsel initiated no attempts to communicate with Plaintiff's counsel about their deficient answers.

17.     It is appalling that, in contemplation of this motion to compel, Defendants' counsel would craft a document with untruths expressly intended to mislead this Court into believing that it the documents was part of its unilateral attempts to resolve a discovery dispute. ***Specifically, when that very document was created at the repeated request of Plaintiff and by agreement as a further extension from Plaintiff.***

18.     The actions of Defendants with respect to the misleading May 28, 2008, correspondence encapsulate the manner in which Defendants have litigated this case to date.

19.     Moreover, substantively, Defendant's supplements are still deficient in several respects, namely: 1) they are informal, in that they are unexecuted and not answered under oath.[1] ; 2) they indicate that some interrogatories are not objectionable, however, they provide no responsive answers; and 3) they further indicate that supplements will be provided June 2, 2008.

---

[1] In addition to its deficient answers, Defendant has failed to provide sufficient responses to Requests for Production of Documents, which will be addressed at a later date. Moreover, Defendant did comply with the May 7, 2008 Order of this Court to produce Plaintiff's Benefits Package by May 16, 2008. Said documents were only produced by another round of correspondence and telephone calls to Defendant's counsel.

20.     Contrary to Defendants' promise, no additional supplements or executed answers were received by Plaintiff's counsel by June 2, 2008 or afterwards.

21.     Executed supplemental answers are needed to the following interrogatories: Howards' Answers to Interrogatories nos. 5 (how and when did Howard learn about Plaintiff's condition?) 6 (who advised Plaintiff about her rights to Family Medical Leave?) 12, 13, 14 (what knowledge does Ms. Smith have?) 20 (on what dates was Plaintiff evaluated?) 21 and 22; and Defendant Chambers Answers to Interrogatories nos. 1, 15, 17, 19 24 (on what dates was Plaintiff evaluated?) and 25.

22.     Plaintiff has been prejudiced by the continual failure of Defendants to provide and cooperate in discovery.[2]

23.     Throughout this entire matter, Defendants have acted in bad faith and in a manner which has prejudiced Plaintiff. Moreover, Plaintiff should be permitted to receive full and complete answers prior to depositions and prior to the close of discovery.

24.     Defendants' conduct constitutes intentional, unjustified and inexcusable obstruction and/ or delay.

25.     Plaintiff has tried in good faith to resolve these issues with Defendants on several occasions to no avail. Thus, it is clear that Defendants not comply without court intervention.

26.     Defendants should be ordered to produce complete, full and accurate answers within five (5) days or be precluded from examining any witnesses at trial.

---

[2] From its initial answer to its discovery, Defendant's have received continuous formal and informal extensions of time, but have produced little.

27.    Pursuant to Rule 37(a)(4) Plaintiff requests that this Court award her reasonable expenses, including attorneys' fees incurred in the preparing and filing of this motion.

28.    Pursuant to Local Civil Rule 7.1(m) Plaintiff certifies that her counsel had communications about the filing of this motion with Defendants' counsel before its filing.

29.    It is in the interests of justice to grant Plaintiff's motion.

For the foregoing reasons, Plaintiff requests that her Motion for Sanctions and to Compel Discovery from Defendants Howard University and Franklin D. Chambers be granted.

Respectfully submitted,


/S/ E. Gregory Watson, Esq.
E. Gregory Watson [MD14298]
Stephanie D. Moran, [DC 471555]
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
(301) 429-0505 (Tel)
(301) 429-0371 (Fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify and affirm that on this 3rd day of June 2008, I caused a copy of the foregoing to be directly served on Defendants Howard University and Dr. Franklin D. Chambers by serving the following counsel via electronic service:

Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD, 21202.


<u>/S/ E. Gregory Watson, Esq.</u>
E. Gregory Watson, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ——————————————————— : | |
| CAROL C. SHELTON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **Case No. 1:07-cv-00596** |
| HOWARD UNIVERSITY, *et al.* : | |
| : | |
| Defendants. : | |
| ——————————————————— : | |

### CERTIFICATE OF DISCOVERY

I hereby certify that on December 19, 2007, I caused to be served on Defendant, Howard University, Plaintiff's First Set of Interrogatories, by hand delivering the same to counsel for Defendant Howard University: Timothy F. McComack, Esq., Ballard, Spahr, Andrews & Ingersoll, LLP, 300 E. Lombard St., 18th Fl. Baltimore, MD 21202

/s/ E. Gregory Watson, Esq.
E. Gregory Watson, Esq.
Stephanie D. Moran, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD 20785
Ph. (301) 429-0505
Fax. (301) 429-0371

Attorney for Plaintiff

A-1

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 19th day of December, 2007, I caused to be served the foregoing Certificate of Discovery on Defendant Howard University, by hand delivering same to Defendant's counsel of record:

> Timothy F. McComack, Esq.
> Ballard, Spahr, Andrews & Ingersoll, LLP
> 300 E. Lombard St., 18[th] Fl.
> Baltimore, MD 21202

> /s/ E. Gregory Watson, Esq.
> E. Gregory Watson, Esq.

A-2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL C. SHELTON, | : |
| Plaintiff, | : |
| v. | : |
| | :     **Case No. 1:07-cv-00596** |
| HOWARD UNIVERSITY, *et al.* | : |
| Defendants. | : |

**CERTIFICATE OF DISCOVERY ON**
**DEFENDANT FRANKLIN D. CHAMBERS, Ph.D**

    I hereby certify that on January 14, 2008, I caused to be served on Defendant, Franklin D. Chambers, Plaintiff's First Set of Interrogatories and First Requests For Production of Documents, via regular mail, postage prepaid, on counsel for said Defendant, Timothy F. McCormack, Esq., of Ballard, Spahr, Andrews & Ingersoll, LLP, at 300 East Lombard St., 18th Fl., Baltimore, MD, 21202.

    I will retain the original of these documents in my possession, without alteration, until this case is concluded, the time for noting an appeal has expired and any ruling on appeal has been made.

*B-1*

RESPECTFULLY SUBMITTED BY,
WATSON & MORAN L.L.C.
8401 Corporate Drive
Suite 110
Landover, Maryland 20785


/s/ E. Gregory Watson , Esq.
Stephanie D. Moran, Esq.
Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify and affirm that on this 14th day of January 2008, I caused a copy of the foregoing Certificate of Service of Discovery on Defendant Franklin D. Chambers, Ph.D, to be served on all Defendants, via electronic discovery and first class mail service to the following:

Defendant Howard University
Defendant Franklin D. Chambers
c/o Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202


/s/ E. Gregory Watson, Esq.
E. Gregory Watson, Esq.

2

*B-2*

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

March 18, 2008

**BY FACSIMILE and FIRST-CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD  20785

> Re:    Carol C. Shelton v. Howard University, et al.
>        Civil Action No. 1:07-cv-00596-RMC

Dear Mr. Watson:

Enclosed in connection with the above-referenced matter are executed copies of the Answers and Objections of Howard University to Plaintiff's First Set of Interrogatories and Answers and Objections of Defendant Franklin D. Chambers to Plaintiff's First Set of Interrogatories.

Please provide us with your comments, if any, on the proposed protective order so that we may complete the production of documents.

I look forward to hearing from you.

Very truly yours,

Timothy F. McCormack

TFM/dfp
Enclosures

DMEAST #10003272 v1

# Watson & Moran, L.L.C.
## ATTORNEYS & COUNSELORS • AT LAW

March 30, 2008

**VIA FAX (410) 528-5650 AND REGULAR FIRST CLASS MAIL**

Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202

**RE: *Shelton v. Howard University., et al., Case No. 1:07-cv-00596***

Dear Mr. McCormack:

I request that you cure the deficiencies in the discovery answers detailed below.  Also, you have not provided any written responses to Plaintiff's document requests as required under the rules.  You have provided some bate stamped documents, however, I have no way of knowing which requests they correspond to, what they are, or whether or not they are intended to be complete sets.  Please also advise when I may inspect and copy the documents that you have not produced, such as Plaintiff's personnel file and the communications between Plaintiff and Defendant Chambers[1].

Pursuant to the Court's Order I would like to confer with you by Wednesday, April 2, 2008, to determine whether or not you intend to cure your client's deficiencies.  If we are unable to reach an agreement my intention is to telephone chambers to schedule a telephone conference this Friday.

Sincerely,

E. Gregory Watson

---

[1] You have requested that we enter into a Stipulated Protective Order which I will respond to under separate cover.

D-1

I.

## DEFENDANT HOWARD UNIVERSITY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

**Interrogatory No. 4:**    Please supplement.  Plaintiff is entitled to a statement. Moreover, the interrogatory calls for Defendant's interpretation of certain facts which may not be gleaned from Defendant's business records.

**Interrogatory No. 5:**    Please supplement with and identification of when Defendant came into its understanding of Plaintiff's condition.

**Interrogatory No. 6:**    Please supplement.  The answer is not responseive in that it does not indicate whether Plaintiff was ever advised of "any rights she may have been entitled to under the Family Medical Leave Act."  Defendant has knowledge or constructive knowledge of whether it so advised Plaintiff.

**Interrogatory No. 12:**    Please supplement.  Defendant's answer is conclusory and does not completely describe the alleged reasons for Plaintiff's termination.  Moreover, the answer fails to indicate whether Plaintiff was made aware of any such alleged complaints about her performance.

**Interrogatory No. 13:**    Plaintiff is entitled to a statement.  Please supplement Defendant's answer.

**Interrogatory No. 14:**    Please identify the information that Defendant believes that Carolyn Smith possesses with respect to certain communications with the Office of the Vice Provost for Student Affairs.

**Interrogatory No. 17:**    Plaintiff is entitled to a statement.  Please supplement Defendant's answer.

**Interrogatory No. 18:**    Please direct your client to answer this interrogatory which seeks relevant discoverable information, irrespective of whether it is deemed admissible at trial.

**Interrogatory No. 19:**    Please supplement when Defendant has identified its experts.

**Interrogatory No. 20:**    Plaintiff is entitled to a statement.  Please supplement Defendant's answer.

2

D-2

**Interrogatory No. 21:**        Please supplement Defendant's answer.

**Interrogatory No. 22:**        Plaintiff is entitled to a statement.    Please supplement
Defendant's answer.

**Interrogatory No. 23:**        Plaintiff is entitled to a statement.    Please supplement
Defendant's answer.

**Interrogatory No. 24:**        Defendant's answer is not responsive to the interrogatory,
Please direct your client to answer.

## II.

## DEFENDANT FRANKLIN CHAMBERS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

**Interrogatory No. 1:**        Please direct Defendant to supplement his answer with his
complete middle name.

**Interrogatory No. 6:**        Please supplement when Defendant has identified its
experts.

**Interrogatory No. 7:**        Please direct Defendant to answer the interrogatory, which
is reasonably calculated to lead to admissible evidence regarding Defendant's credibility.

**Interrogatory No. 15:**        The existence of said documents is a required disclosure
under the DC Federal Rules please supplement with the requested information, including
any homeowner's insurance umbrella policy that Defendant may have.

**Interrogatory No. 17:**        Plaintiff is entitled to a statement.    Please supplement
Defendant's answer.

**Interrogatory No. 18:**        Plaintiff is entitled to a statement.    Please supplement
Defendant's answer.

**Interrogatory No. 19:**        Please identify the information that Defendant believes that
Carolyn Smith possesses with respect to certain communications with the Office of the
Vice Provost for Student Affairs.

**Interrogatory No. 22:**        Plaintiff is entitled to a statement.    Please supplement
Defendant's answer.

3

D-3

**Interrogatory No. 23:**    Please direct Defendant to answer the interrogatory, which seeks information that is relevant to Plaintiff's claims and is likely to lead to discoverable information.

**Interrogatory No. 24:**    Plaintiff is entitled to a statement.    Please supplement Defendant's answer.

**Interrogatory No. 25:**    Please direct Defendant to answer the interrogatory, which seeks information that is relevant to Plaintiff's claims and is likely to lead to discoverable information.

D-4

# Watson & Moran, L.L.C.

## ATTORNEYS & COUNSELORS • AT LAW

May 20, 2008

## VIA FAX (410) 528-5650 AND REGULAR FIRST CLASS MAIL

Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202

**RE: *Shelton v. Howard University., et al., Case No. 1:07-cv-00596***

Dear Mr. McCormack:

I first wrote you on March 27, 2008, regarding Defendant Howard University's and Defendant Franklin Chambers' deficient answers to interrogatories. In that correspondence I also requested that you advise me by April 2nd as to whether your objections would remain. You did not respond. I again raised your client's deficiencies in our telephone conference with the Judge on April 11, 2008. You did not respond.

Your client's deficiencies were again raised on the status conference on May 7, 2008. I have not heard from you since nor have I received any supplemental answers. I require supplemental answers by 4:00 pm on May 23, 2008, or I will have no choice but to file a motion to compel.

Sincerely,

E. Gregory Watson

*E*

LAW OFFICES

**BALLARD SPAHR ANDREWS- & INGERSOLL, LLP**

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 28, 2008

## VIA FACSIMILE AND U.S. MAIL

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

Re:    Shelton v. Howard University, et al.
       Civil Action No.:  1:07-cv-00596-AMC

Dear Mr. Watson:

In response to your letter dated May 20, 2008, concerning the answers of Defendants Howard University and Franklin D. Chambers to your client's interrogatories, I have repeatedly sought a telephone conference to discuss the alleged deficiencies in our responses. You have never responded to any of our repeated requests that we speak about this matter, and it is now apparent that you are attempting to manufacture a discovery dispute where none exists, as further evidenced by your writing us at the end of the day to impose a three-day deadline for a response.

Since you refuse to discuss the matters with us by telephone, we will address each of your complaints in turn below.

## Defendant Howard University's Answers And Objections To Plaintiff's Interrogatories

1.       **Interrogatory No. 4:**    This interrogatory sought the identification of Plaintiff's hire date, positions she held while employed by the University, her rate of pay, her salary in each position, time in each position, reasons for changes in position throughout her employment and her supervisor in each position.  All of the information responsive to this interrogatory is set forth in the documents contained in Plaintiff's personnel file, which we have produced to you.  Pursuant to the Federal Rules of Civil Procedure, we are entitled to direct you to those documents for the answer where, as here, the burden of deriving the answer is the same for you as for Defendant Howard University.

DMEAST #10047755 v1

F-1

E. Gregory Watson, Esquire
May 28, 2008
Page 2

2.  **Interrogatory No. 5:**  Defendant Howard University came to understand that Plaintiff suffered a single seizure sometime in March 2006 and was hospitalized for approximately three days from Plaintiff's statements to Carolyn Smith and the letter from Plaintiff's doctor.  Defendant Howard University will supplement its answer to this interrogatory.

3.  **Interrogatory No. 6:**  The University's answer to this interrogatory is responsive. Defendant Howard University is not aware of the Plaintiff having ever contacted the Office of Human Resource Management as directed or ever having been deprived of any rights she may have been entitled to under the Family Medical Leave Act.

4.  **Interrogatory No. 12:**  Defendant Howard University will supplement its answer to this interrogatory to state how Plaintiff was made aware of the complaints about her performance.

5.  **Interrogatory No. 13:**  Defendant Howard University has directed you to those documents which contain the information responsive to this interrogatory and produced all such documents.  We will, however, supplement this response to identifying the oral communications responsive to this interrogatory.

6.  **Interrogatory No. 14:**  Carolyn Smith received certain telephone calls from the Plaintiff and may have been the recipient of certain e-mail messages.  We will supplement the answer to this interrogatory to clarify Ms. Smith's knowledge.

7.  **Interrogatory No. 17:**  The answer to this interrogatory may be derived from the Plaintiff's personnel file and the evaluations of Plaintiff's performance between 2002 and her termination in 2006.  Defendant Howard University has produced copies of all of those documents to you as it is entitled under the Federal Rules of Civil Procedure.

8.  **Interrogatory No. 18:**  Kindly advise us as to what issue you believe that other complaints, whether formal or informal, administrative or judicial, alleging violations of the Americans with Disabilities Act, the Family Medical Leave Act, or any other disability laws is either relevant or probative.  In the absence of some proffer by the Plaintiff, we believe that the Defendant's objection is well-grounded.

9.  **Interrogatory No. 19:**  We do not understand Plaintiff's exception to this response. The response, on its face, states that Defendant will supplement this response when and if it identifies the person it intends to call as an expert witness at the trial of this matter.

10.  **Interrogatory No. 20:**  Again, Defendant Howard University has produced to you copies of Plaintiff's personnel file and all written evaluations of Plaintiff's performance. We do not understand what additional statements you believe that the Plaintiff is entitled to.

11.  **Interrogatory No. 21:**  Defendant Howard University will supplement this response.

DMEAST #10047755 v1

F-2

E. Gregory Watson, Esquire
May 28, 2008
Page 3


    12.      **Interrogatory No. 22:**  Defendant Howard University will supplement this response.

    13.      **Interrogatory No. 23:**  We believe that the Defendants have fully responded to this interrogatory by producing the various document related to benefits. What additional information do you believe you require?

    14.      **Interrogatory No. 24:**  This interrogatory appeared directed toward establishing the applicability of the Family Medical Leave Act. We believe that Defendant's response has adequately conceded that it is subject to the Act. Is there some other reason why you need to know the exact number of employees of the Defendant? If so, what is that reason and as of what date do you wish us to determine the total number of employees?


## Answers And Objections Of Defendant Franklin D. Chambers

    1.      **Interrogatory No. 1:**  Defendant will supplement this answer.

    2.      **Interrogatory No. 6:**  Again, we do not understand your exception to the answer to this interrogatory. The answer, on its face, states that Defendant will supplement the answer when and if he identifies the person he intends to call as an expert witness in the trial of this matter.

    3.      **Interrogatory No. 7:**  There is no issue whatsoever to which an arrest is relevant. Moreover, an arrest is not likely to lead to the discovery of relevant, admissible evidence. This interrogatory appears to be imposed solely to harass Defendant Chambers. The only facts that would arguably be relevant to the credibility of Defendant Chambers would be a conviction of a crime involving moral turpitude. If the Plaintiff is willing to limit this interrogatory to convictions, Defendant Chambers will provide a complete response.

    4.      **Interrogatory No. 15:**  Defendant will supplement this answer.

    5.      **Interrogatory No. 17:**  Defendant will supplement this answer. Defendant Howard University has provided or is in the process of providing all of the documents evidencing communications between the Defendant and the Plaintiff. Defendant Chambers will supplement this answer to describe any oral communications.

    6.      **Interrogatory No. 19:**  Carolyn Smith received certain telephone calls from the Plaintiff and may have been the recipient of certain e-mail messages. We will supplement the answer to this interrogatory to clarify Ms. Smith's knowledge.

    7.      **Interrogatory No. 22:**  The answer to this interrogatory may be derived from the Plaintiff's personnel file and the evaluations of Plaintiff's performance between 2002 and her termination in 2006. Defendant Howard University has produced copies of all of those documents to you as it is entitled under the Federal Rules of Civil Procedure.

F-8

E. Gregory Watson, Esquire
May 28, 2008
Page 4

8.          **Interrogatory No. 23:**   Kindly advise us as to what issue you believe that other complaints, whether formal or informal, administrative or judicial, alleging violations of the Americans with Disabilities Act, the Family Medical Leave Act, or any other disability laws is either relevant or probative. In the absence of some proffer by the Plaintiff, we believe that the Defendant's objection is well-grounded.

9.          **Interrogatory No. 24:**   Again, Defendant Howard University has produced to you copies of Plaintiff's personnel file and all written evaluations of Plaintiff's performance. We do not understand what additional statements you believe that the Plaintiff is entitled to.

10.         **Interrogatory No. 25:**   Defendant Chambers will supplement this answer.

Due to the press of other business, we were not able to complete all of our supplementations by close of business today. We will, however, provide supplemental answers on behalf of both defendants on or before Monday, June 2, 2008.

Very truly yours,

Timothy F. McCormack / JEK

Timothy F. McCormack

TFM/dfp

F-4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CAROL C. SHELTON,                                    *

      Plaintiff,                                       *

v.                                                                   *     Civil Action No.: 1:07-cv--00596-RMC

HOWARD UNIVERSITY, et al.                      
                                            *

      Defendants.                                     
                                            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**ANSWERS AND OBJECTIONS OF DEFENDANT HOWARD UNIVERSITY TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

      Defendant Howard University (the "University" or "Defendant") answers the

First Set of Interrogatories propounded by Plaintiff Carol C. Shelton ("Plaintiff" or "Shelton")

as follows:

      1.     The information supplied in these answers is not based solely upon the

knowledge of the executing party, but includes the knowledge of the party's agents,

representatives and attorneys, unless privileged.

      2.     The word usage and sentence structure is that of the attorneys who in fact

prepared these answers and does not purport to be the exact language of the executing party.

      3.     The Defendant reserves the right to supplement these answers if it obtains

other and further information or documentation with respect to these interrogatories.

      4.     Defendant is a corporation and as such cannot have personal knowledge.

Therefore, all answers set forth herein have been obtained through its agents, servants and/or

employees and its business records. The person executing these answers to interrogatories on

behalf of the Defendant is authorized to answer on behalf of the University, but does not

necessarily have personal knowledge of all the matters set forth herein.

G-1

## GENERAL OBJECTIONS

1.    Defendant generally objects to all instructions, definitions and interrogatories to the extent that the interrogatories exceed twenty-five in number, including all discrete subparts.

2.    Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to seek the disclosure of information and/or documents subject to the attorney-client privilege and/or attorney work product doctrine. Inadvertent production or disclosure of such information or documents shall not constitute a waiver of any such privilege or immunity.

3.    Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to seek information outside the relevant time period.

4.    Defendant generally objects to all instructions, definitions and interrogatories to the extent that they seek information that is confidential in nature or contains sensitive financial, commercial, proprietary, or personnel information and will produce such information, if within the scope of discovery, only upon entry by the court of and subject to the terms of an appropriate and acceptable protective order.

5.    Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to impose obligations upon the Defendant beyond those imposed by the Federal Rules of Civil Procedure.

6.    These general objections are hereby incorporated in each specific answer or objection. Citation to a particular general objection and a specific answer or objection below is not a waiver of any other general objection.

G-2

## SPECIFIC ANSWERS AND OBJECTIONS

**INTERROGATORY 1:**    Please state the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of Defendant.

### ANSWER NO. 1:

Franklin D. Chambers, Ph.D
Vice-Provost for Student Affairs
Howard University
2400 Sixth Street, N.W.
Washington, DC 20059

**INTERROGATORY 2:**    Please identify all bank accounts (including account numbers) in which Defendant owns any interest or which Defendant has any funds, whether in its name or not, and itemize and identify all bank accounts established by or for you, of whatever character, within ten (10) years prior to the date of your Answers to these interrogatories, giving name of depository, type of account, account number, signature(s), date established, balance on dates established and current balance in each account.

**ANSWER NO. 2:**    Defendant objects to this Interrogatory on the grounds that

it seeks information that is not relevant to any claim or defense presented in this action,

inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 3:**    Please state whether any investigation was ever conducted by you to determine whether Plaintiff suffered from a serious health condition which constituted an illness, injury, impairment or physical or mental condition involving in-patent care or continuing treatment by a health care provider. If so, please identify when such an investigation was conducted, when, by whom and its findings.

**ANSWER NO. 3:**    By e-mail on April 18, 2006, Dr. Chambers asked that the

Plaintiff provide documentation as to her health condition. She produced a letter dated April 26,

2006, from Nabeen Hussain, M.D., which stated: "Ms. Shelton is a 37 year old lady seen as the

Neurology Clinic after suffering a single seizure on 7 March 2006. She is unable to drive,

according to Maryland State law, for a period of three months ending on 7 June 06, pending no

more episodes of seizure. Please give consideration of her difficulty commuting to work during

G-3

this period." No further investigation was conducted. Defendant accepted Plaintiff's

representation and that of her doctor as to her health condition.

**INTERROGATORY 4:** Please identify Plaintiffs hire date; positions with the Defendant; pay rate and/or salary in each position; time in each position; reasons for changes in positions throughout Plaintiffs employment; and supervisor's in each position.

**ANSWER NO. 4:** Defendant states that the answer to this Interrogatory may

be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that

the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and

that the burden of deriving such answer is substantially the same for the Plaintiff as for the

Defendant.

**INTERROGATORY 5:** Please describe your complete and full understanding of Plaintiffs medical condition from March 2006 through May 2006. In your answer please also state with specificity how and when you came to such and understanding.

**ANSWER NO. 5:** Defendant's understanding is that Plaintiff suffered a single

seizure sometime in March 2006 and was hospitalized for approximately three days. She was

thereafter restricted from driving for a period of ninety (90) days.

**INTERROGATORY 6:** Please state whether Plaintiff was ever advised by you of any rights she may have been entitled to under the Family Medial Leave Act. If your answer is in the affirmative, please state when Plaintiff was so advised and by whom.

**ANSWER NO. 6:** Plaintiff was repeatedly directed to contact the Office of

Human Resource Management to determine her leave rights. Defendant is not aware that the

Plaintiff ever contacted the Office of Human Resource Management as directed or was ever

advised of her rights she may have been entitled to under the Family Medical Leave Act.

**INTERROGATORY 7:** Please state whether any disciplinary action or warning was ever taken against Plaintiff at any time during the course of her employment with you. If so, please state:

      (i)     the dates on which the disciplinary or warning action was taken;

      (ii)    the reasons for and the form of the disciplinary warning or action;

G-4

(iii)    the name and job position of each person who in any way participated in the decision to issue the disciplinary or warning action;

(iv)    identify each and every document upon with you base your answer to this interrogatory.

**ANSWER NO. 7:**    Defendant states that on numerous times throughout 2004 and 2005, Plaintiff was counseled and warned that her performance was inadequate, including, on or about September 24, 2004, when Plaintiff's supervisor, Franklin D. Chambers, counseled the Plaintiff regarding her failure to timely prepare and submit reports to the University's Board of Trustees; late October, 2004, when Dr. Chambers counseled the Plaintiff for a second time concerning her failure to timely prepare and submit reports to the Board of Trustees; on or about November 22, 2004, when Dr. Chambers counseled the Plaintiff that part of her responsibilities was the distribution of student tickets for sporting events and that her proposal that the University "forego" the distribution of student tickets for the basketball season was unacceptable.

**INTERROGATORY 8:**    Please state whether you claim that Plaintiff was ever involved in the theft, destruction, of Defendant property or whether Plaintiff ever committed any illegal act or crime against Defendant.

**ANSWER NO. 8:**    Defendant does not claim that Plaintiff was ever involved in the theft or destruction of Defendant's property. Defendant is not aware of the Plaintiff having committed any illegal act or crime against Defendant. Notwithstanding, subject to, without waiving the foregoing, Defendant states that, following the termination of her employment, the Plaintiff attempted to remove a computer processing unit belonging to the Defendant from the Defendant's premises, but surrendered the unit when requested by University security and her supervisor, Franklin D. Chambers.

**INTERROGATORY 9:**    Please explain in detail the full and complete reasons for the issuance of the Barring Notice against Plaintiff in August 2006, including the identity of the person who issued the notice.

G-5

**ANSWER NO. 9:**    The Barring Notice was issued against Plaintiff in 2006 in error.    Barring Notices are routinely entered against terminated employees of the Defendant unless such employees are students or alumnus of the University or persons who would otherwise have business on the University's campus notwithstanding the termination of their employment.

**INTERROGATORY 10:**    Please explain in detail the full and complete reasons for the decision to rescind the Barring Notice issued against Plaintiff on or about August 2006, including the identify of the person who rescinded the notice.

**ANSWER NO. 10:**    The Barring Notice issued against Plaintiff was rescinded promptly upon the University realizing that the Plaintiff was a student, alumni, or a person otherwise having business upon the University's campus, notwithstanding the termination of her employment.

**INTERROGATORY 11:**    Please state whether you ever became aware that Plaintiff had been hospitalized in March of 2006.    If so, please state with specificity how you became so aware, by whom and when.

**ANSWER NO. 11:**    On or about March 7, 2006, Plaintiff telephoned Carolyn Smith, an Administrative Assistant in the Office of the Vice-Provost for Student Affairs, and reported that she had suffered a seizure and was hospitalized.    On March 9, 2006, Plaintiff advised her supervisor, Franklin D. Chambers by e-mail that she was being discharged from the hospital.

**INTERROGATORY 12:**    Please completely describe all the reasons for Plaintiffs termination in May of 2006, including in your answer whether Plaintiff was made aware of any such complaints about her performance.

**ANSWER NO. 12:**    Plaintiff was an at-will employee who served at the pleasure of the University.    On May 24, 2006 her employment was terminated because she was not effectively fulfilling her duties as Executive Assistant to the Vice-Provost for Student

G-6

Affairs. She had demonstrated a lack of professional judgment and poor decision-making over

an extended period of time.

**INTERROGATORY 13:**    Please identify all communications, whether written
or oral, that Defendant had with Plaintiff concerning her work performance from May 2005
through her termination in May 2006. Please include in your answer the date and time of such
communications, the substance matter, whether such communications were written or oral and
all persons present.

**ANSWER NO. 13:**    Defendant states that the answer to this Interrogatory may

be derived from business records of the Defendant, specifically Plaintiff's personnel file and

copies of correspondence between Dr. Chambers and Plaintiff, and that the Defendant will

provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of

deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 14:**    State the names and addresses and telephone
numbers of all person(s) known to you who have personal knowledge of any relevant facts,
information, or evidence concerning this case or any issue to this action.  In your answer
specifically state the information you believe each individual possesses.

**ANSWER NO. 14:**

Franklin D. Chambers, Ph.D
Vice-Provost for Student Affairs
Howard University
2400 Sixth Street, N.W.
Washington, DC  20059

Dr. Chambers has knowledge of his interaction with Plaintiff's poor performance,

and the events leading to her termination.

Elizabeth W. Stroud
Assistant Vice President for Human Resource Management
Howard University Human Resource Management
525 Bryant Street, N.W.
Suite 108
Washington, DC  20059

G-7

Ms. Stroud is the head of the University's Office of Human Resource Management and, as such, is a custodian of records of personnel, payroll and other records and has information concerning those records as they relate to Plaintiff.

> Chief of Campus Police
> Howard University
> 2244 Tenth Street, N.W.
> Washington, DC  20059

The Chief of Campus Police is a head of the University's Campus Police and, as such, is a custodian of records and has knowledge of the University's procedures relating to barring notices.

> Carolyn Smith
> Administrative Assistant
> Office of the Vice-Provost for Student Affairs
> Howard University
> 2400 Sixth Street, N.W.
> Washington, DC  20059

Mr. Smith is the Administrative Assistant to the Vice-Provost for Student Affairs and has knowledge of certain of the Plaintiff's communications with that office during her absence.

> Carol C. Shelton
> c/o Watson and Moran, LLC
> 8401 Corporate Drive, Suite 110
> Landover, Maryland 20785

**INTERROGATORY 15:**     State whether you intend to rely on any document(s) or other tangible evidence to support a position that you have taken or intend to take in this action and if so, identify each such document, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them. Attach a copy of each such document to your answers.

**ANSWER NO. 15:**     Defendant objects to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney work product privilege to the extent that it seeks identification of documents which the Defendant intends to rely on at trial.

G-9

Notwithstanding, subject to, and without waiving the foregoing, Defendant states that it will, subject to the appropriate scheduling letter, identify exhibits at such time as is required. Defendant further states that it will produce copies of those documents relevant to any claim in defense of this action.

**INTERROGATORY 16:**    Please state why Investigator Robert Thompson was summoned to the Office of the Vice Provost when Plaintiff was scheduled to make an exchange of property on or about August 2, 2006.

**ANSWER NO. 16:**    Investigator Robert Thompson was summoned into the Office of the Vice Provost for Student Affairs on August 2, 2006 to deliver to the Plaintiff the Barring Notice which had been erroneously issued by the University.

**INTERROGATORY 17:**    Please fully characterize Plaintiffs level of performance while employed from 2002 through her termination in 2006. In your answer please state whether Plaintiffs performance was generally outstanding, exceeded expectations, occasionally meeting expectations, partially meeting expectations, or below expectations.

**ANSWER NO. 17:**    Defendant states that the answer to this Interrogatory may be derived from business records of the Defendant, specifically Plaintiff's personnel file and evaluations, and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 18:**    Please state whether you have been the subject of a complaint, whether formal or informal, administrative or judicial, alleging violations of Americans with Disability Act, Family Medical Leave Act and/ or any other disability laws in the past ten (10) years. If so, please state date of such charge, the name and address of the complaining party if known and, if formal, the case, charge or docket number and jurisdiction of such complaint.

**ANSWER NO. 18:**    Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to any claim or defense in this action, inadmissible, not likely to lead to the discovery of admissible, relevant evidence.

G-9

**INTERROGATORY 19:** Please state the name and address of any expert(s) whom you propose to call as a witness in this matter, and state the following information with respect to such expert(s): (a) the subject matter on which the expert is expected to testify; (b) the substance of the findings and the opinions to which the expert is expected to testify; (c) a summary of the grounds for each opinion. Attach to your answers a copy of any written report made by such expert concerning (his/her) findings and opinions.

**ANSWER NO. 19:** Defendant has not yet identified any person who they may propose to call as an expert witness in this matter. Defendant will supplement this response when and if it identifies a person it intends to call as an expert witness in the trial of this matter.

**INTERROGATORY 20:** State whether Plaintiff was ever evaluated and/ or reviewed, whether formally and/ or informally; and if so, the dates of evaluation with respect to her employment with you.

**ANSWER NO. 20:** Defendant states that the answer to this Interrogatory may be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 21:** Identify the substance and location of any and all documents and/ or computer entries and e-mails, related to the ending of Plaintiffs employment.

**ANSWER NO. 21:** Defendant will produce copies of any and all non-privileged documents, computer entries and emails related to the termination of Plaintiff's employment.

**INTERROGATORY 22:** From May 1, 2006 to date and continuing until the time of trial of the case, please identify the date and the amount of each pay increase to which Plaintiff would have been entitled had she remained employed by Defendant.

**ANSWER NO. 22:** Defendant states that the answer to this Interrogatory be derived from the business records of the Defendant and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents with the burden of deriving such answers substantially the same for the Plaintiff as for the Defendant.

G-10

**INTERROGATORY 23:**    From May 1, 2006, to date and continuing until the time of trial, of this case, please state the amount of benefits, including, but not limited to insurance benefits, paid holidays, paid vacation days and any earned interest Plaintiff would have been accrued had she remained employed by Defendant.

**ANSWER NO. 23:**    Defendant states that the answer to this Interrogatory be

derived from the business records of the Defendant and that the Defendant will provide Plaintiff

with an opportunity to inspect and copy such documents with the burden of deriving such

answers substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 24:**    State the total number of your employees.

**ANSWER NO. 24:**    Plaintiff has more than fifty employees in the District of

Columbia.

**INTERROGATORY 25:**    State whether Plaintiff had worked at least 1250 hours for you in twelve months prior to March 6, 2006.

**ANSWER NO. 25:**    Plaintiff did work at least 1250 hours in twelve months

prior to March 6, 2006.

/s/ Timothy F. McCormack
Timothy F. McCormack
Jennifer E. Keyser

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
(410) 528-5600 (phone)
(410) 528-5650 (fax)
mccormackt@ballardspahr.com
keyserj@ballardspahr.com

Attorneys for Defendant Howard University

G-11

## **VERIFICATION**

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing

paper are true to the best of my knowledge, information and belief.

HOWARD UNIVERSITY

By:   /s/ Franklin D. Chambers
      Franklin D. Chambers, Ph.D.
      Vice Provost for Student Affairs

G-12



I HEREBY CERTIFY, that on this 6th day of March 2008, a copy of the foregoing

was mailed, first-class postage prepaid, to:

> E. Gregory Watson, Esq.
> Stephanie D. Moran, Esq.
> 8401 Corporate Drive, Suite 110
> Landover, Maryland 20785
>
> *Attorneys for Plaintiff*
>
> /s/ Timothy F. McCormack
> Timothy F. McCormack

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROL C. SHELTON, | * | |
| Plaintiff, | * | |
| v. | | |
| | * | Civil Action No.: 1:07-cv--00596-RMC |
| HOWARD UNIVERSITY, et al. | | |
| | * | |
| Defendants. | | |
| | * | |

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## ANSWERS AND OBJECTIONS OF DEFENDANT FRANKLIN D. CHAMBERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Franklin D. Chambers ("Chambers" or "Defendant") answers the First Set of Interrogatories propounded by Plaintiff Carol C. Shelton ("Plaintiff" or "Shelton") as follows:

(a)    The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

(b)    The word usage and sentence structure is that of the attorneys who in fact prepared these answers and does not purport to be the exact language of the executing party.

(c)    The Defendant reserves the right to supplement these answers if he obtains other and further information or documentation with respect to these interrogatories.

## GENERAL OBJECTIONS

Defendant generally objects to all instructions, definitions and interrogatories to the extent that the interrogatories exceed twenty-five in number, including all discrete subparts.

Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to seek the disclosure of information and/or documents subject to the

H-1

attorney-client privilege and/or attorney work product doctrine. Inadvertent production or disclosure of such information or documents shall not constitute a waiver of any such privilege or immunity.

Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to seek information outside the relevant time period.

Defendant generally objects to all instructions, definitions and interrogatories to the extent that they seek information that is confidential in nature or contains sensitive financial, commercial, proprietary, or personnel information and will produce such information, if within the scope of discovery, only upon entry by the court of and subject to the terms of an appropriate and acceptable protective order.

Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to impose obligations upon the Defendant beyond those imposed by the Federal Rules of Civil Procedure.

These general objections are hereby incorporated in each specific answer or objection. Citation to a particular general objection and a specific answer or objection below is not a waiver of any other general objection.

## SPECIFIC ANSWERS AND OBJECTIONS

**INTERROGATORY 1:**    Please state your full name (first, middle and last), address, social security number, all other names you have gone by during your lifetime, your occupation and your job title.

**ANSWER NO. 1:**    Defendant objects to this interrogatory to the extent it seeks the disclosure of a social security number upon the grounds that Defendant's social security number is not relevant to any claim or defense in this action, inadmissible and not likely to lead to the discovery of relevant or admissible evidence. In further response to this interrogatory, Defendant states that his full name and address are:

H-2

Franklin D. Chambers
Howard University
2400 Sixth Street, N.W.
Suite 201
Washington, D.C. 20059

**INTERROGATORY 2:**    Please identify all bank accounts (including account numbers) in which you own any interest or which you have any funds, whether in your name or not, and itemize and identify all bank accounts established by or for you, of whatever character, within ten (10) years prior to the date of your Answers to these interrogatories, giving name of depository, type of account, account number, signature(s), date established, balance on dates established and current balance in each account.

**ANSWER NO. 2:**    Defendant objects to this interrogatory on the grounds that

it seeks information that is not relevant to any claim or defense presented in this action,

inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 3:**    Please state whether any investigation was ever conducted by you to determine whether Plaintiff suffered from a serious health condition which constituted an illness, injury, impairment or physical or mental condition involving in-patent care or continuing treatment by a health care provider. If so, please identify when such an investigation was conducted, when, by whom and its findings.

**ANSWER NO. 3:**    No investigation was ever conducted to determine whether

Plaintiff suffered from a serious health condition. Defendant accepted Plaintiff's representation

as to her health condition.

**INTERROGATORY 4:**    Please    describe    your    complete    and    full understanding of Plaintiffs medical condition from March 2006 through May 2006. In your answer please also state with specificity how and when you came to such an understanding.

**ANSWER NO. 4:**    Defendant's understanding is that Plaintiff suffered a single

seizure sometime in March 2006 and was hospitalized for approximately three days.

**INTERROGATORY 5:**    State the name, address and telephone number of each person, including experts, having any knowledge of relevant facts related to the collision which is the basis of this lawsuit, its cause or the damages resulting from it. In your answer specifically state the information you believe each person possesses.

H-3

**ANSWER NO. 5:**

Franklin D. Chambers, Ph.D
Vice-Provost for Student Affairs
Howard University
2400 Sixth Street, N.W.
Washington, DC 20059

Carol C. Shelton
c/o Watson and Moran, LLC
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

**INTERROGATORY 6:**    State the full name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of the case, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

**ANSWER NO. 6:**    Defendant has not yet identified any person who they may

propose to call as an expert witness in this matter. Defendant will supplement this response

when and if it identifies a person it intends to call as an expert witness in the trial of this matter.

**INTERROGATORY 7:**    Please state whether you have ever been arrested. If your answer is in the affirmative, please state the nature of the alleged crime, date of conviction, if any, the city and state of arrest, and the citation number of the arrest and/ or case number.

**ANSWER NO. 7:**    Defendant objects to this interrogatory on the grounds that

it seeks information that is not relevant to any claim or defense presented in this action,

inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 8:**    Please state whether Plaintiff was ever advised by you of any rights she may have been entitled to under the Family Medial Leave Act. If your answer is in the affirmative, please state when Plaintiff was so advised and by whom.

**ANSWER NO. 8:**    Plaintiff was repeatedly directed to contact the Office of

Human Resource Management. Defendant is not aware that the Plaintiff ever contacted the

Office of Human Resource Management as directed or was ever advised of her rights she may

have been entitled to under the Family Medical Leave Act.

H-4

**INTERROGATORY 9:**     Please state whether you believe Plaintiff's medical condition impaired her ability to perform her job functions.

**ANSWER NO. 9:**     Defendant does not contend that Plaintiff's medical condition impaired her ability to perform her job functions. Defendant did not conduct an investigation to determine whether Plaintiff qualified for leave under the Family Medical Leave Act. Defendant repeatedly advised the Plaintiff to contact the Office of Human Resource Management to discuss her leave rights.

**INTERROGATORY 10:**     Please identify fully and completely what investigation you made, if any, to determine whether Plaintiff qualified for leave under the Family Medial Leave Act, as well as the results of that determination.

**ANSWER NO. 10:**     By e-mail on April 18, 2006, Dr. Chambers asked that the Plaintiff provide documentation as to her health condition. She produced a letter dated April 26, 2006, from Nabeen Hussain, M.D., which stated: "Ms. Shelton is a 37 year old lady seen as the Neurology Clinic after suffering a single seizure on 7 March 2006. She is unable to drive, according to Maryland State law, for a period of three months ending on 7 June 06, pending no more episodes of seizure. Please give consideration of her difficulty commuting to work during this period." No further investigation was conducted. Defendant accepted Plaintiff's representation and that of her doctor as to her health condition.

**INTERROGATORY 11:**     Please state whether or not you have a copy of any statement which the Plaintiff has previously made concerning this action or subject matter, such as her illness or medical condition, which is in you possession, custody or control.

**ANSWER NO. 11:**     Defendant is an officer of Defendant Howard University. As a result, he does not have copies of any documents relevant to any claim or defense in this action in his possession in his individual capacity. All such documents are in the possession, custody or control of Howard University.

H-5

**INTERROGATORY 12:**    Please state whether any disciplinary action or warning was ever taken against Plaintiff at any time during the course of her employment the dates on which the disciplinary or warning action was taken;

        (a)     the reasons for and the form of the disciplinary warning or action;

        (b)     the name and job position of each person who in any way participated in the decision to issue the disciplinary or warning action;

        (c)     identify each and every document upon with you base your answer to this interrogatory.

**ANSWER NO. 12:**    Defendant states that on numerous times throughout 2004 and 2005, Plaintiff was counseled and warned that her performance was inadequate, including, on or about September 24, 2004, when Plaintiff's supervisor, Franklin D. Chambers, counseled the Plaintiff regarding her failure to timely prepare and submit reports to the University's Board of Trustees; late October, 2004, when Dr. Chambers counseled the Plaintiff for a second time concerning her failure to timely prepare and submit reports to the Board of Trustees; on or about November 22, 2004, when Dr. Chambers counseled the Plaintiff that part of her responsibilities was the distribution of student tickets for sporting events and that her proposal that the University "forego" the distribution of student tickets for the basketball season was unacceptable.

**INTERROGATORY 13:**    Please state whether you ever stated or wrote that Plaintiff was ever involved in the theft, destruction, of Defendant Howard University property or whether Plaintiff ever committed any illegal act or crime against Defendant Howard University.

**ANSWER NO. 13:**    Defendant has never stated or written that Plaintiff was involved in a theft or destruction of property belonging to Defendant Howard University or committed any illegal act or crime against Defendant Howard University.

**INTERROGATORY 14:**    Please explain in detail the full and complete reasons for the issuance of the Barring Notice against Plaintiff in August 2006, including the identity of the person who issued the notice.

H-6

**ANSWER NO. 14:**    The Barring Notice was issued against Plaintiff in 2006 in error. Barring Notices are routinely entered against terminated employees of the Defendant unless such employees are students or alumnus of the University or persons who would otherwise have business on the University's campus notwithstanding the termination of their employment.

**INTERROGATORY 15:**    Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered against you in this action, or to indemnify or reimburse for payments made to satisfy a judgment against you, by stating the name of the person insured, the name of the insurer, and the amount of any liability insurance coverage.

**ANSWER NO. 15:**    Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense presented in this action, inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 16:**    Please state whether you ever became aware that Plaintiff had been hospitalized in March of 2006. If so, please state with specificity how you became so aware, by whom and when.

**ANSWER NO. 16:**    Defendant was advised by the Plaintiff that she suffered a single seizure in March 2006 and, as a result, was hospitalized for approximately 3 days.

**INTERROGATORY 17:**    Please completely describe all the reasons for Plaintiffs termination in May of 2006, including in your answer whether Plaintiff was made aware of any such complaints about her performance.

**ANSWER NO. 17:**    Defendant states that the answer to this interrogatory may be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 18:**    Please identify all communications, whether written or oral, that you had with Plaintiff concerning her work performance from May 2005 through her termination in May 2006. Please include in your answer the date and time of such

H-7

communications, the substance matter, whether such communications were written or oral and all persons present.

**ANSWER NO. 18:**    Defendant states that the answer to this interrogatory be derived from the business records of the Defendant and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents with the burden of deriving such answers substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 19:**    State the names and addresses and telephone numbers of all person(s) known to you who have personal knowledge of any relevant facts, information, or evidence concerning this case or any issue to this action. In your answer specifically state the information you believe each individual possesses.

### ANSWER NO. 19:

Franklin D. Chambers, Ph.D
Vice-Provost for Student Affairs
Howard University
2400 Sixth Street, N.W.
Washington, DC  20059

Dr. Chambers has knowledge of his interaction with Plaintiff's poor performance, and the events leading to her termination.

Elizabeth W. Stroud
Assistant Vice President for Human Resource Management
Howard University Human Resource Management
525 Bryant Street, N.W.
Suite 108
Washington, DC  20059

Ms. Stroud is the head of the University's Office of Human Resource Management and, as such, is a custodian of records of personnel, payroll and other records and has information concerning those records as they relate to Plaintiff.

Chief of Campus Police
Howard University
2244 Tenth Street, N.W.
Washington, DC  20059

The Chief of Campus Police is a head of the University's Campus Police and, as such, is a custodian of records and has knowledge of the University's procedures relating to barring notices.

> Carolyn Smith
> Administrative Assistant
> Office of the Vice-Provost for Student Affairs
> Howard University
> 2400 Sixth Street, N.W.
> Washington, DC 20059

Mr. Smith is the Administrative Assistant to the Vice-Provost for Student Affairs and has knowledge of certain of the Plaintiff's communications with that office during her absence.

> Carol C. Shelton
> c/o Watson and Moran, LLC
> 8401 Corporate Drive, Suite 110
> Landover, Maryland 20785

**INTERROGATORY 20:**    State whether you intend to rely on any document(s) or other tangible evidence to support a position that you have taken or intend to take in this action and if so, identify each such document, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them. Attach a copy of each such document to your answers.

**ANSWER NO. 20:**    Defendant objects to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney work product privilege to the extent that it seeks identification of documents which the Defendant intends to rely on at trial. Notwithstanding, subject to, and without waiving the foregoing, Defendant states that it will, subject to the appropriate scheduling letter, identify exhibits at such time as is required. Defendant further states that it will produce copies of those documents relevant to any claim in defense of this action.

**INTERROGATORY 21:**    Please state why Investigator Robert Thompson was summoned to the Office of the Vice Provost when Plaintiff was scheduled to make an exchange of property on or about August 2,2006.

**ANSWER NO. 21:**  Investigator Robert Thompson was summoned into the

Office of the Vice Provost for Student Affairs on August 2, 2006 to deliver to the Plaintiff the

Barring Notice which had been erroneously issued by the University.

**INTERROGATORY 22:**  Please fully characterize Plaintiffs level of performance while employed from 2002 through her termination in 2006. In your answer please state whether Plaintiffs performance was generally outstanding, exceeded expectations, occasionally meeting expectations, partially meeting expectations, or below expectations.

**ANSWER NO. 22:**  Defendant states that the answer to this interrogatory may

be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that

the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and

that the burden of deriving such answer is substantially the same for the Plaintiff as for the

Defendant.

**INTERROGATORY 23:**  Please state whether you have been the subject of a complaint, whether formal or informal, administrative or judicial, alleging violations of Americans with Disability Act, Family Medical Leave Act and/ or any other disability laws in the past ten (10) years.  If so, please state date of such charge, the name and address of the complaining party if known and, if formal, the case, charge or docket number and jurisdiction of such complaint.

**ANSWER NO. 23:**  Defendant objects to this interrogatory on the grounds that

it seeks information which is not relevant to any claim or defense in this action, inadmissible, not

likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 24:**  State whether Plaintiff was ever evaluated and/ or reviewed, whether formally and/ or informally; and if so, the dates of evaluation with respect to her employment with you.

**ANSWER NO. 24:**  Defendant states that the answer to this interrogatory may

be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that

the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and

that the burden of deriving such answer is substantially the same for the Plaintiff as for the

Defendant.

H-10

**INTERROGATORY 25:**    Give the history of your employment from ten (10) years past to the present, identifying each and every employer by name and address, and specifying, with respect to each listed, the dates of your employment, the history of your duties and job titles. If you were unemployed for any period of time, specify the amount and source of any income which you received during such period and identify both taxable and non-taxable income you received.

**ANSWER NO. 25:**    Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense presented in this action, inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

Timothy E. McCormack
Jennifer E. Keyser

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
(410) 528-5600 (phone)
(410) 528-5650 (fax)
mccormackt@ballardspahr.com
keyserj@ballardspahr.com

Attorneys for Defendant Howard University

H-11

## VERIFICATION

I FRANKLIN D. CHAMBERS, hereby declare and affirm under penalties of perjury that the contents of the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

Executed on March  18  , 2008.

_Franuhl. Chambers._
Franklin D. Chambers

12

H-12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March 2008, a copy of the

foregoing was mailed, first-class postage prepaid, to:

> E. Gregory Watson, Esquire
> Stephanie D. Moran, Esquire
> Watson & Moran, LLC
> 8401 Corporate Drive, Suite 110
> Landover, Maryland 20785

*Attorneys for Plaintiff*

Timothy F. McCormack

H-13