**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL C. SHELTON, | * |
| Plaintiff, | * |
| v. | *     Civil Action No.: 1:07-cv-00596-RMC |
| HOWARD UNIVERSITY, et al. | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
<u>MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY</u>**

Defendants Howard University and Franklin D. Chambers by their undersigned attorneys, oppose Plaintiff's Motion for Sanctions and to Compel Discovery as follows:

1.      On or about June 4, 2008, Plaintiff Carol C. Shelton brought a motion seeking sanction against Defendants Howard University and Franklin D. Chambers in an order compelling the Defendants to comply with discovery.

2.      The Defendants now oppose that motion on the grounds that (i) there has been no failure discovery by the Defendants; (ii) Defendants have been proceeding in good faith to provide voluminous responses to wide-ranging discovery, particularly discovery of documents; and (iii) a great deal of the confusion regarding discovery as a result of the failure of communication between counsel for Plaintiff and counsel for Defendants.

3.      Preliminarily, the suggestion that Defendants did not provide answers to interrogatories until March 18, 2008, is misleading.

4.      The Plaintiff served her First Set of Interrogatories to Howard University by handing a copy to counsel for Defendants as counsel were leaving court-ordered mediation the week before Christmas 2007.  Plaintiff thereafter served a First Set of Interrogatories to

Franklin D. Chambers and Request for Production of Documents by both Defendants on January 14, 2008.

5.     By agreement, the time for response to those interrogatories that was extended through February 20, 2008.  Defendants served their Answers and Objections and Written Responses to Request for Production of Documents on February 25, 2008.  See Exhibit A, letter dated February 25, 2008, from Jennifer E. Keyser to E. Gregory Watson.  Although the verification pages were not immediately delivered with the original answers, the answers were complete.

6.     The contributing factor to the discovery dispute in this case is the admittedly inadequate communication among counsel to date.  For example, it was not until March 30, 2008, that counsel for the Plaintiff brought to the attention of counsel for the Defendants that, notwithstanding Ms. Keyser's transmittal letter, the written responses to the request for production of documents had not been included in the February 25, 2008.  As soon as they were advised of the error, counsel for the Defendants resent all of the discovery responses.  See letter dated April 2, 2008, from Ms. Keyser from Mr. Watson, a copy of which is attached as Exhibit B.

7.     Plaintiff's claim that she received no responses to her attorney's letter dated March 30, 2008, is simply not true.  Promptly upon receiving the letter from Plaintiff's counsel complaining of deficiencies and on numerous occasions thereafter, counsel for the Defendants sought conference to discuss Plaintiff's complaint.

8.     Rather than confer, Plaintiff's counsel sought a telephone conference with the Court.  At that conference, Plaintiff's counsel complained not about the answers to interrogatories, but of the written responses to the request for production of documents.

Plaintiff's counsel complained that they had not yet received Plaintiff's personnel file or payroll records and that they required document references for every response to a request for production of documents.

9.     Counsel for Defendants advised counsel for the Plaintiffs on that telephone conference that he had just received additional supplemental documents for production.  Those documents were produced on April 14, 2008.  See Exhibit C, letter dated April 14, 2008 from Timothy F. McCormack to E. Gregory Watson.  Counsel for Defendants then amended their written responses to the request for production of documents to provide document references in each response.  See Exhibit D, letter dated May 7, 2008, from Timothy F. McCormack to E. Gregory Watson; Exhibit E, Supplemental Response from Defendant Howard University to Plaintiff's First Request for Production of Documents; and Exhibit F Supplemental Response of Defendant Franklin D. Chambers to Plaintiff's First Request for Production of Documents.

10.     At a status conference on May 7, 2008, counsel for Plaintiffs for the first time complained that the documents describing the health and welfare plans were incomplete, missing every other page.  Again, although the documents are produced weeks or months earlier, counsel for Plaintiffs at no time raised the issue with counsel for the Defendant.  No description of the incomplete documents was given other than documents relating to fringe benefits.

11.     Counsel for Defendant immediately recopied the benefits information and produced it a second time to counsel for Plaintiffs.  See Exhibit G, letter dated May 15, 2008, from Timothy F. McCormack to E. Gregory Watson.  On May 20, 2008, counsel for the Plaintiff for the first time identified the incomplete document as the Personnel Guidelines and Statement of Current Benefits Effective July 1, 1999, and not the documents describing the health and

benefit plans. Counsel for Defendants immediately supplemented its production on May 23, 2008. See Exhibit H, letter dated May 23, 2008, letter from Timothy F. McCormack to E. Gregory Watson.

12.    In the interim, Defendant Howard University has conducted a thorough search of its e-mail server to produce every e-mail communication between the Plaintiff and Defendant chambers during the two (2) year period preceding her termination, as requested by the Plaintiff, which search has produced over three thousand (3000) pages of documents. Defendants have arranged, at their expense, to have those documents printed, collated, and burned onto a computer disk so that they may be produced to the Plaintiff and both electronic and hard copy form.

13.    Defendants have been anything but dilatory.

14.    As to the interrogatories, unable to obtain a conference with Plaintiff's attorneys, counsel of the Defendants wrote them on May 28, 2008 an outline of the Defendants' responses. See Exhibit I, letter dated May 28, 2008, from Timothy F. McCormack to E. Gregory Watson.

15.    Defendants' responses to Plaintiff's complaint about the interrogatories fall into three categories. First is the category of responses where the Defendants simply disagree with the Plaintiff's contention that the answers are deficient. The Defendants believe that they have fully and accurately responded to the interrogatory; it is simply that the Plaintiff does not like the answer. Interrogatory No. 6 is an example of such interrogatory. The interrogatory seeks a statement as to whether Plaintiff was ever advised of her rights under the Family Medical Leave Act and, if so, by whom. Defendant Howard University's answer is entirely responsive:

> Plaintiff has repeatedly directed a contact to the Office of Human Resource Management to determine her leave rights.  Defendant is not aware that the Plaintiff ever contacted the Office of Human Resource Management as directed or was ever advised of her rights she may have been entitled to under the Family Medical Leave Act.

Despite repeated requests from the Defendants, Plaintiff has simply failed to disclose what additional information it seeks from Defendant Howard University.

16.    The second category of complaints brought by Plaintiff involved the complaint that the Defendants did not repeat the same information over and over in each place where it might arguably be responsive to an interrogatory.  An example of this complaint is the Plaintiff's contention that Defendant Howard University's Answer to Interrogatory No. 5 was incomplete because, in answer to that interrogatory the University did not repeat the same information it had set out in detail in response to Interrogatory No. 3 and No. 11, each of which seem to ask different aspects of the same question, when and how did the University learn of Plaintiff's single seizure and three-day hospitalization.

17.    The third category of complaints all involve information that is set forth in the documents produced by Defendant Howard University and which can be as easily derived from those documents by the Plaintiff as the Defendants.  An example of this type of information is the dates of the evaluations of Plaintiff's work performance.  In response to Plaintiff's first set of interrogatories, Defendant Howard University and Defendant Chambers described every oral evaluation of Plaintiff's work performance or counseling session they could identify.  In addition, Defendant Howard University produced Plaintiff's entire personnel file and all personnel documents maintained in the Office of the Vice Provost for Student Affairs, which included all of Plaintiff's written evaluations.  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, that production, together with the specific identification of the files which were to

contain the requested information, i.e., the dates of the evaluations, was a sufficient and complete response.

18.    In any event, contemporaneously the filing of this Memorandum to Opposition, Defendants have delivered amended answers, consistent with the letter dated May 28, 2008, from Defendants' counsel.  See Exhibits J and K.  There has been no failure of discovery.  There has been no prejudice to the Plaintiff, and the Motion for Sanctions and to Compel Discovery should be denied.

WHEREFORE, Defendants Howard University and Franklin D. Chambers respectfully request the following relief:

A.    That Plaintiff's Motion for Sanctions and to Compel Discovery from Defendants Howard University and Franklin D. Chambers be DENIED; and

B.    That Defendants Howard University and Franklin D. Chambers be granted such other and further relief as is just and equitable.

<div style="margin-left:40%">

\s\ Timothy F. McCormack
Timothy F. McCormack, Esquire
Federal Bar No.: 385025
Jennifer E. Keyser, Esquire
Federal Bar No.: 500664
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland  21202
E-mail:  mccormackt@ballardspahr.com
            keyserj@ballardspahr.com

Attorneys for Defendants

</div>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 18th day of June, 2008, a copy of the foregoing

was delivered via electronic notification, to:

E. Gregory Watson, Esquire
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, Maryland 20785
*Attorneys for Plaintiff*

\s\ Timothy F. McCormack
Timothy F. McCormack

Law Offices

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

JENNIFER E. KEYSER
DIRECT DIAL: 410-528-5687
PERSONAL FAX: 410-361-8903
KEYSERJ@BALLARDSPAHR.COM

February 25, 2008

**VIA FIRST-CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

      Re:    Shelton v. Howard University, et al.
                 <u>Civil Action No.:  1:07-CV-00596-AMC</u>

Dear Mr. Watson:

        Enclosed are the following:

        1.    Answers and Objections of Defendant Howard University to Plaintiff's First Set of Interrogatories;

        2.    Answers and Objections of Defendant Howard University to Plaintiff's First Request for Production of Documents; and

        3.    The Response of Defendant Franklin D. Chambers to Plaintiff's First Request for Production of Documents.

        We look forward to hearing from you.

                Very truly yours,

                Jennifer E. Keyser

JEK/vh
Enclosures

DMEAST #9988109 v1

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

JENNIFER E. KEYSER
DIRECT DIAL: 410-528-5687
PERSONAL FAX: 410-361-8903
KEYSERJ@BALLARDSPAHR.COM

April 2, 2008

**VIA E-MAIL (watsonmoranllc@aol.com),
FACSIMILE ((301-429-0371) and FIRST-
CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

Re:  Shelton v. Howard University, et al.
     Civil Action No.:  1:07-CV-00596-AMC

Dear Greg:

The attached package contains a letter dated February 25, 2008 that enclosed the following:

1.    Answers and Objections of Defendant Howard University to Plaintiff's First Set of Interrogatories;

2.    Answers and Objections of Defendant Howard University to Plaintiff's First Request for Production of Documents; and

3.    The Response of Defendant Franklin D. Chambers to Plaintiff's First Request for Production of Documents.

If you should have any difficulty opening any of these documents or receiving them as a facsimile transmission, I have also taken the precaution of sending the same via first-class mail.

DMEAST #10012681 v1

E. Gregory Watson, Esquire
April 2, 2008
Page 2


    Should you have any further questions or issues with regard to these documents, please do not hesitate to telephone me.

           Very truly yours,

           Jennifer E. Keyser

JEK/dfp
Enclosures

cc:  Timothy F. McCormack, Esquire

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

April 14, 2008

**VIA FEDERAL EXPRESS**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

Re:    Shelton v. Howard University, et al.
       Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

Enclosed as a supplemental production of documents are a complete copy of your client's personnel file, marked as HU00243-HU00249 and your client's payroll records marked as HU00250-HU0285.

If you have any questions, please feel free to telephone me.

Very truly yours,

Timothy F. McCormack

TFM/jpr
Enclosures

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 7, 2008

**VIA FACSIMILE ((301-429-0371) and**
**FIRST-CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

> Re:    Shelton v. Howard University, et al.
> Civil Action No.: 1:07-CV-00596-AMC

Dear Greg:

Enclosed please find the following:

1.    Supplemental Response of Defendant Franklin D. Chambers to Plaintiff's First Request for Production of Documents; and

2.    Supplemental Response of Defendant Howard University to Plaintiff's First Request for Production of Documents.

If you have any questions, please feel free to telephone me.

Very truly yours,

Timothy F. McCormack

TFM/dfp
Enclosures

DMEAST #10012681 v3

<div align="center">

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

</div>

CAROL C. SHELTON,                              *

     Plaintiff,                              *

v.                                             *     Civil Action No.: 1:07-cv--00596-RMC

HOWARD UNIVERSITY, et al.                      *

     Defendants.                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<div align="center">

**SUPPLEMENTAL RESPONSE OF DEFENDANT HOWARD UNIVERSITY TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

</div>

Defendant Howard University (the "University" or "Defendant"), by and through its undersigned attorneys, responds to the First Request for Production of Documents propounded by Plaintiff Carol C. Shelton ("Plaintiff") as follows:

<div align="center">

**GENERAL OBJECTIONS**

</div>

     1.     Defendant generally objects to all instructions, definitions, and requests to the extent that they purport to seek disclosure of information and/or documents subject to the attorney-client privilege, the attorney work product doctrine, or both. Inadvertent production or disclosure of such information or documents shall not constitute a waiver of any such privilege or immunity.

     2.     Defendant generally objects to all instructions, definitions, and requests to the extent that they purport to seek information outside the relevant period of time.

     3.     Defendant generally objects to all instructions, definitions, and requests to the extent they seek information that is confidential or seek sensitive financial, commercial, proprietary, or personnel information. Defendant will produce such information, if within the

scope of discovery, only upon entry of and subject to the terms of an appropriate and acceptable protective order.

4.    Defendant generally objects to all instructions, definitions, and requests to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

5.    Defendant generally objects to all instructions, definitions, and requests to the extent that they purport to require the responding party to set forth the basis for a specific allegation or contention prior to the conclusion of its investigation and discovery. ·

6.    These general objections are incorporated into each specific response or objection below. Citation to a particular objection in a specific response or objection below is not a waiver of any other general objection not cited.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**    All documents identified in any response to Plaintiff's Interrogatories to Defendant Howard University.

**RESPONSE TO REQUEST NO. 1:**    Defendant will produce all non-privileged documents in response to this request in its possession, custody or control. *See* HU 00041 - HU 00059; HU 00171 - HU 00180; HU 00182; HU 00184 - HU 00213; HU 00216 - HU 00219; HU 221 - HU 214; HU 00243 - HU 00325.

**REQUEST NO. 2**    Copies of any liability insurance policies or declaration statements which might compensate (sic.) potentially pay for the claims of Plaintiff - including any umbrella policies.

**RESPONSE TO REQUEST NO. 2:**    Defendant objects to this request on the grounds that it seeks documents not relevant to any claim or defense of this action, are inadmissible and not likely to lead to discovery of admissible, relevant evidence.

**REQUEST NO. 3**    All documents submitted by Defendant to the District of Columbia Office of Human Rights concerning Plaintiff and Docket No. 06-416-P (CN).

**RESPONSE TO REQUEST NO. 3:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.  *See* HU 00039 - HU 00059; HU 00063 - HU 00170.

**REQUEST NO. 4**    All documents submitted by Defendant to the Equal Employment Opportunity Commission concerning Plaintiff and EEOC Docket No. 10C-2006-02977.

**RESPONSE TO REQUEST NO. 4:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.  *See* HU 00039 - HU 00059; HU 00063 - HU 00170.

**REQUEST NO. 5**    All documents that were used or consulted in preparing your responses to questions propounded to you by the District of Columbia Office of Human Rights and/ or the Equal Employment Opportunity Commission pertaining to the complaint, charge of Plaintiff.

**RESPONSE TO REQUEST NO. 5:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.  *See* HU 00063 - HU 00170; HU 00177; HU 00178 - HU 00180; HU 00243 - HU 00285.

**REQUEST NO. 6**    All documents, e-mails, correspondence, concerning any oral or written communications between Plaintiff and Defendant Franklin Chambers from May 2004 through May 2006.

**RESPONSE TO REQUEST NO. 6:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.  *See* HU 00041 - HU 00059; HU 00176; HU 00178 - HU 00180; HU 00183 - HU 00194; HU 00214 - HU 00217.

**REQUEST NO. 7**    A complete list or roster of all employees of Defendant during the year 2006.

**RESPONSE TO REQUEST NO. 7:**    Defendant objects to this request on the ground that it has admitted that it had more than fifty (50) employees in the District of Columbia in 2006.

**REQUEST NO. 8**    All documents referring, pertaining to "barring notice" which barred Plaintiff from Defendant's campus.

**RESPONSE TO REQUEST NO. 8:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.

**REQUEST NO. 9**    Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto, including any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**RESPONSE TO REQUEST NO. 9:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00002 - HU 00005; HU 00007 - HU 00011; HU 00016; HU 00018 - HU 00021; HU 00029 - HU 00032; HU 00177; HU 00182; HU 00189 - HU 00194; HU 00201 - HU 00205.

**REQUEST NO. 10**    All copies of any and all statements made by Defendant concerning the subject matter of this lawsuit, including any written statement signed or otherwise, adopted or approved by the Defendant hereto, including any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**RESPONSE TO REQUEST NO. 10:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00026 - HU 00036; HU 00039 - HU 00059; HU 00171 - HU 00176; HU 00178 - HU 00189; HU 00192; HU 00214 - HU 00219; HU 00243 - HU 00244.

**REQUEST NO. 11**    All copies of income statements, paychecks, wage statements and benefit statements pertaining to Plaintiff during her employment with Defendant from 2002 until her termination in 2006.

**RESPONSE TO REQUEST NO. 11:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00171 - HU 00175; HU 00195 - HU 00213; HU 00218 - HU 00224; HU 00243 - HU 00285.

**REQUEST NO. 12**    Any and all documents pertaining to all awards or anticipated awards ever given to or to be presented to or given to Plaintiff.

**RESPONSE TO REQUEST NO. 12:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.

**REQUEST NO. 13**    Any and all medical information, documents or correspondence pertaining to Plaintiff's health, which are in the possession, control or custody of Defendant.

**RESPONSE TO REQUEST NO. 13:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00177; HU 00182.

**REQUEST NO. 14**    All salary and wage scales of Defendant applicable to the position held by Plaintiff.

**RESPONSE TO REQUEST NO. 14:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00195 - HU 00213; HU 00218 - HU 00224; HU 00243 - HU 00285.

**REQUEST NO. 15**    All documents concerning Plaintiffs job functions, job assignments, training, status, salary, bonuses, benefits and other terms and conditions of her employment with respect to the position he held while employed by Defendant.

**RESPONSE TO REQUEST NO. 15:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00063 - HU 00132; HU 00171 - HU 00175; HU 00195 - HU 00213; HU 00218 - HU 00224; HU 00243 - HU 00291.

**REQUEST NO. 16**    All documents concerning work Plaintiff performed or was responsible for performing while employed for Defendant until her termination, including, but not limited to, work records, work product, status reports, procedural or employee manuals, reports, memoranda to or from higher supervisors and memoranda to or from co-workers.

**RESPONSE TO REQUEST NO. 16:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00183; HU 00186 - HU 00194; HU 00195 - HU 00224; HU 00243 - HU 00249.

**REQUEST NO. 17**    All documents concerning evaluations of Plaintiffs performance while employed by Defendant, including, but not limited to, evaluations, appraisals, whether formal or informal, self-evaluations, merit reviews, salary or performance reviews, promotions, transfers, ratings and letters of commendation, praise and/ or criticism.

**RESPONSE TO REQUEST NO. 17:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00171 - HU 00175; HU 00186 - HU 00194; HU 00195 - HU 00197; HU 00201 - HU 00205; HU 00211 - HU 00213; HU 00218 - HU 00223; HU 00243 - HU 00249.

**REQUEST NO. 18**    Copies of all statements from any witness or potential witness concerning all defenses raised in this lawsuit.

**RESPONSE TO REQUEST NO. 18:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00041 - HU 00059; HU 00171 - HU 00176; HU 00187 - HU 00180; HU 00181 - HU 00194; HU 00214 - HU 00219.

**REQUEST NO. 19**    All employee handbooks, employee benefit documents which were in force during Plaintiffs employment, including, but not limited to, personnel manuals, benefits manuals and salary schedules.

**RESPONSE TO REQUEST NO. 19:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00063 - HU 00170; HU 00286 - HU 00291.

**REQUEST NO. 20**    All handbooks, manuals, rules, guidelines, policy, memoranda, correspondence, manual or similar writing or documents provided to Plaintiff regarding her rights and responsibilities pursuant to the Family Medical Leave Act and the Americans with Disability Act.

**RESPONSE TO REQUEST NO. 20:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00063 - HU 00170.

**REQUEST NO. 21**    Any and all disability discrimination policies, Family Medical Leave Act policies of Defendant which were in effect during the year 2006.

**RESPONSE TO REQUEST NO. 21:**        Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.  *See* HU 00063 - HU 00170.

**REQUEST NO. 22**   Copies of any initial pleading in which a lawsuit has been filed against Defendant for violations of the Americans With Disabilities Act, Family Medical Leave Act and/ or District of Columbia human rights laws within the past ten (10) years.

**RESPONSE TO REQUEST NO. 22:**        Defendant objects to this request on the grounds that it seeks documents not relevant to any claim or defense of this action, are inadmissible and not likely to lead to the discovery of relevant and admissible evidence.

**REQUEST NO. 23**        Copies of reports, writings, memos, of any subsequent or previous incidents in which a person(s) complained that Defendant has violated the Americans With Disabilities Act, Family Medical Leave Act and/ or District of Columbia human rights laws within the past ten (10) years.

**RESPONSE TO REQUEST NO. 23:**        Defendant objects to this request on the grounds that it seeks documents not relevant to any claim or defense of this action, are inadmissible and not likely to lead to the discovery of relevant or admissible evidence.

**REQUEST NO. 24**        Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and another person, whether or not a party to this lawsuit, regarding or pertaining to an incident in which a person(s) complained that Defendant has violated the Americans With Disabilities Act, Family Medical Leave Act and/ or District of Columbia human rights laws within the past ten (10) years.

**RESPONSE TO REQUEST NO. 24:**        Defendant objects to this request on the grounds that it seeks documents not relevant to any claim or defense of this action, are inadmissible and not likely to lead to the discovery of relevant and/or admissible evidence.

**REQUEST NO. 25**        The complete personnel file of Plaintiff.

**RESPONSE TO REQUEST NO. 25:**        Defendant will produce all non-privileged documents in response to this request in his possession, custody or control.  *See* HU 00243 - HU 00285.

**REQUEST NO. 26**    Any and all treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

**RESPONSE TO REQUEST NO. 26:**    Defendant has not yet identified a person that it intends to call as an expert witness in this case. When and if the Defendant identifies a person it intends to call as an expert witness in the trial of this matter, it will supplement this response.

**REQUEST NO. 27**    A current copy of the curriculum vitae or resume of any expert who may be called to testify at trial.

**RESPONSE TO REQUEST NO. 27:**    Defendant has not yet identified a person that it intends to call as an expert witness in this case. When and if the Defendant identifies a person it intends to call as an expert witness in the trial of this matter, it will supplement this response.

**REQUEST NO. 28**    Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have bearing on this cause of action.

**RESPONSE TO REQUEST NO. 28:**    Defendant objects to this request on the grounds that it seeks information protected from disclosure by the attorney work-product doctrine. Defendant will supplement this response at such time as it may be required to identify exhibits by any appropriate scheduling order.

**REQUEST NO. 29**    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

**RESPONSE TO REQUEST NO. 29:**    Defendant objects to this request on the grounds that it seeks information protected from disclosure by the attorney work-product doctrine. Defendant will supplement this response at such time as it may be required to identify exhibits by any appropriate scheduling order.

**REQUEST NO. 30**    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

**RESPONSE TO REQUEST NO. 30:**    Defendant objects to this request on the grounds that it seeks information protected from disclosure by the attorney work-product doctrine.  Defendant will supplement this response at such time as it may be required to identify exhibits by any appropriate scheduling order.

**REQUEST NO. 31**    Copies of all financial statements, bank statements, balance sheets, brokerage account statements, for any checking and/ or savings account, money market, in Defendant's name alone or jointly with any person, firm, proprietorship, partnership, companies, corporations, limited partnership or other legal interest for the past three (3) years.

**RESPONSE TO REQUEST NO. 31:**    Defendant objects to this request on the grounds that it seeks documents not relevant to any claim or defense in this action, are inadmissible and not likely to lead to the discovery of relevant or admissible evidence.

**REQUEST NO. 32**    All documents, books, writings, records of any sort, reflecting any benefits, monies, income or assets which Defendant's employees are entitled to at any time during their employment with Defendant, including, without limitation, documents reflecting bonuses, health and dental insurance, accident insurance, hospital insurance, life insurance, auto expenses, travel expenses, personal living benefits.

**RESPONSE TO REQUEST NO. 32:**    Defendant objects to this request to the extent that it seeks information concerning employees other than the Plaintiff.  Defendant will produce all documents in its possession, custody or control responsive to this request that relate to the Plaintiff.

**REQUEST NO. 33**    Any and all documents identifying and/ or describing the amount and basis for computing the FMLA leave balance which was available to Plaintiff in the twelve (12) months prior to her termination.

**RESPONSE TO REQUEST NO. 33:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.

**REQUEST NO. 34**    All documents submitted by Defendant to the District of Columbia, Department of Employment Services concerning Plaintiff.

**RESPONSE TO REQUEST NO. 34:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.

**REQUEST NO. 35**    The complete personnel file of Defendant Franklin D. Chambers, Ph.D.

**RESPONSE TO REQUEST NO. 35:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.    *See* HU 00225 - HU 00242.

**REQUEST NO. 36**    All documents, e-mails, correspondence, concerning Plaintiffs termination.

**RESPONSE TO REQUEST NO. 36:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.    *See* HU 00041 - HU 00059; HU 00171 - HU 00176; HU 00178 - HU 00180; HU 00184 - HU 00185; HU 00216 - HU 00219; HU 00243 - HU 00242.

**REQUEST NO. 37**    Any and all documents, including, but not limited to time and attendance sheets, identifying and/ or describing the amount and basis for computing the leave balance which was available to Plaintiff in the twelve (12) months prior to her termination.

**RESPONSE TO REQUEST NO. 37:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.

**REQUEST NO. 38**    All documents, e-mails, correspondence or other writing concerning promotions of Plaintiff while employed with Defendant.

**RESPONSE TO REQUEST NO. 38:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control.    *See* HU 00195 - HU 00208; HU 00211 - HU 00213; HU 00221 - HU 00223; HU 00246 - HU 00248.

**REQUEST NO. 39**    All documents, e-mails, correspondence, concerning any oral or written communications between Plaintiff and Defendant Franklin Chambers from May

2005 through May 2006 concerning HUELI (the Howard University Executive Leadership Institute).

**RESPONSE TO REQUEST NO. 39:**    Defendant will produce all non-privileged documents responsive to this request in its possession, custody or control. *See* HU 00041 - HU 00059.

Timothy F. McCormack
Jennifer E. Keyser

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland  21202
(410) 528-5600 (phone)
(410) 528-5650 (fax)
mccormackt@ballardspahr.com
keyserj@ballardspahr.com

Attorneys for Defendant Howard University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of May 2008, a copy of the

foregoing was mailed, first-class postage prepaid, to:

> E. Gregory Watson, Esq.
> Stephanie D. Moran, Esq.
> Watson & Moran, LLC
> 8401 Corporate Drive, Suite 110
> Landover, Maryland 20785

*Attorneys for Plaintiff*

Timothy F. McCormack

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROL C. SHELTON,                          *

      Plaintiff,                      *

v.

                         *    Civil Action No.: 1:07-cv--00596-RMC

HOWARD UNIVERSITY, et al.                  *

      Defendants.                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### SUPPLEMENTAL RESPONSE OF DEFENDANT FRANKLIN D. CHAMBERS TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

      Defendant Franklin D. Chambers ("Chambers" or "Defendant"), by and through his undersigned attorneys, responds to the First Request for Production of Documents propounded by Plaintiff Carol C. Shelton ("Plaintiff") as follows:

### GENERAL OBJECTIONS

      1.      Defendant generally objects to all instructions, definitions, and requests to the extent that they purport to seek disclosure of information and/or documents subject to the attorney-client privilege, the attorney work product doctrine, or both. Inadvertent production or disclosure of such information or documents shall not constitute a waiver of any such privilege or immunity.

      2.      Defendant generally objects to all instructions, definitions, and requests to the extent that they purport to seek information outside the relevant period of time.

      3.      Defendant generally objects to all instructions, definitions, and requests to the extent they seek information that is confidential or seek sensitive financial, commercial, proprietary, or personnel information. Defendant will produce such information, if within the

scope of discovery, only upon entry of and subject to the terms appropriate and acceptable

protective order.

4.     Defendant generally objects to all instructions, definitions, and requests to

the extent that they purport to impose obligations beyond those imposed by the Federal Rules of

Civil Procedure.

5.     Defendant generally objects to all instructions, definitions, and requests to

the extent that they purport to require the responding party to set forth the basis for a specific

allegation or contention prior to the conclusion of its investigation and discovery.

6.     These general objections are incorporated into each specific response or

objection below. Citation to a particular objection in a specific response or objection below is not

a waiver of any other general objection not cited.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**     All documents identified in any response to Plaintiff's
Interrogatories to Defendant Howard University.

**RESPONSE TO REQUEST NO. 1:**     Defendant is an officer of Howard

University.  As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard

University.

**REQUEST NO. 2**     Copies of any liability insurance policies or declaration
statements which might compensate potentially pay for the claims of Plaintiff-including any
umbrella policies.

**RESPONSE TO REQUEST NO. 2:**     Defendant objects to this request on

the grounds that it seeks production of documents not relevant to any claim or defense in this

action, are inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

**REQUEST NO. 3**     All documents submitted by you to the District of
Columbia Office of Human Rights concerning Plaintiff and Docket No. 06-416-P (CN).

**RESPONSE TO REQUEST NO. 3:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 4**    All documents submitted by you to the Equal Employment Opportunity Commission concerning Plaintiff and EEOC Docket No. 10C-2006-02977.

**RESPONSE TO REQUEST NO. 4:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 5**    All documents that were used or consulted in preparing your responses to questions propounded to you by the District of Columbia Office of Human Rights and/ or the Equal Employment Opportunity Commission pertaining to the complaint, charge of Plaintiff.

**RESPONSE TO REQUEST NO. 5:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 6**    All documents, e-mails, correspondence, concerning any oral or written communications between you and Plaintiff from May 2004 through May 2006.

**RESPONSE TO REQUEST NO. 6:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 7**    All documents referring, pertaining to "barring notice" which barred Plaintiff from Defendant's campus.

**RESPONSE TO REQUEST NO. 7:**   Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 8**   Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including, her medical condition and any written statement signed or otherwise adopted or approved by the Plaintiff hereto, including any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**RESPONSE TO REQUEST NO. 8:**   Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 9**   All copies of any and all statements made by you concerning the subject matter of this lawsuit, including any written statement signed or otherwise, adopted or approved by the you hereto, including any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**RESPONSE TO REQUEST NO. 9:**   Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 10**   All copies of income statements, paychecks, wage statements and benefit statements pertaining to Plaintiff during her employment with Defendant Howard University from 2002 until her termination in 2006.

**RESPONSE TO REQUEST NO. 10:**   Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 11** Any and all documents pertaining to all awards or anticipated awards ever given to or to be presented to or given to Plaintiff.

**RESPONSE TO REQUEST NO. 11:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 12** Any and all medical information, documents or correspondence pertaining to Plaintiffs health, which are in the possession, control or custody of Defendant Howard University.

**RESPONSE TO REQUEST NO. 12:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 13** All documents concerning Plaintiffs job functions, job assignments, training, status, salary, bonuses, benefits and other terms and conditions of her employment with respect to the position he held while employed by Defendant Howard University.

**RESPONSE TO REQUEST NO. 13:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 14** All documents concerning work Plaintiff performed or was responsible for performing while employed for Defendant Howard University until her termination, including, but not limited to, work records, work product, status reports, procedural or employee manuals, reports, memoranda to or from higher supervisors and memoranda to or from co-workers.

**RESPONSE TO REQUEST NO. 14:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 15** All documents concerning evaluations of Plaintiffs performance while employed by Defendant Howard University, including, but not limited to, evaluations, appraisals, whether formal or informal, self-evaluations, merit reviews, salary or performance reviews, promotions, transfers, ratings and letters of commendation, praise and/ or criticism.

**RESPONSE TO REQUEST NO. 15:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 16** Copies of all statements from any witness or potential witness concerning all defenses raised in this lawsuit.

**RESPONSE TO REQUEST NO. 16:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 17**   Copies of any and all of your forms, income tax filings, or other wage data of yours for the past five (5) years.

**RESPONSE TO REQUEST NO. 17:**    Defendant objects to this request on the grounds that it seeks production of documents not relevant to any claim or defense in this action, are inadmissible, and not likely to lead to the discovery of admissible, relevant evidence.

**REQUEST NO. 18** Any and all copies of any medical reports or records relating to the Plaintiff in your possession.

**RESPONSE TO REQUEST NO. 18:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 19**    All employee handbooks, employee benefit documents which were in force during Plaintiffs employment, including, but not limited to, personnel manuals, benefits manuals and salary schedules.

**RESPONSE TO REQUEST NO. 19:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 20**    All handbooks, manuals, rules, guidelines, policy, memoranda, correspondence, manual or similar writing or documents provided to Plaintiff regarding her rights and responsibilities pursuant to the Family Medical Leave Act and the Americans with Disability Act.

**RESPONSE TO REQUEST NO. 20:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 21**    Any and all disability discrimination policies, Family Medical Leave Act policies of Defendant Howard University which were in effect during the year 2006.

**RESPONSE TO REQUEST NO. 21:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity.

Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 22**    Copies of reports, writings, memos, of any subsequent or previous incidents in which a person(s) complained that you have violated the Americans With Disabilities Act, Family Medical Leave Act and/ or District of Columbia human rights laws within the past ten (10) years.

**RESPONSE TO REQUEST NO. 22:**     Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 23**   The complete personnel file of Plaintiff.

**RESPONSE TO REQUEST NO. 23:**     Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 24**   Any and all treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

**RESPONSE TO REQUEST NO. 24:**     Defendant has not yet identified a person that it intends to call as an expert witness in this case. When and if the Defendant identifies a person it intends to call as an expert witness in the trial of this matter, it will supplement this response.

**REQUEST NO. 25**   A current copy of the curriculum vitae or resume of any expert who may be called to testify at trial.

**RESPONSE TO REQUEST NO. 25:**     Defendant has not yet identified a person that it intends to call as an expert witness in this case. When and if the Defendant identifies a person it intends to call as an expert witness in the trial of this matter, it will supplement this response.

**REQUEST NO. 26**   Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have bearing on this cause of action.

**RESPONSE TO REQUEST NO. 26:**     Defendant objects to this request on the grounds that it seeks information protected from disclosure by the attorney work-product

doctrine. Defendant will supplement this response at such time as it may be required to identify

by any appropriate scheduling order.

**REQUEST NO. 27**    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

**RESPONSE TO REQUEST NO. 27:**        Defendant objects to this request on

the grounds that it seeks information protected from disclosure by the attorney work-product

doctrine. Defendant will supplement this response at such time as it may be required to identify

by any appropriate scheduling order.

**REQUEST NO. 28**    Copies of any initial pleading in which a lawsuit has been filed against you in the past five (5) years

**RESPONSE TO REQUEST NO. 28:**        Defendant objects to this request on

the grounds that it seeks production of documents not relevant to any claim or defense in this

action, inadmissible, and not likely to lead to the discovery of admissible, relevant evidence.

**REQUEST NO. 29**    Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

**RESPONSE TO REQUEST NO. 29:**        Defendant objects to this request on

the grounds that it seeks information protected from disclosure by the attorney work-product

doctrine. Defendant will supplement this response at such time as it may be required to identify

by any appropriate scheduling order.

**REQUEST NO. 30**    Copies of all financial statements, bank statements, balance sheets, brokerage account statements, for any checking and/ or savings account, money market, in your name alone or jointly with any person, firm, proprietorship, partnership, companies, corporations, limited partnership or other legal interest for the past three (3) years.

**RESPONSE TO REQUEST NO. 30:**    Defendant objects to this request on the grounds that it seeks production of documents not relevant to any claim or defense in this action, inadmissible, and not likely to lead to the discovery of admissible, relevant evidence.

**REQUEST NO. 31**    Any and all documents identifying and/ or describing the amount and basis for computing the FMLA leave balance which was available to Plaintiff in the twelve (12) months prior to her termination.

**RESPONSE TO REQUEST NO. 31:**    Defendant is an officer of Howard University.  As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 32**    All documents submitted by you to the District of Columbia, Department of Employment Services concerning Plaintiff.

**RESPONSE TO REQUEST NO. 32:**    Defendant will produce all non-privileged documents in response to his request in his possession, custody or control.

**REQUEST NO. 33**    Your complete personnel file.

**RESPONSE TO REQUEST NO. 33:**    Defendant will produce all non-privileged documents in response to his request in his possession, custody or control.  *See* HU 00225 - HU 00242.

**REQUEST NO. 34**    All documents, e-mails, correspondence, concerning Plaintiffs termination.

**RESPONSE TO REQUEST NO. 34:**    Defendant is an officer of Howard University.  As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 35**    Any and all documents, including, but not limited to time and attendance sheets, identifying and/ or describing the amount and basis for computing the leave balance which was available to Plaintiff in the twelve (12) months prior to her termination.

**RESPONSE TO REQUEST NO. 35:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 36**  All documents, e-mails, correspondence or other writing concerning promotions of Plaintiff while employed with Defendant Howard University.

**RESPONSE TO REQUEST NO. 36:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

**REQUEST NO. 37**  All documents, e-mails, correspondence, concerning any oral or written communications between you and Plaintiff from May 2005 through May 2006 concerning HUELI (the Howard University Executive Leadership Institute).

**RESPONSE TO REQUEST NO. 37:**    Defendant will produce all non-privileged documents in response to his request in his possession, custody or control. *See* HU 00041 - HU 00059.

**REQUEST NO. 38**  Copies of all documents you gave to Plaintiff regarding her rights to leave under the Family Medical Leave Act.

**RESPONSE TO REQUEST NO. 38:**    Defendant is an officer of Howard University. As such, he has no documents responsive to this request in his individual capacity. Any document responses would be in the possession, custody or control of Defendant, Howard University.

Timothy F. McCormack
Jennifer E. Keyser

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland  21202
(410) 528-5600 (phone)
(410) 528-5650 (fax)
mccormackt@ballardspahr.com
keyserj@ballardspahr.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of May 2008, a copy of the

foregoing was mailed, first-class postage prepaid, to:

E. Gregory Watson, Esq.
Stephanie D. Moran, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

*Attorneys for Plaintiff*

Timothy F. McCormack

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 15, 2008

**VIA FEDERAL EXPRESS**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

> Re:  Shelton v. Howard University, et al.
>      Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

You have advised me that the copy of the documents relating to fringe benefits that we produced to you was incomplete. You have stated that the copy that we produced to you was missing every other page.

We have reviewed our file and our copy of the production is complete. We also note that none of the documents were two-sided. Therefore, we have no explanation for the incomplete copy you were provided, but apologize.

Enclosed is a duplicate copy of the benefits information, marked as HU 00286 through HU 00325.

Very truly yours,

Timothy F. McCormack

TFM/dfp
Enclosures

DMEAST #10041031 v1

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 23, 2008

**VIA FACSIMILE AND U.S. MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

Re:    Shelton v. Howard University, et al.
       Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

This letter is in response to yours dated May 20, 2008, concerning Howard University's documents regarding healthcare and other fringe benefits. We are beginning to get the impression that you are attempting to manufacture a dispute where one need not exist, particularly when you impose three day deadlines.

Although you had never raised the issue with us, at the status conference you complained to the Court that the documents relating to benefits were missing every other page. Since we had just transmitted to you the Summary of Healthcare Benefits and related benefit descriptions, we understood those to be the documents that were incomplete. We recopied those documents and sent additional copies on May 15, 2008. My only point in observing that the copy in our file was complete was to reinforce my statement that we had no explanation for our mistake, for which we apologized.

In your letter of May 20, 2008, you, for the first time, identified the incomplete document as the Personnel Guidelines and Statement of Current Benefits Effective July 1, 1999, and provided the range of document numbers. With that information, we understood, for the first time, that the document that we had numbered and from which we had made your copy was incomplete, missing every other page. We have obtained a complete copy of the document and are enclosing it. In order to eliminate any further confusion, we are renumbering this document HU 00326 - HU 00355.

DMEAST #10045174 v1

E. Gregory Watson, Esquire
May 23, 2008
Page 2

      With regard to the statement in the Employee Handbook (Non-Faculty) regarding a Summary Plan Description of Benefit Programs, please note that the handbook was published in 1980. Benefit programs and terminology have changed since then. The current plans are contained in the documents you acknowledge receiving (HU 00117-00132).

      With regard to the e-mail messages, you had made two requests of us, *viz.,* an identification of the person responsible for maintaining the e-mail system and the production of certain e-mail traffic. By my letter dated May 15, 2008, we identified the person responsible for maintaining the system and indicated that we have asked each of the involved departments to review their e-mail records again to identify any e-mail correspondence responsive to your request and that we will supplement our discovery responses as promptly as possible.

      If you have any questions about any of the foregoing, please feel free to telephone me.

Very truly yours,

Timothy F. McCormack

TFM/dfp
Enclosures

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 28, 2008

**VIA FACSIMILE AND U.S. MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

> Re:    Shelton v. Howard University, et al.
>         Civil Action No.:  1:07-cv-00596-AMC

Dear Mr. Watson:

In response to your letter dated May 20, 2008, concerning the answers of Defendants Howard University and Franklin D. Chambers to your client's interrogatories, I have repeatedly sought a telephone conference to discuss the alleged deficiencies in our responses. You have never responded to any of our repeated requests that we speak about this matter, and it is now apparent that you are attempting to manufacture a discovery dispute where none exists, as further evidenced by your writing us at the end of the day to impose a three-day deadline for a response.

Since you refuse to discuss the matters with us by telephone, we will address each of your complaints in turn below.

**Defendant Howard University's Answers And Objections To Plaintiff's Interrogatories**

1.        **Interrogatory No. 4:**    This interrogatory sought the identification of Plaintiff's hire date, positions she held while employed by the University, her rate of pay, her salary in each position, time in each position, reasons for changes in position throughout her employment and her supervisor in each position.  All of the information responsive to this interrogatory is set forth in the documents contained in Plaintiff's personnel file, which we have produced to you.  Pursuant to the Federal Rules of Civil Procedure, we are entitled to direct you to those documents for the answer where, as here, the burden of deriving the answer is the same for you as for Defendant Howard University.

DMEAST #10047755 v1

E. Gregory Watson, Esquire
May 28, 2008
Page 2

    **2.**         **Interrogatory No. 5:**    Defendant Howard University came to understand that Plaintiff suffered a single seizure sometime in March 2006 and was hospitalized for approximately three days from Plaintiff's statements to Carolyn Smith and the letter from Plaintiff's doctor. Defendant Howard University will supplement its answer to this interrogatory.

    **3.**         **Interrogatory No. 6:**    The University's answer to this interrogatory is responsive. Defendant Howard University is not aware of the Plaintiff having ever contacted the Office of Human Resource Management as directed or ever having been deprived of any rights she may have been entitled to under the Family Medical Leave Act.

    **4.**         **Interrogatory No. 12:**    Defendant Howard University will supplement its answer to this interrogatory to state how Plaintiff was made aware of the complaints about her performance.

    **5.**         **Interrogatory No. 13:**    Defendant Howard University has directed you to those documents which contain the information responsive to this interrogatory and produced all such documents. We will, however, supplement this response to identifying the oral communications responsive to this interrogatory.

    **6.**         **Interrogatory No. 14:**    Carolyn Smith received certain telephone calls from the Plaintiff and may have been the recipient of certain e-mail messages. We will supplement the answer to this interrogatory to clarify Ms. Smith's knowledge.

    **7.**         **Interrogatory No. 17:**    The answer to this interrogatory may be derived from the Plaintiff's personnel file and the evaluations of Plaintiff's performance between 2002 and her termination in 2006. Defendant Howard University has produced copies of all of those documents to you as it is entitled under the Federal Rules of Civil Procedure.

    **8.**         **Interrogatory No. 18:**    Kindly advise us as to what issue you believe that other complaints, whether formal or informal, administrative or judicial, alleging violations of the Americans with Disabilities Act, the Family Medical Leave Act, or any other disability laws is either relevant or probative. In the absence of some proffer by the Plaintiff, we believe that the Defendant's objection is well-grounded.

    **9.**         **Interrogatory No. 19:**    We do not understand Plaintiff's exception to this response. The response, on its face, states that Defendant will supplement this response when and if it identifies the person it intends to call as an expert witness at the trial of this matter.

    **10.**       **Interrogatory No. 20:**    Again, Defendant Howard University has produced to you copies of Plaintiff's personnel file and all written evaluations of Plaintiff's performance. We do not understand what additional statements you believe that the Plaintiff is entitled to.

    **11.**       **Interrogatory No. 21:**    Defendant Howard University will supplement this response.

E. Gregory Watson, Esquire
May 28, 2008
Page 3

**12.**        **Interrogatory No. 22:**    Defendant Howard University will supplement this response.

**13.**        **Interrogatory No. 23:**    We believe that the Defendants have fully responded to this interrogatory by producing the various document related to benefits. What additional information do you believe you require?

**14.**        **Interrogatory No. 24:**    This interrogatory appeared directed toward establishing the applicability of the Family Medical Leave Act. We believe that Defendant's response has adequately conceded that it is subject to the Act. Is there some other reason why you need to know the exact number of employees of the Defendant? If so, what is that reason and as of what date do you wish us to determine the total number of employees?

**Answers And Objections Of Defendant Franklin D. Chambers**

**1.**        **Interrogatory No. 1:**    Defendant will supplement this answer.

**2.**        **Interrogatory No. 6:**    Again, we do not understand your exception to the answer to this interrogatory. The answer, on its face, states that Defendant will supplement the answer when and if he identifies the person he intends to call as an expert witness in the trial of this matter.

**3.**        **Interrogatory No. 7:**    There is no issue whatsoever to which an arrest is relevant. Moreover, an arrest is not likely to lead to the discovery of relevant, admissible evidence. This interrogatory appears to be imposed solely to harass Defendant Chambers. The only facts that would arguably be relevant to the credibility of Defendant Chambers would be a conviction of a crime involving moral turpitude. If the Plaintiff is willing to limit this interrogatory to convictions, Defendant Chambers will provide a complete response.

**4.**        **Interrogatory No. 15:**    Defendant will supplement this answer.

**5.**        **Interrogatory No. 17:**    Defendant will supplement this answer. Defendant Howard University has provided or is in the process of providing all of the documents evidencing communications between the Defendant and the Plaintiff. Defendant Chambers will supplement this answer to describe any oral communications.

**6.**        **Interrogatory No. 19:**    Carolyn Smith received certain telephone calls from the Plaintiff and may have been the recipient of certain e-mail messages. We will supplement the answer to this interrogatory to clarify Ms. Smith's knowledge.

**7.**        **Interrogatory No. 22:**    The answer to this interrogatory may be derived from the Plaintiff's personnel file and the evaluations of Plaintiff's performance between 2002 and her termination in 2006. Defendant Howard University has produced copies of all of those documents to you as it is entitled under the Federal Rules of Civil Procedure.

E. Gregory Watson, Esquire
May 28, 2008
Page 4

     **8.**     **Interrogatory No. 23:**   Kindly advise us as to what issue you believe that other complaints, whether formal or informal, administrative or judicial, alleging violations of the Americans with Disabilities Act, the Family Medical Leave Act, or any other disability laws is either relevant or probative.  In the absence of some proffer by the Plaintiff, we believe that the Defendant's objection is well-grounded.

     **9.**     **Interrogatory No. 24:**   Again, Defendant Howard University has produced to you copies of Plaintiff's personnel file and all written evaluations of Plaintiff's performance. We do not understand what additional statements you believe that the Plaintiff is entitled to.

     **10.**     **Interrogatory No. 25:**   Defendant Chambers will supplement this answer.

     Due to the press of other business, we were not able to complete all of our supplementations by close of business today.  We will, however, provide supplemental answers on behalf of both defendants on or before Monday, June 2, 2008.

                     Very truly yours,

                     *Timothy F. McCormack / JEK*

                     Timothy F. McCormack

TFM/dfp

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CAROL C. SHELTON,                    *

     Plaintiff,                    *

v.

                           *      Civil Action No.: 1:07-cv--00596-RMC

HOWARD UNIVERSITY, et al.

     Defendants.                    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWERS AND OBJECTIONS OF DEFENDANT FRANKLIN D. CHAMBERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Franklin D. Chambers ("Chambers" or "Defendant") answers the First Set of Interrogatories propounded by Plaintiff Carol C. Shelton ("Plaintiff" or "Shelton") as follows:

(a)     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

(b)     The word usage and sentence structure is that of the attorneys who in fact prepared these answers and does not purport to be the exact language of the executing party.

(c)     The Defendant reserves the right to supplement these answers if he obtains other and further information or documentation with respect to these interrogatories.

## GENERAL OBJECTIONS

Defendant generally objects to all instructions, definitions and interrogatories to the extent that the interrogatories exceed twenty-five in number, including all discrete subparts.

Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to seek the disclosure of information and/or documents subject to the

attorney-client privilege and/or attorney work product doctrine. Inadvertent production or disclosure of such information or documents shall not constitute a waiver of any such privilege or immunity.

Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to seek information outside the relevant time period.

Defendant generally objects to all instructions, definitions and interrogatories to the extent that they seek information that is confidential in nature or contains sensitive financial, commercial, proprietary, or personnel information and will produce such information, if within the scope of discovery, only upon entry by the court of and subject to the terms of an appropriate and acceptable protective order.

Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to impose obligations upon the Defendant beyond those imposed by the Federal Rules of Civil Procedure.

These general objections are hereby incorporated in each specific answer or objection. Citation to a particular general objection and a specific answer or objection below is not a waiver of any other general objection.

## SPECIFIC ANSWERS AND OBJECTIONS

**INTERROGATORY 1:**    Please state your full name (first, middle and last), address, social security number, all other names you have gone by during your lifetime, your occupation and your job title.

**ANSWER NO. 1:**    Defendant objects to this interrogatory to the extent it seeks the disclosure of a social security number upon the grounds that Defendant's social security number is not relevant to any claim or defense in this action, inadmissible and not likely to lead to the discovery of relevant or admissible evidence. In further response to this interrogatory, Defendant states that his full name and address are:

Franklin D. Chambers
Howard University
2400 Sixth Street, N.W.
Suite 201
Washington, D.C. 20059

**INTERROGATORY 2:**    Please identify all bank accounts (including account numbers) in which you own any interest or which you have any funds, whether in your name or not, and itemize and identify all bank accounts established by or for you, of whatever character, within ten (10) years prior to the date of your Answers to these interrogatories, giving name of depository, type of account, account number, signature(s), date established, balance on dates established and current balance in each account.

**ANSWER NO. 2:**    Defendant objects to this interrogatory on the grounds that

it seeks information that is not relevant to any claim or defense presented in this action,

inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 3:**    Please state whether any investigation was ever conducted by you to determine whether Plaintiff suffered from a serious health condition which constituted an illness, injury, impairment or physical or mental condition involving in-patent care or continuing treatment by a health care provider.    If so, please identify when such an investigation was conducted, when, by whom and its findings.

**ANSWER NO. 3:**    No investigation was ever conducted to determine whether

Plaintiff suffered from a serious health condition.  Defendant accepted Plaintiff's representation

as to her health condition.

**INTERROGATORY 4:**    Please    describe    your    complete    and    full understanding of Plaintiffs medical condition from March 2006 through May 2006.  In your answer please also state with specificity how and when you came to such an understanding.

**ANSWER NO. 4:**    Defendant's understanding is that Plaintiff suffered a single

seizure sometime in March 2006 and was hospitalized for approximately three days.

**INTERROGATORY 5:**    State the name, address and telephone number of each person, including experts, having any knowledge of relevant facts related to the collision which is the basis of this lawsuit, its cause or the damages resulting from it. In your answer specifically state the information you believe each person possesses.

**ANSWER NO. 5:**

Franklin D. Chambers, Ph.D
Vice-Provost for Student Affairs
Howard University
2400 Sixth Street, N.W.
Washington, DC 20059

Carol C. Shelton
c/o Watson and Moran, LLC
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

**INTERROGATORY 6:**    State the full name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of the case, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

**ANSWER NO. 6:**    Defendant has not yet identified any person who they may propose to call as an expert witness in this matter.  Defendant will supplement this response when and if it identifies a person it intends to call as an expert witness in the trial of this matter.

**INTERROGATORY 7:**    Please state whether you have ever been arrested. If your answer is in the affirmative, please state the nature of the alleged crime, date of conviction, if any, the city and state of arrest, and the citation number of the arrest and/ or case number.

**ANSWER NO. 7:**    Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense presented in this action, inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 8:**    Please state whether Plaintiff was ever advised by you of any rights she may have been entitled to under the Family Medial Leave Act. If your answer is in the affirmative, please state when Plaintiff was so advised and by whom.

**ANSWER NO. 8:**    Plaintiff was repeatedly directed to contact the Office of Human Resource Management.  Defendant is not aware that the Plaintiff ever contacted the Office of Human Resource Management as directed or was ever advised of her rights she may have been entitled to under the Family Medical Leave Act.

**INTERROGATORY 9:**    Please state whether you believe Plaintiff's medical condition impaired her ability to perform her job functions.

**ANSWER NO. 9:**    Defendant does not contend that Plaintiff's medical condition impaired her ability to perform her job functions.  Defendant did not conduct an investigation to determine whether Plaintiff qualified for leave under the Family Medical Leave Act.  Defendant repeatedly advised the Plaintiff to contact the Office of Human Resource Management to discuss her leave rights.

**INTERROGATORY 10:**    Please identify fully and completely what investigation you made, if any, to determine whether Plaintiff qualified for leave under the Family Medial Leave Act, as well as the results of that determination.

**ANSWER NO. 10:**    By e-mail on April 18, 2006, Dr. Chambers asked that the Plaintiff provide documentation as to her health condition.  She produced a letter dated April 26, 2006, from Nabeen Hussain, M.D., which stated:  "Ms. Shelton is a 37 year old lady seen as the Neurology Clinic after suffering a single seizure on 7 March 2006.  She is unable to drive, according to Maryland State law, for a period of three months ending on 7 June 06, pending no more episodes of seizure.  Please give consideration of her difficulty commuting to work during this period."   No further investigation was conducted.   Defendant accepted Plaintiff's representation and that of her doctor as to her health condition.

**INTERROGATORY 11:**    Please state whether or not you have a copy of any statement which the Plaintiff has previously made concerning this action or subject matter, such as her illness or medical condition, which is in you possession, custody or control.

**ANSWER NO. 11:**    Defendant is an officer of Defendant Howard University. As a result, he does not have copies of any documents relevant to any claim or defense in this action in his possession in his individual capacity.  All such documents are in the possession, custody or control of Howard University.

**INTERROGATORY 12:**    Please state whether any disciplinary action or warning was ever taken against Plaintiff at any time during the course of her employment the dates on which the disciplinary or warning action was taken;

(a)    the reasons for and the form of the disciplinary warning or action;

(b)    the name and job position of each person who in any way participated in the decision to issue the disciplinary or warning action;

(c)    identify each and every document upon with you base your answer to this interrogatory.

**ANSWER NO. 12:**    Defendant states that on numerous times throughout 2004 and 2005, Plaintiff was counseled and warned that her performance was inadequate, including, on or about September 24, 2004, when Plaintiff's supervisor, Franklin D. Chambers, counseled the Plaintiff regarding her failure to timely prepare and submit reports to the University's Board of Trustees; late October, 2004, when Dr. Chambers counseled the Plaintiff for a second time concerning her failure to timely prepare and submit reports to the Board of Trustees; on or about November 22, 2004, when Dr. Chambers counseled the Plaintiff that part of her responsibilities was the distribution of student tickets for sporting events and that her proposal that the University "forego" the distribution of student tickets for the basketball season was unacceptable.

**INTERROGATORY 13:**    Please state whether you ever stated or wrote that Plaintiff was ever involved in the theft, destruction, of Defendant Howard University property or whether Plaintiff ever committed any illegal act or crime against Defendant Howard University.

**ANSWER NO. 13:**    Defendant has never stated or written that Plaintiff was involved in a theft or destruction of property belonging to Defendant Howard University or committed any illegal act or crime against Defendant Howard University.

**INTERROGATORY 14:**    Please explain in detail the full and complete reasons for the issuance of the Barring Notice against Plaintiff in August 2006, including the identity of the person who issued the notice.

**ANSWER NO. 14:**    The Barring Notice was issued against Plaintiff in 2006 in error.    Barring Notices are routinely entered against terminated employees of the Defendant unless such employees are students or alumnus of the University or persons who would otherwise have business on the University's campus notwithstanding the termination of their employment.

**INTERROGATORY 15:**    Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered against you in this action, or to indemnify or reimburse for payments made to satisfy a judgment against you, by stating the name of the person insured, the name of the insurer, and the amount of any liability insurance coverage.

**ANSWER NO. 15:**    Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense presented in this action, inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 16:**    Please state whether you ever became aware that Plaintiff had been hospitalized in March of 2006. If so, please state with specificity how you became so aware, by whom and when.

**ANSWER NO. 16:**    Defendant was advised by the Plaintiff that she suffered a single seizure in March 2006 and, as a result, was hospitalized for approximately 3 days.

**INTERROGATORY 17:**    Please completely describe all the reasons for Plaintiffs termination in May of 2006, including in your answer whether Plaintiff was made aware of any such complaints about her performance.

**ANSWER NO. 17:**    Defendant states that the answer to this interrogatory may be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 18:**    Please identify all communications, whether written or oral, that you had with Plaintiff concerning her work performance from May 2005 through her termination in May 2006. Please include in your answer the date and time of such

communications, the substance matter, whether such communications were written or oral and all persons present.

**ANSWER NO. 18:**    Defendant states that the answer to this interrogatory be derived from the business records of the Defendant and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents with the burden of deriving such answers substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 19:**    State the names and addresses and telephone numbers of all person(s) known to you who have personal knowledge of any relevant facts, information, or evidence concerning this case or any issue to this action.  In your answer specifically state the information you believe each individual possesses.

**ANSWER NO. 19:**

Franklin D. Chambers, Ph.D
Vice-Provost for Student Affairs
Howard University
2400 Sixth Street, N.W.
Washington, DC  20059

Dr. Chambers has knowledge of his interaction with Plaintiff's poor performance, and the events leading to her termination.

Elizabeth W. Stroud
Assistant Vice President for Human Resource Management
Howard University Human Resource Management
525 Bryant Street, N.W.
Suite 108
Washington, DC  20059

Ms. Stroud is the head of the University's Office of Human Resource Management and, as such, is a custodian of records of personnel, payroll and other records and has information concerning those records as they relate to Plaintiff.

Chief of Campus Police
Howard University
2244 Tenth Street, N.W.
Washington, DC  20059

The Chief of Campus Police is a head of the University's Campus Police and, as such, is a custodian of records and has knowledge of the University's procedures relating to barring notices.

> Carolyn Smith
> Administrative Assistant
> Office of the Vice-Provost for Student Affairs
> Howard University
> 2400 Sixth Street, N.W.
> Washington, DC 20059

Mr. Smith is the Administrative Assistant to the Vice-Provost for Student Affairs and has knowledge of certain of the Plaintiff's communications with that office during her absence.

> Carol C. Shelton
> c/o Watson and Moran, LLC
> 8401 Corporate Drive, Suite 110
> Landover, Maryland 20785

**INTERROGATORY 20:**    State whether you intend to rely on any document(s) or other tangible evidence to support a position that you have taken or intend to take in this action and if so, identify each such document, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them. Attach a copy of each such document to your answers.

**ANSWER NO. 20:**    Defendant objects to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney work product privilege to the extent that it seeks identification of documents which the Defendant intends to rely on at trial. Notwithstanding, subject to, and without waiving the foregoing, Defendant states that it will, subject to the appropriate scheduling letter, identify exhibits at such time as is required. Defendant further states that it will produce copies of those documents relevant to any claim in defense of this action.

**INTERROGATORY 21:**    Please state why Investigator Robert Thompson was summoned to the Office of the Vice Provost when Plaintiff was scheduled to make an exchange of property on or about August 2, 2006.

**ANSWER NO. 21:** Investigator Robert Thompson was summoned into the Office of the Vice Provost for Student Affairs on August 2, 2006 to deliver to the Plaintiff the Barring Notice which had been erroneously issued by the University.

**INTERROGATORY 22:** Please fully characterize Plaintiffs level of performance while employed from 2002 through her termination in 2006. In your answer please state whether Plaintiffs performance was generally outstanding, exceeded expectations, occasionally meeting expectations, partially meeting expectations, or below expectations.

**ANSWER NO. 22:** Defendant states that the answer to this interrogatory may be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 23:** Please state whether you have been the subject of a complaint, whether formal or informal, administrative or judicial, alleging violations of Americans with Disability Act, Family Medical Leave Act and/ or any other disability laws in the past ten (10) years. If so, please state date of such charge, the name and address of the complaining party if known and, if formal, the case, charge or docket number and jurisdiction of such complaint.

**ANSWER NO. 23:** Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to any claim or defense in this action, inadmissible, not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 24:** State whether Plaintiff was ever evaluated and/ or reviewed, whether formally and/ or informally; and if so, the dates of evaluation with respect to her employment with you.

**ANSWER NO. 24:** Defendant states that the answer to this interrogatory may be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 25:**     Give the history of your employment from ten (10) years past to the present, identifying each and every employer by name and address, and specifying, with respect to each listed, the dates of your employment, the history of your duties and job titles. If you were unemployed for any period of time, specify the amount and source of any income which you received during such period and identify both taxable and non-taxable income you received.

**ANSWER NO. 25:**     Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim or defense presented in this action, inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

Timothy E. McCormack
Jennifer E. Keyser

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
(410) 528-5600 (phone)
(410) 528-5650 (fax)
mccormackt@ballardspahr.com
keyserj@ballardspahr.com

Attorneys for Defendant Howard University

## <u>VERIFICATION</u>

I FRANKLIN D. CHAMBERS, hereby declare and affirm under penalties of perjury that the contents of the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

Executed on March _18_, 2008.

Franklin D. Chambers

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of March 2008, a copy of the foregoing was mailed, first-class postage prepaid, to:

> E. Gregory Watson, Esquire
> Stephanie D. Moran, Esquire
> Watson & Moran, LLC
> 8401 Corporate Drive, Suite 110
> Landover, Maryland 20785

*Attorneys for Plaintiff*

Timothy F. McCormack

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CAROL C. SHELTON,                          *

     Plaintiff,                          *

v.

                       *    Civil Action No.: 1:07-cv--00596-RMC

HOWARD UNIVERSITY, et al.                  *

     Defendants.                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWERS AND OBJECTIONS OF DEFENDANT HOWARD UNIVERSITY TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Howard University (the "University" or "Defendant") answers the First Set of Interrogatories propounded by Plaintiff Carol C. Shelton ("Plaintiff" or "Shelton") as follows:

1.     The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

2.     The word usage and sentence structure is that of the attorneys who in fact prepared these answers and does not purport to be the exact language of the executing party.

3.     The Defendant reserves the right to supplement these answers if it obtains other and further information or documentation with respect to these interrogatories.

4.     Defendant is a corporation and as such cannot have personal knowledge. Therefore, all answers set forth herein have been obtained through its agents, servants and/or employees and its business records. The person executing these answers to interrogatories on behalf of the Defendant is authorized to answer on behalf of the University, but does not necessarily have personal knowledge of all the matters set forth herein.

## **GENERAL OBJECTIONS**

1.     Defendant generally objects to all instructions, definitions and interrogatories to the extent that the interrogatories exceed twenty-five in number, including all discrete subparts.

2.     Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to seek the disclosure of information and/or documents subject to the attorney-client privilege and/or attorney work product doctrine. Inadvertent production or disclosure of such information or documents shall not constitute a waiver of any such privilege or immunity.

3.     Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to seek information outside the relevant time period.

4.     Defendant generally objects to all instructions, definitions and interrogatories to the extent that they seek information that is confidential in nature or contains sensitive financial, commercial, proprietary, or personnel information and will produce such information, if within the scope of discovery, only upon entry by the court of and subject to the terms of an appropriate and acceptable protective order.

5.     Defendant generally objects to all instructions, definitions and interrogatories to the extent that they purport to impose obligations upon the Defendant beyond those imposed by the Federal Rules of Civil Procedure.

6.     These general objections are hereby incorporated in each specific answer or objection. Citation to a particular general objection and a specific answer or objection below is not a waiver of any other general objection.

## SPECIFIC ANSWERS AND OBJECTIONS

**INTERROGATORY 1:** Please state the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of Defendant.

### ANSWER NO. 1:

Franklin D. Chambers, Ph.D
Vice-Provost for Student Affairs
Howard University
2400 Sixth Street, N.W.
Washington, DC  20059

**INTERROGATORY 2:** Please identify all bank accounts (including account numbers) in which Defendant owns any interest or which Defendant has any funds, whether in its name or not, and itemize and identify all bank accounts established by or for you, of whatever character, within ten (10) years prior to the date of your Answers to these interrogatories, giving name of depository, type of account, account number, signature(s), date established, balance on dates established and current balance in each account.

### ANSWER NO. 2:

Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense presented in this action, inadmissible and not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 3:** Please state whether any investigation was ever conducted by you to determine whether Plaintiff suffered from a serious health condition which constituted an illness, injury, impairment or physical or mental condition involving in-patent care or continuing treatment by a health care provider. If so, please identify when such an investigation was conducted, when, by whom and its findings.

### ANSWER NO. 3:

By e-mail on April 18, 2006, Dr. Chambers asked that the Plaintiff provide documentation as to her health condition. She produced a letter dated April 26, 2006, from Nabeen Hussain, M.D., which stated: "Ms. Shelton is a 37 year old lady seen as the Neurology Clinic after suffering a single seizure on 7 March 2006. She is unable to drive, according to Maryland State law, for a period of three months ending on 7 June 06, pending no more episodes of seizure. Please give consideration of her difficulty commuting to work during

this period." No further investigation was conducted. Defendant accepted Plaintiff's

representation and that of her doctor as to her health condition.

**INTERROGATORY 4:** Please identify Plaintiffs hire date; positions with the Defendant; pay rate and/or salary in each position; time in each position; reasons for changes in positions throughout Plaintiffs employment; and supervisor's in each position.

**ANSWER NO. 4:** Defendant states that the answer to this Interrogatory may

be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that

the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and

that the burden of deriving such answer is substantially the same for the Plaintiff as for the

Defendant.

**INTERROGATORY 5:** Please describe your complete and full understanding of Plaintiffs medical condition from March 2006 through May 2006. In your answer please also state with specificity how and when you came to such and understanding.

**ANSWER NO. 5:** Defendant's understanding is that Plaintiff suffered a single

seizure sometime in March 2006 and was hospitalized for approximately three days. She was

thereafter restricted from driving for a period of ninety (90) days.

**INTERROGATORY 6:** Please state whether Plaintiff was ever advised by you of any rights she may have been entitled to under the Family Medial Leave Act. If your answer is in the affirmative, please state when Plaintiff was so advised and by whom.

**ANSWER NO. 6:** Plaintiff was repeatedly directed to contact the Office of

Human Resource Management to determine her leave rights. Defendant is not aware that the

Plaintiff ever contacted the Office of Human Resource Management as directed or was ever

advised of her rights she may have been entitled to under the Family Medical Leave Act.

**INTERROGATORY 7:** Please state whether any disciplinary action or warning was ever taken against Plaintiff at any time during the course of her employment with you. If so, please state:

    (i)      the dates on which the disciplinary or warning action was taken;

    (ii)    the reasons for and the form of the disciplinary warning or action;

(iii)    the name and job position of each person who in any way participated in the decision to issue the disciplinary or warning action;

(iv)    identify each and every document upon with you base your answer to this interrogatory.

**ANSWER NO. 7:**    Defendant states that on numerous times throughout 2004 and 2005, Plaintiff was counseled and warned that her performance was inadequate, including, on or about September 24, 2004, when Plaintiff's supervisor, Franklin D. Chambers, counseled the Plaintiff regarding her failure to timely prepare and submit reports to the University's Board of Trustees; late October, 2004, when Dr. Chambers counseled the Plaintiff for a second time concerning her failure to timely prepare and submit reports to the Board of Trustees; on or about November 22, 2004, when Dr. Chambers counseled the Plaintiff that part of her responsibilities was the distribution of student tickets for sporting events and that her proposal that the University "forego" the distribution of student tickets for the basketball season was unacceptable.

**INTERROGATORY 8:**    Please state whether you claim that Plaintiff was ever involved in the theft, destruction, of Defendant property or whether Plaintiff ever committed any illegal act or crime against Defendant.

**ANSWER NO. 8:**    Defendant does not claim that Plaintiff was ever involved in the theft or destruction of Defendant's property.  Defendant is not aware of the Plaintiff having committed any illegal act or crime against Defendant.  Notwithstanding, subject to, without waiving the foregoing, Defendant states that, following the termination of her employment, the Plaintiff attempted to remove a computer processing unit belonging to the Defendant from the Defendant's premises, but surrendered the unit when requested by University security and her supervisor, Franklin D. Chambers.

**INTERROGATORY 9:**    Please explain in detail the full and complete reasons for the issuance of the Barring Notice against Plaintiff in August 2006, including the identity of the person who issued the notice.

**ANSWER NO. 9:**    The Barring Notice was issued against Plaintiff in 2006 in error.  Barring Notices are routinely entered against terminated employees of the Defendant unless such employees are students or alumnus of the University or persons who would otherwise have business on the University's campus notwithstanding the termination of their employment.

**INTERROGATORY 10:**    Please explain in detail the full and complete reasons for the decision to rescind the Barring Notice issued against Plaintiff on or about August 2006, including the identify of the person who rescinded the notice.

**ANSWER NO. 10:**    The Barring Notice issued against Plaintiff was rescinded promptly upon the University realizing that the Plaintiff was a student, alumni, or a person otherwise having business upon the University's campus, notwithstanding the termination of her employment.

**INTERROGATORY 11:**    Please state whether you ever became aware that Plaintiff had been hospitalized in March of 2006.  If so, please state with specificity how you became so aware, by whom and when.

**ANSWER NO. 11:**    On or about March 7, 2006, Plaintiff telephoned Carolyn Smith, an Administrative Assistant in the Office of the Vice-Provost for Student Affairs, and reported that she had suffered a seizure and was hospitalized.  On March 9, 2006, Plaintiff advised her supervisor, Franklin D. Chambers by e-mail that she was being discharged from the hospital.

**INTERROGATORY 12:**    Please completely describe all the reasons for Plaintiffs termination in May of 2006, including in your answer whether Plaintiff was made aware of any such complaints about her performance.

**ANSWER NO. 12:**    Plaintiff was an at-will employee who served at the pleasure of the University.  On May 24, 2006 her employment was terminated because she was not effectively fulfilling her duties as Executive Assistant to the Vice-Provost for Student

Affairs. She had demonstrated a lack of professional judgment and poor decision-making over an extended period of time.

**INTERROGATORY 13:**    Please identify all communications, whether written or oral, that Defendant had with Plaintiff concerning her work performance from May 2005 through her termination in May 2006. Please include in your answer the date and time of such communications, the substance matter, whether such communications were written or oral and all persons present.

**ANSWER NO. 13:**    Defendant states that the answer to this Interrogatory may be derived from business records of the Defendant, specifically Plaintiff's personnel file and copies of correspondence between Dr. Chambers and Plaintiff, and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 14:**    State the names and addresses and telephone numbers of all person(s) known to you who have personal knowledge of any relevant facts, information, or evidence concerning this case or any issue to this action. In your answer specifically state the information you believe each individual possesses.

**ANSWER NO. 14:**

Franklin D. Chambers, Ph.D
Vice-Provost for Student Affairs
Howard University
2400 Sixth Street, N.W.
Washington, DC 20059

Dr. Chambers has knowledge of his interaction with Plaintiff's poor performance, and the events leading to her termination.

Elizabeth W. Stroud
Assistant Vice President for Human Resource Management
Howard University Human Resource Management
525 Bryant Street, N.W.
Suite 108
Washington, DC 20059

Ms. Stroud is the head of the University's Office of Human Resource Management and, as such, is a custodian of records of personnel, payroll and other records and has information concerning those records as they relate to Plaintiff.

Chief of Campus Police
Howard University
2244 Tenth Street, N.W.
Washington, DC 20059

The Chief of Campus Police is a head of the University's Campus Police and, as such, is a custodian of records and has knowledge of the University's procedures relating to barring notices.

Carolyn Smith
Administrative Assistant
Office of the Vice-Provost for Student Affairs
Howard University
2400 Sixth Street, N.W.
Washington, DC 20059

Mr. Smith is the Administrative Assistant to the Vice-Provost for Student Affairs and has knowledge of certain of the Plaintiff's communications with that office during her absence.

Carol C. Shelton
c/o Watson and Moran, LLC
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

**INTERROGATORY 15:**    State whether you intend to rely on any document(s) or other tangible evidence to support a position that you have taken or intend to take in this action and if so, identify each such document, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them. Attach a copy of each such document to your answers.

**ANSWER NO. 15:**    Defendant objects to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney work product privilege to the extent that it seeks identification of documents which the Defendant intends to rely on at trial.

Notwithstanding, subject to, and without waiving the foregoing, Defendant states that it will, subject to the appropriate scheduling letter, identify exhibits at such time as is required. Defendant further states that it will produce copies of those documents relevant to any claim in defense of this action.

**INTERROGATORY 16:**    Please state why Investigator Robert Thompson was summoned to the Office of the Vice Provost when Plaintiff was scheduled to make an exchange of property on or about August 2, 2006.

**ANSWER NO. 16:**    Investigator Robert Thompson was summoned into the Office of the Vice Provost for Student Affairs on August 2, 2006 to deliver to the Plaintiff the Barring Notice which had been erroneously issued by the University.

**INTERROGATORY 17:**    Please fully characterize Plaintiffs level of performance while employed from 2002 through her termination in 2006. In your answer please state whether Plaintiffs performance was generally outstanding, exceeded expectations, occasionally meeting expectations, partially meeting expectations, or below expectations.

**ANSWER NO. 17:**    Defendant states that the answer to this Interrogatory may be derived from business records of the Defendant, specifically Plaintiff's personnel file and evaluations, and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 18:**    Please state whether you have been the subject of a complaint, whether formal or informal, administrative or judicial, alleging violations of Americans with Disability Act, Family Medical Leave Act and/ or any other disability laws in the past ten (10) years. If so, please state date of such charge, the name and address of the complaining party if known and, if formal, the case, charge or docket number and jurisdiction of such complaint.

**ANSWER NO. 18:**    Defendant objects to this interrogatory on the grounds that it seeks information which is not relevant to any claim or defense in this action, inadmissible, not likely to lead to the discovery of admissible, relevant evidence.

**INTERROGATORY 19:**    Please state the name and address of any expert(s) whom you propose to call as a witness in this matter, and state the following information with respect to such expert(s): (a) the subject matter on which the expert is expected to testify; (b) the substance of the findings and the opinions to which the expert is expected to testify; (c) a summary of the grounds for each opinion. Attach to your answers a copy of any written report made by such expert concerning (his/her) findings and opinions.

**ANSWER NO. 19:**    Defendant has not yet identified any person who they may propose to call as an expert witness in this matter.  Defendant will supplement this response when and if it identifies a person it intends to call as an expert witness in the trial of this matter.

**INTERROGATORY 20:**    State whether Plaintiff was ever evaluated and/ or reviewed, whether formally and/ or informally; and if so, the dates of evaluation with respect to her employment with you.

**ANSWER NO. 20:**    Defendant states that the answer to this Interrogatory may be derived from business records of the Defendant, specifically Plaintiff's personnel file, and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents and that the burden of deriving such answer is substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 21:**    Identify the substance and location of any and all documents and/ or computer entries and e-mails, related to the ending of Plaintiffs employment.

**ANSWER NO. 21:**    Defendant will produce copies of any and all non-privileged documents, computer entries and emails related to the termination of Plaintiff's employment.

**INTERROGATORY 22:**    From May 1, 2006 to date and continuing until the time of trial of the case, please identify the date and the amount of each pay increase to which Plaintiff would have been entitled had she remained employed by Defendant.

**ANSWER NO. 22:**    Defendant states that the answer to this Interrogatory be derived from the business records of the Defendant and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents with the burden of deriving such answers substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 23:**     From May 1, 2006, to date and continuing until the time of trial, of this case, please state the amount of benefits, including, but not limited to insurance benefits, paid holidays, paid vacation days and any earned interest Plaintiff would have been accrued had she remained employed by Defendant.

**ANSWER NO. 23:**     Defendant states that the answer to this Interrogatory be derived from the business records of the Defendant and that the Defendant will provide Plaintiff with an opportunity to inspect and copy such documents with the burden of deriving such answers substantially the same for the Plaintiff as for the Defendant.

**INTERROGATORY 24:**     State the total number of your employees.

**ANSWER NO. 24:**     Plaintiff has more than fifty employees in the District of Columbia.

**INTERROGATORY 25:**     State whether Plaintiff had worked at least 1250 hours for you in twelve months prior to March 6, 2006.

**ANSWER NO. 25:**     Plaintiff did work at least 1250 hours in twelve months prior to March 6, 2006.

Timothy F. McCormack
Jennifer E. Keyser

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland  21202
(410) 528-5600 (phone)
(410) 528-5650 (fax)
mccormackt@ballardspahr.com
keyserj@ballardspahr.com

Attorneys for Defendant Howard University

## <u>VERIFICATION</u>

I FRANKLIN D. CHAMBERS, hereby declare and affirm under penalties of perjury that the contents of the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

Executed on March _18_, 2008.

Franklin D. Chambers

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that on this 18th day of March 2008, a copy of the

foregoing was mailed, first-class postage prepaid, to:

> E. Gregory Watson, Esq.
> Stephanie D. Moran, Esq.
> Watson & Moran, LLC
> 8401 Corporate Drive, Suite 110
> Landover, Maryland 20785

*Attorneys for Plaintiff*

Timothy F. McCormack