UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| CAROL C. SHELTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-0596 (RMC) |
| HOWARD UNIVERSITY, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

**ORDER TO SHOW CAUSE**

This case challenges the legality of the termination of Carol C. Shelton by Howard University ("Howard") and Franklin D. Chambers, Ph.D., Vice Provost of Howard. Pending before the Court is Ms. Shelton's Motion for Sanctions and To Compel Discovery from both Defendants. Defendants protest that there has been no failure of discovery, they have been proceeding in good faith to provide voluminous discovery documents, and there has been a failure of communication between counsel for each party.

The following sad story is revealed by the parties' briefs and exhibits:

1. Ms. Shelton served Interrogatories on Howard on December 19, 2007.

2. Ms. Shelton served Interrogatories and Requests for Production of Documents on Dr. Chambers on January 14, 2008.

3. By agreement, the time for response to the Interrogatories was extended to February 20, 2008.

4. On February 25, 2008, Defendants' counsel sent a cover letter indicating that their

Answers and Objections and Written Responses to Request for Production of Documents was enclosed. The answers to interrogatories were unsigned and there were no documents enclosed.

5. On March 18, 2008, Defendants served the executed answers to interrogatories.

6. On March 30, 2008, Plaintiff's counsel complained that there were no written responses to the request for documents, despite the letter of February 25, 2008.

7. On March 30, 2008, Plaintiff's counsel sent a letter to Defendants' counsel detailing alleged deficiencies in the answers to interrogatories.

8. On April 2, 2008, defense counsel sent the missing documents.

9. On April 11 and May 8, 2008, the parties participated in discovery teleconferences with the Court. The Court ordered Howard to augment its production of documents and ordered Plaintiff to provide details regarding requests for emails.

10. On May 20, 2008, Plaintiff's counsel wrote to defense counsel:

> I first wrote you on March 27, 2008, regarding Defendant Howard University's and Defendant Franklin chambers' deficient answers to interrogatories. In that correspondence I also requested that you advise me by April 2nd as to whether your objections would remain. You did not respond. I again raised your client's deficiencies in our telephone conference with the Judge on April 11, 2008. You did not respond.
>
> Your client's deficiencies were again raised on the status conference on May 7, 2008. I have not heard from you since nor have I received any supplemental answers. I require supplemental answers by 4:00 pm on May 23, 2008, or I will have no choice but to file a motion to compel.

Pl.'s Mem., Ex. E.

11. Defense counsel responded, by letter, on May 28, 2008. Plaintiff's counsel finds this response "most disturbing" and "a complete untruth and a blatant attempt to mislead this Court." Pl.'s Mem. ¶ 15. Most particularly, Plaintiff's counsel takes umbrage at the statements:

> In response to your letter dated May 20, 2008, concerning the answers of Defendants Howard University and Franklin D. Chambers to your client's interrogatories, *I have repeatedly sought a telephone conference to discuss the alleged deficiencies in our responses. You have never responded to any of our repeated requests that we speak about this matter*, and it is now apparent that you are attempting to manufacture a discovery dispute where none exists, as further evidenced by your writing to us at the end of the day to impose a three day deadline for a response. *Since you refuse to discuss the matters with us by telephone*, we will address each of your complaints in turn below.

*Id.*; *see* Pl.'s Mem., Ex. F (emphasis added). Defendants then agreed to supplement 15 of their answers to Plaintiff's interrogatories.

Before this Court, Defendants acknowledge that they agreed to answer Plaintiff's interrogatories by February 20, 2008, that their unexecuted answers were not served until February 28, 2008, and that their formal responses were not served until March 18, 2008. No reason is given for this tardy performance. Defendants do not explain why they failed completely to serve documents, despite their cover letter to the contrary, and instead blame Plaintiff's counsel for not noticing the absence before March 30, 2008. Finally, Defendants state that they have made "repeated requests" to Plaintiff as to what additional information she may be seeking to her interrogatories, as if the Court could not see that they actually agreed to supplement almost all interrogatory responses.

In its initial scheduling order, the Court ordered counsel for all parties to conduct themselves in a civil and professional manner. Playing games with discovery obligations fails to

comply. Defense counsel ignore completely the Plaintiff's charge that their letter of May 28, 2008, was "a complete untruth." *Id.*

Therefore, Defendants' lawyers are **ORDERED TO SHOW CAUSE**, no later than July 10, 2008, why they should not be sanctioned for discovery abuses. *See* Fed. R. Civ. P. 37.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: June 30, 2008