**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROL C. SHELTON, | * | |
| Plaintiff, | * | |
| v. | | |
| | * | Civil Action No.: 1:07-cv--00596-RMC |
| HOWARD UNIVERSITY, et al. | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**RESPONSE OF DEFENDANTS TO ORDER TO SHOW CAUSE**</u>

Defendants Howard University and Franklin D. Chambers, by their undersigned attorneys, respond to this Court's Order to Show Cause as follows:

1.      Neither Defendants nor their counsel should be sanctioned in this matter because there has not been a failure of discovery.  Counsel for the Defendants are not playing games with their discovery obligations.

2.      With all due respect, the chronology set forth in the Court's Order to Show Cause is both incomplete and inaccurate.  There is an implication in the Court's Order to Show Cause the Defendants' counsel intentionally sent Plaintiff's counsel false or misleading cover letters.  There is a statement in the Order that the Defendants did not produce any documents until April 2, 2008.  Respectfully, both are incorrect.

3.      The Court has taken issue with Defense counsel's failure to address Plaintiff's characterization as a "complete untruth" Defense counsel's complaint that Plaintiff had spurned repeated requests to Plaintiff's counsel's complaints about the Defendants' answers to interrogatories.  Defense counsel's failure to address that claim was not intended as a concession that it was true.  It was not.  Although required by the rules to consult with opposing counsel before seeking court intervention, there has never been a substantive conversation

among counsel regarding Plaintiff's complaints about the answers to interrogatories or any other issue that Plaintiff's counsel had brought to the Court.

        4.      Defense counsel did not initially respond to the allegation because a "he said - he said" argument seemed particularly unproductive. The fact of the matter, as evidenced by the lengthy chronology set out below and the multitude of exhibits attached, is that Defense counsel repeatedly sought to discuss the open discovery issues only to be ignored or, worse yet, to find Plaintiff's counsel unavailable on the days on which the parties had agreed to have a substantive discussion. If Plaintiff's counsel claims that there was ever a single substantive discussion regarding these issues, they should state the date, the time and the participants of that discussion. They have not, because they cannot, because none has ever occurred.

        5.      Defense counsel does not concede that Plaintiff's counsel has not received documents they claim to have been missing. Frankly, the record shows the opposite. When Defense counsel has sought to move the process forward, producing documents a second time rather than engaging in needless, silly arguments about whether they had been sent previously, Plaintiff's counsel have turned those civilities against Defense counsel, suggesting that they prove that Defense counsel has been dilatory in its discovery obligations. Such is not the case.

        6.      On February 25, 2008, under cover of a letter of that date, counsel for the Defendants sent counsel for the Plaintiff the Answers and Objections of Defendant Howard University to Plaintiff's First Set of Interrogatories; and the Responses of both Defendant Howard University and Franklin D. Chambers to Plaintiff's First Requests for Production of Documents. That letter and those three papers were sent by first class mail. See letter dated February 25, 2008, from Jennifer E. Keyser to E. Gregory Watson, a copy of which is attached as **Exhibit 1**.

7.     Defendants' counsel intended to send all three written discovery responses to counsel for Plaintiff and believe that they did so.  Further, the correspondence and subsequent actions of Plaintiff's counsel support the conclusion that all three written discovery responses were mailed and received.  When Plaintiff's counsel later claimed to have not received the written response to the request for production of documents, Defendants' counsel did not challenge that claim for reasons of civility and practicality as discussed below.  Defendants never intentionally withheld anything from the February 25, 2008 package.  Further, counsel's actions in resending material later was not intended as a concession that the documents had not been sent the first time.  As will be discussed at more length below, an argument over whether Plaintiff's counsel had previously received a document seemed unproductive when Plaintiff's counsel needed the document and said he did not have it.

8.     Simultaneously on February 25, 2008, counsel for the Defendants wrote to counsel for the Plaintiff and requested that the parties enter into a protective order addressing confidential and proprietary documents, including financial documents, personnel records and medical records of the Plaintiff.  In that letter, which was sent to counsel for the Plaintiff by e-mail, facsimile transmission, and first-class mail, counsel for the Defendants confirmed that the written responses to the discovery request have been sent under separate cover.  With the e-mailed copy of the package, counsel for Defendant sent the proposed order in Microsoft Word format so that Plaintiff's counsel could easily propose changes.  See letter dated February 25, 2008, from Timothy F. McCormack to Mr. Watson a copy of which is attached as **Exhibit 2**.

9.     Plaintiff's response was the first in a series of nasty letters, this one is dated March 4, 2008.  Plaintiff's counsel complained, in a general sense, about objections that the Defendants' had interposed to certain interrogatories.  Plaintiff's counsel offered no

comments on the protective order and complained that Defendants' had not produced the non-confidential documents with the written response on February 25, 2008. Clearly Plaintiff's counsel had received both packages sent on February 25, 2008; that containing the written responses to the discovery and that containing the draft motion for protective order and proposed protective order. If one of the two packages was incomplete, Plaintiff's counsel did not so state. Mr. Watson requested a conference. See letter dated March 4, 2008, from Mr. Watson to Mr. McCormack, a copy of which is attached as **Exhibit 3**.

        10.    Counsel for the Defendants, Timothy F. McCormack, telephoned Mr. Watson immediately upon receiving this letter to discuss the protective order and confer regarding discovery. The telephone call was answered by an automated system. Counsel for the Defendants followed the instructions to find Mr. Watson's voice mail and left a message on March 4, 2008. On March 5, 2008, Mr. McCormack called back. Again, the telephone was answered by an automated system and again counsel for the Defendants followed the instructions to Mr. Watson's voice mail and again left a message for Mr. Watson.

        11.    When Mr. Watson failed to return either of the two messages, Mr. McCormack wrote Mr. Watson on March 6, 2008, noted the two unanswered messages, reiterated his desire to discuss the protective order, and transmitted to Mr. Watson all of the responsive documents then in the possession of the counsel for the Defendants. Counsel for the Defendants noted that certain of the documents being produced were labeled "Confidential," with the expectation that they would be subject to the terms of the protective order to be negotiated among the parties. Additionally, between February 25 and March 6, 2008, counsel for Defendants had learned additional information responsive to the interrogatories and, therefore, revised the interrogatory answers. Revised answers were forwarded to Mr. Watson.

Finally, counsel for the Defendants requested that Mr. Watson provide comments to the proposed protective order. The entire package was sent to Mr. Watson by overnight delivery. See letter dated March 6, 2008, from Mr. McCormack to Mr. Watson a copy of which is attached as **Exhibit 4**.

12.     Defendants made their first production of documents on March 6, 2008, (not April 2, 2008, as suggested in the Order to Show Cause). Defendants included in that production those documents they would have normally withheld pending agreement to, if not entry of, an appropriate protective order, trusting Plaintiff's counsel to negotiate a protective order in good faith.

13.     Counsel for the Defendants forwarded the revised answers and objections to interrogatories to the University representative most familiar with the facts of this case, the Vice-Provost for Student Affairs, for execution and verification. Unbeknownst to counsel for Defendants, the Vice-Provost for Student Affairs was traveling on University business as of March 6, 2008. He executed the two verification pages immediately upon his return to the University on March 18, 2008.

14.     Upon receiving the verification pages, counsel for the Defendants immediately forwarded additional copies of the Answers and Objections to Plaintiff's First Set of Interrogatories for each of the two Defendants, now accompanied by a signed verifications. Those written responses were sent by facsimile transmission and first-class mail. Again, counsel for the Defendants solicited Mr. Watson's comments, if any, on the proposed protective order. See letter dated March 18, 2008, from Mr. McCormack to Mr. Watson, a copy of which is attached as **Exhibit 5**.

15.     Mr. Watson did not respond until Sunday, March 30, 2008, when he sent two letters to the offices of Defendants' counsel, claiming, for the first time, that he had received the proposed protective order only in a PDF file and not in Microsoft Word format and that he had never received the written responses to the request for production of documents.  Mr. Watson outlined what he contended were deficiencies in the Defendant's answers to interrogatories and requested a discovery conference.  See letters dated March 30, 2008, from Mr. Watson to Mr. McCormack copies of which are attached as **Exhibits 6 and 7**.  Mr. Watson was not claiming that he had not received the responsive documents.  Those documents, including those Defendants wished to subject to the proposed protective order, had been produced at the beginning of the month.  He only claimed to have not received the written response to the request.

16.     Mr. McCormack was out of his office on March 31 through April 2, 2008.  On March 31, 2008, one of Defendants' attorneys, Jennifer Keyser, sent Mr. Watson an e-mail with what she believed to be the proposed protective order.  In her haste to respond to Mr. Watson, Ms. Keyser sent him only the draft motion for protective order and did not include the proposed protective order.  See e-mail dated March 31, 2008, from Jennifer E. Keyser to Mr. Watson a copy of which is attached as **Exhibit 8**.

17.     Mr. Watson's response was to accuse counsel for Defendants of bad faith and threaten to move for attorneys fees and sanctions if they filed the motion for protective order.  See letter dated April 2, 2008, from Mr. Watson to Mr. McCormack, a copy of which is attached as **Exhibit 9**.  Never mind that for over one month counsel for Defendants had repeatedly asked the Plaintiff to comment on the proposed motion and order and had made it

18.    On the afternoon of April 2, 2008, Mr. McCormack's assistant read Mr. Watson's letter to him.   Mr. Watson's response seemed like an overreaction and Mr. McCormack attempted to cool the rhetoric.   Without his file in front of him, he wrote Mr. Watson by e-mail, reiterated that the University was waiting for Mr. Watson's comments before filling a motion for protective order and confirmed that counsel for Defendants were sending the proposed protective order in Microsoft Word format and resending all of the written discovery responses that had been sent under cover of a letter dated February 25, 2008.[1]  See e-mail dated April 2, 2008 from Mr. McCormack to Mr. Watson, a copy of which is attached as **Exhibit 10**. Mr. McCormack proposed that the parties speak on Friday, April 4, 2008, regarding the asserted deficiencies in the Defendants' discovery responses.

19.    On April 2, 2008, Ms. Keyser sent Mr. Watson a copy of the proposed protective order in Microsoft Word format by e-mail and sent a copy of the letter dated February 25, 2008, together with the written discovery responses by e-mail, facsimile transmission and first-class mail.  See **Exhibits 11 and 12**.

20.    Mr. Watson's claims to have not received the documents earlier were neither consistent with the records of Defendants' counsel nor with the parties' behavior prior to March 30, 2008.  The records of Defendants' counsel show that both answers to interrogatories and the written responses to the requests for production of documents had been mailed on February 25, 2008.  They further reflected that a letter, draft motion for protective order and proposed protective order had been sent to Mr. Watson by e-mail, facsimile transmission and

---

[1]    Because he did not have his file before him, Mr. McCormack did not realize that Defense counsel had sent the Order in Microsoft Word a month earlier. clear they were awaiting comments from counsel for Plaintiffs before moving for entry of the Order.

first-class mail on February 25, 2008, and that the e-mailed version had been accompanied by the proposed protective order in Microsoft Word format.    Mr. Watson's letter of March 4, 2008, seemed to acknowledge receiving both packages and said nothing about either being incomplete.    He was likely mistaken when he said he had not received the documents.

21.    That said, counsel for the Defendants faced three realties.    First, people make mistakes.    Although it seemed less likely that two different attorneys working with two different assistants made two different mistakes in the same case in correspondence to the same attorney, the possibility could not be ruled out.    Second, it would be needlessly provocative to argue with Mr. Watson about whether he had previously received the documents, because, third, he needed them at that time and was entitled to them.

22.    When Mr. McCormack telephoned on April 4, 2008, the automated answering system delivered Mr. McCormack to Mr. Watson's voice-mail.    He left a message, but did not receive a return call.

23.    On April 9, 2008, Mr. Watson responded by e-mail, with proposed changes to the protective order and proposed a call that afternoon to discuss discovery issues. See e-mail dated April 9, 2008, from Mr. Watson to Mr. McCormack of which is attached as **Exhibit 13**.    Mr. McCormack promptly responded that he was away from the office on other business on April 9, 2008, but could confer on Friday, April 11, 2008.    See e-mail dated April 9, 2008, from Mr. McCormack to Mr. Watson of which is attached as **Exhibit 14**.

24.    Finding himself unexpectedly in his office on the afternoon of April 10, 2008, Mr. McCormack placed two calls to Mr. Watson.    Both calls were routed by the automated answering system to Mr. Watson's voice-mail box, where the automated message stated that the mailbox was full and not accepting any new messages.    Unable to reach Mr. Watson by

telephone, Mr. McCormack sent him an e-mail, advising him that Mr. McCormack was in the office and available to speak at any time or, alternatively, at 3:30 p.m. on Friday, April 11, 2008. See e-mail dated April 10, 2008, from Mr. McCormack to Mr. Watson a copy of which is attached as **Exhibit 15**.

25.    On the morning of Friday, April 11, 2008, Mr. McCormack responded Mr. Watson's comments on the proposed protective order by an e-mail.  See e-mail dated April 11, 2008, from Mr. McCormack to Mr. Watson attached as **Exhibit 16**.  When Mr. McCormack telephoned Mr. Watson in the afternoon of April 11, 2008, Mr. Watson advised Mr. McCormack that he had contacted Chambers and sought the Court's intervention, not withstanding the fact that Mr. Watson had never discussed any of the discovery issues with Mr. McCormack.  The Court held a telephonic conference with counsel on the afternoon of April 11, 2008.

26.    In the course of the telephone conference, Mr. Watson concentrated his complaints on the production of documents.  The focus of the discussion was on the written response to the production of documents and Mr. Watson's request that Defendants identify which of the documents that had been produced at the beginning of March responded to which request and Mr. Watson's complaint that he had not yet received payroll records or what he believed to be a complete copy of his client's personnel file or all the e-mail correspondence between his client and Defendant Chambers.

27.    In the course of the telephone conference, Mr. McCormack advised Mr. Watson and the Court that he had just received additional documents from the University relating to Ms. Shelton and that those documents would be produced as soon as they could be cataloged and numbered.  He also indicated that the review of the University's files was ongoing and that he anticipated receiving additional documents.  Mr. McCormack agreed to return to the

University to determine if any additional e-mail correspondence from or to Ms. Shelton could be located. Mr. McCormack also agreed to revise the written responses to request for production of documents to indicate which documents responded to which request.

28.    On Monday, April 14, 2008, Mr. McCormack made a supplemental production of the documents that he had received on April 11, 2008. See letter dated April 14, 2008, from Mr. McCormack to Mr. Watson, a copy of which his attached as **Exhibit 17**.

29.    On April 28, 2008, Mr. McCormack again wrote Mr. Watkins regarding the protective order, enclosed a revised protective order and again invited Mr. Watkins to respond. With that letter, a legal assistant in the office of Defendants' counsel enclosed a series of documents describing the various pension and health benefit plans maintained by the University and available to Ms. Shelton during her employment. They were not, unfortunately, listed in the cover letter. See letter dated April 28, 2008, from Mr. McCormack to Mr. Watson a copy of which is attached as **Exhibit 18**. Mr. Watson has never responded to that letter and the issue of the protective order remains unresolved.

30.    On May 7, 2008, Defendants served their Supplemental Responses to Plaintiff's First Request for Production of Documents, identifying which documents were being produced in response to which of the requests. At a status conference on May 7, 2008, counsel for the Plaintiff complained that documents relating to fringe benefits that were produced by the University were incomplete and missing every other page. Counsel for the Plaintiff never raised the issue before and implied that Defendants' counsel had intentionally produced incomplete documents. Defense counsel agreed in that conference to provide new copies of the benefit documents, to the University to attempt to locate and retrieve all e-mail correspondence between Plaintiff Shelton and Defendant Chambers, and to identify the individual at the University with

ultimate responsibility for the e-mail system. See letter dated May 7, 2008, from Mr. McCormack to Mr. Watson, a copy of which is attached as **Exhibit 19**.

31.    Counsel for the Defendant recopied the benefits information which had most recently been sent to the Plaintiff and resent it to the Plaintiff by overnight delivery on May 15, 2008. Counsel for the Defendant frankly stated that he had no explanation for how the error could have occurred, but apologized for having sent incomplete documents. See letter dated May 15, 2008 from Mr. McCormack to Mr. Watson a copy of which is attached as **Exhibit 20**.

32.    By letter dated May 16, 2008, the Defendants identified to the person with ultimate responsibility for maintaining Howard University's e-mail system and reiterated that the University was re-reviewing its entire email system to identify any email correspondence responsive to the Plaintiff's very broad request. See letter dated May 16, 2008 from Mr. McCormack to Mr. Watson, a copy of which is attached as **Exhibit 21**.

33.    By letter dated May 20, 2008, Mr. Watson advised Defense counsel that the incomplete benefits information was not the most recently produced documents, but a document produced on March 6, 2008. He identified it by title and number for the first time. See letter dated May 20, 2008, from Mr. Watson to Mr. McCormack a copy of which is attached as **Exhibit 22**. With that information, counsel for the Defendants reviewed their records and discovered that their copy of the same document, from which they had made the copy for the Plaintiff's counsel, was also incomplete, missing every other page. Obviously, a two-sided document had been miscopied into a one-sided format. A complete copy of the document was obtained, recopied, renumbered and produced to counsel for the Plaintiff under cover of a letter dated May 23, 2008. See letter dated May 23, 2008, from Mr. McCormack to Mr. Watson, a copy of which is attached as **Exhibit 23**.

34.     On May 26, 2008, Mr. McCormack again telephoned Mr. Watson to discuss the issues related to the interrogatories.  He was directed to Mr. Watson's voice-mail where he again left a message.  At this juncture, having repeatedly sought to confer with Mr. Watson, having been repeatedly put off, he wrote him a letter responding to each of the issues related to interrogatories.  See letter dated May 28, 2008, from Mr. McCormack to Mr. Watson,, a copy of which is attached as **Exhibit 24**.  Amended Answers and Objections to the First Set of Interrogatories have been served.

35.     Counsel for the Defendants are not playing games with discovery.  They have not been abusing the discovery system.  They have been endeavoring to be responsive. There have been delays, but no more delays than are encountered with any large institution seeking information from several offices going back over three years.  The simple fact of the matter is that counsel for the Plaintiff has been particularly uncooperative and uncommunicative. They do not return phone calls, they refuse to respond to matters, they propose telephone conferences and then are not present to take the Defense counsel's calls.  Most troubling, they have continually misrepresented to the Court what is occurring between counsel and sought repeated and frequent, premature court intervention into the discovery process.

36.     A recent example involving e-mail messages recovered from the University's various servers is particularly telling.  The Plaintiff sought the production of every e-mail for a two year period between the Plaintiff and Defendant Chambers.  In March 2008, the University produced those e-mails that were readily recoverable.  As counsel for the Defendant had agreed, the University's information services personnel sought to locate whatever additional emails that could be found.  Counsel for Plaintiff was repeatedly advised that that search was ongoing.  See letter dated May 16, 2008, from Mr. McCormack to Mr. Watson, a copy of which

is attached as **Exhibit 21;** letter dated May 23, 2008, from Mr. McCormack to Mr. Watson, a copy of which is attached as **Exhibit 23**.

37.     On June 10, 2008, Counsel for the Defendant's received computer discs from the University containing e-mail correspondence between the Plaintiff and Defendant Chambers.   While these emails were responsive to the Plaintiff's broad request, most are irrelevant to the subject matter of this case and include the types of e-mail correspondence out of most large offices, e-mails forwarding jokes, poems, prayers, etc.  There is a substantial bulk to the e-mail files because many were accompanied by attachments with documents prepared for the office of the Vice Provost for Student Affairs.

38.     Defense counsel directed the discs to an outside vendor for printing and conversion to Tagged Image File Format.  Late in the day on June 10, 2008, the vendor retained by counsel for the Defendants advised counsel that the data appeared to contain as many as 1,600 data files.  By e-mail that day, Defense counsel advised Counsel for the Plaintiff of the volume of data and asked if he would prefer to receive the files in electronic format as opposed to hard copy.  See e-mail from Mr. McCormack to Mr. Watson dated June 10, 2008, a copy of which is attached as **Exhibit 25**.

39.     On June 12, 2008, the vendor retained by Counsel for the Defendants revised its estimate and reported that their appeared to be fewer than 1,600 files, but likely as many as 4,000 pages of documents.  By e-mail that morning, Mr. McCormack again wrote to Mr. Watson advising him of the revised estimate and asked again whether he preferred to receive the information in electronic format or hard copy.  (Mr. Watson had not responded to the prior e-mail.)  See e-mail dated June 12, 2008, from Mr. McCormack to Mr. Watson, a copy of which is attached as **Exhibit 26**.

40.     Mr. Watson responded by e-mail later that morning, inquiring as to what Mr. McCormack had meant by "files" with respect to electronic format, whether the electronic format would be searchable, and whether counsel for the Plaintiff's would require a particular program to review the electronic data.  See e-mail dated June 12, 2008, from Mr. Watson to Mr. McCormack, a copy of which is attached as **Exhibit 27**.  Mr. McCormack responded by two e-mails later that morning.  See e-mails dated June 12, 2008, from Mr. McCormack to Mr. Watson, copies of which are attached as **Exhibits 28 and 29**.

41.     Thereafter, Mr. McCormack and Mr. Watson's co-counsel, Stephanie Moran, conferred by telephone regarding the production of the e-mails and attachments and agreed that Defendant Howard University would produce first a hard copy of the documents and then an electronic copy on a disc.  Mr. McCormack advised Ms. Moran that Defendants' counsel had tasked the vendor with collating the e-mail data, inserting electronic tags between each e-mail or each e-mail and attachment on the electronic version and colored paper dividers between each e-mail or each e-mail and attachment among the hard copies.

42.     When the vendor first produced the documents on June 13, 2008, they were wrong.  Rather than separating each e-mail, the vendor had lumped groups of emails together, sometimes fifty or more pages, in a manner that was different from the manner in which the data had been produced.  The vendor was instructed to redo the project.  Plaintiff's counsel was advised immediately of the problem by telephone.

43.     At this juncture, it became apparent that the volume of data was too great for either party to complete a review in advance of depositions that had been scheduled to begin the next week.  The parties entered into discussions regarding an amendment to the scheduling order.  They agreed to extend the time for fact discovery to end contemporaneously with expert

discovery.  The Defendants agreed to shorten the time for their response to the reports of experts retained by the Plaintiff in order to allow the Plaintiff sufficient time to complete fact discovery and designate experts while not extending the entire schedule.  Defendant's counsel agreed to prepare the motion.

44.     Meanwhile, counsel for the Defendants continued to keep counsel for the Plaintiffs apprised of the progress of the vendor in assembling the email data in a manner in which it could be used by the parties.  On June 18, 2008, Counsel for the Defendant sent an email to Counsel to the Plaintiff advising him that they anticipated delivering hard copies of the emails to a courier on June 19, 2008.  See e-mail dated June 18, 2008, from Mr. McCormack to counsel for Plaintiffs, a copy of which is attached as **Exhibit 30**.  Unfortunately, when the documents were returned to Counsel for the Defendants on June 19, 2008, they were still incorrectly grouped and returned to the vendor for correction.  Plaintiff's counsel was advised of the status.  See e-mail dated June 20, 2008, from Mr. McCormack to Plaintiff's counsel, a copy of which is attached as **Exhibit 31**.  The hard copies of the documents were finally delivered by the vendor to Counsel for the Defendants on June 20, 2008.  They were then delivered by courier to Counsel for the Plaintiffs on an expedited basis.  Those delivery instructions were confirmed to Counsel for the Plaintiffs by email dated June 20, 2008.  See e-mail dated June 20, 2008, from Mr. McCormack to Plaintiff's counsel, a copy of which is attached as **Exhibit 32**.

45.     Therefore, by the early afternoon of June 20, 2008, counsel for the Plaintiffs had, by agreement, received two boxes of documents professionally prepared by a third-party vendor containing all of the e-mail traffic for a two-year period between the parties. The emails and attachments were separated from one another by different colored paper, every document was individually numbered.  By agreement, the parties had brought a consent motion

to extend discovery so that all parties would have an opportunity to review the e-mails. That motion had been granted. The process had worked as it was supposed to work. Counsel conferred, agreed to the manner of production of electronic data arranged for the orderly production of the information and resolves any difficulties regarding the schedule.

46.    Plaintiff's counsel then complained to the Court that they had been "bombarded" with 4,000 pages of emails, giving the false impression that the Defendants had dumped raw, unfiltered data on the Plaintiff's attorneys, not professionally organized, properly collated, numbered documents. Plaintiff's counsel told the court that the e-mails had been delivered only ten (10) days before the close of discovery, notwithstanding the fact that counsel for both parties had negotiated an extension of the fact discovery through November 17, 2008. Plaintiff's counsel falsely stated that the Defendant had "for months … represented that there existed less than ten (10) emails between Plaintiff and Defendant Chambers," when, in fact, counsel for the Defendants had repeatedly advised counsel for the Plaintiffs that they had undertaken a supplemental search of the University's servers to locate additional email traffic. In short, counsel for the Plaintiff said one thing when they dealt with Counsel of the Defendants and another when they addressed the court. See Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Sanctions and to Compel Discovery.

47.    It is not Defense counsel that is playing games with discovery or misrepresenting facts to the Court. Defense counsel have proceeded appropriately and should not be sanctioned.

WHEREFORE, Defendants Howard University and Franklin D. Chambers respectfully request that the Courts and Order to Show Cause be dissolved and that they be granted such other and further relief as is just and equitable.

\s\ Timothy F. McCormack
Timothy F. McCormack
Jennifer E. Keyser

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland  21202
(410) 528-5600 (phone)
(410) 528-5650 (fax)
mccormackt@ballardspahr.com
keyserj@ballardspahr.com

Attorneys for Defendant Howard University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 10th day of July, 2008, a copy of the foregoing

was mailed, first-class postage prepaid, to:

E. Gregory Watson, Esq.
Stephanie D. Moran, Esq.
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

*Attorneys for Plaintiff*

\s\ Timothy F. McCormack
Timothy F. McCormack

F

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

JENNIFER E. KEYSER
DIRECT DIAL: 410-528-5687
PERSONAL FAX: 410-361-8903
KEYSERJ@BALLARDSPAHR.COM

February 25, 2008

## VIA FIRST-CLASS MAIL

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

Re:     Shelton v. Howard University, et al.
        Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

Enclosed are the following:

1.    Answers and Objections of Defendant Howard University to Plaintiff's First Set of Interrogatories;

2.    Answers and Objections of Defendant Howard University to Plaintiff's First Request for Production of Documents; and

3.    The Response of Defendant Franklin D. Chambers to Plaintiff's First Request for Production of Documents.

We look forward to hearing from you.

Very truly yours,

Jennifer E. Keyser

JEK/vh
Enclosures

DMEAST #9988109 v1

**EXHIBIT**
**1**

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

February 25, 2008

**VIA E-MAIL:  watsonmoranllc@aol.com,**
**FACSIMILE (301) 429-0371**
**AND FIRST-CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

> Re:   Shelton v. Howard University, et al.
>       Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

A number of the documents that you sought to have produced in the above-referenced matter are confidential or proprietary documents, including financial documents and personnel records.

It is our practice to produce such documents, including the personnel records of litigants, only subject to an appropriate protective order.

Enclosed for your review and comment is a form of protective order that we routinely use.

We are sending you a copy of the same document in Microsoft Word format so that you may more easily propose changes.

Our written responses to the discovery requests are being sent to you under separate cover.

DMEAST #9987390 v1

**EXHIBIT**

tabbies®

2

E. Gregory Watson, Esquire
February 25, 2008
Page 2


       We look forward to hearing from you.

                  Very truly yours,

                  *Timothy F. McCormack / JEK*

                  Timothy F. McCormack

TFM/jpr

# Watson & Moran, L.L.C.

## ATTORNEYS & COUNSELORS • AT LAW

March 4, 2008

**VIA FAX (410) 361-8901 AND FIRST CLASS MAIL**

Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 E. Lombard St., 18th Fl.
Baltimore, MD 21202

Dear Mr. McCormack:

Pursuant to the court's order granting our consent motion and our later agreement, Howard's discovery was due on February 20, 2008. I have yet to receive executed interrogatories on behalf of Howard or Franklin Chambers.

You have requested a Protective Order which I will consider. However, I believe Defendant Howard's refusal to answer many basic interrogatories or respond to documents is not in good faith. For instance, you have failed to provide any documents whatsoever –even those relating to Plaintiff's own personnel file.

I would like to discuss your clients' outstanding discovery and your proposed Protective Order as soon as possible. I am available tomorrow, from 10 am through 5pm; and on Thursday from 9 am to 1 pm. I will contact your office tomorrow to determine your availability during those times.

Sincerely,

E. Gregory Watson

RECEIVED MAR 1 0 2008

**EXHIBIT**

3

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

March 6, 2008

**BY FEDERAL EXPRESS**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

Shelton v. Howard University, et al.
Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

In response to your letter dated March 4, 2008, I have telephoned your office each of the last two business days and left a message for you.  Pending our speaking, we are enclosing a preliminary production, consisting of those documents we are willing to produce in advance of the entry of a Protective Order.  It is our expectation that once we negotiate the terms of the Protective Order, these documents, to the extent marked Confidential, would be subject to that order.

Also enclosed are revised, but unexecuted Answers to Interrogatories.  We will forward executed copies of the Answers to you as soon as we receive them from our client.

Please provide us with your comments on the proposed Protective Order at your earliest convenience.  We look forward to hearing from you.

Very truly yours,

Timothy F. McCormack

TFM:drp
Enclosures

DMEAST #9996058 v1

**EXHIBIT**

4

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

March 18, 2008

**BY FACSIMILE and FIRST-CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD  20785

> Re:    Carol C. Shelton v. Howard University, et al.
>        Civil Action No. 1:07-cv-00596-RMC

Dear Mr. Watson:

        Enclosed in connection with the above-referenced matter are executed copies of the Answers and Objections of Howard University to Plaintiff's First Set of Interrogatories and Answers and Objections of Defendant Franklin D. Chambers to Plaintiff's First Set of Interrogatories.

        Please provide us with your comments, if any, on the proposed protective order so that we may complete the production of documents.

        I look forward to hearing from you.

Very truly yours,

Timothy F. McCormack

TFM/dfp
Enclosures

**EXHIBIT**
5

# Watson & Moran, L.L.C.
## ATTORNEYS & COUNSELORS • AT LAW

March 30, 2008

**VIA FAX (410) 528-5650 AND REGULAR FIRST CLASS MAIL**

Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202

**RE: *Shelton v. Howard University., et al., Case No. 1:07-cv-00596***

Dear Mr. McCormack:

The proposed stipulated protective order that Ms. Keyser e-mailed is in PDF format. I would like to have it e-mailed in Word so that I may make proposed red-lined changes. I have requested that we confer regarding all pending discovery issues by this Wednesday. If I am able to red-line your document in advance we will be able to have a more informed discussion.

Sincerely,

E. Gregory Watson

RECEIVED APR 07 2008

EXHIBIT
6

# Watson & Moran, L.L.C.
## ATTORNEYS & COUNSELORS • AT LAW

March 30, 2008

**VIA FAX (410) 528-5650 AND REGULAR FIRST CLASS MAIL**

Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202

**RE: *Shelton v. Howard University., et al., Case No. 1:07-cv-00596***

Dear Mr. McCormack:

I request that you cure the deficiencies in the discovery answers detailed below. Also, you have not provided any written responses to Plaintiff's document requests as required under the rules. You have provided some bate stamped documents, however, I have no way of knowing which requests they correspond to, what they are, or whether or not they are intended to be complete sets. Please also advise when I may inspect and copy the documents that you have not produced, such as Plaintiff's personnel file and the communications between Plaintiff and Defendant Chambers[1].

Pursuant to the Court's Order I would like to confer with you by Wednesday, April 2, 2008, to determine whether or not you intend to cure your client's deficiencies. If we are unable to reach an agreement my intention is to telephone chambers to schedule a telephone conference this Friday.

Sincerely,

E. Gregory Watson

RECEIVED APR 0 4 2008

---

[1] You have requested that we enter into a Stipulated Protective Order which I will respond to under separate cover.

**EXHIBIT**

tabbies

7

I.

## DEFENDANT HOWARD UNIVERSITY'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

**Interrogatory No. 4:**    Please supplement.  Plaintiff is entitled to a statement. Moreover, the interrogatory calls for Defendant's interpretation of certain facts which may not be gleaned from Defendant's business records.

**Interrogatory No. 5:**    Please supplement with and identification of when Defendant came into its understanding of Plaintiff's condition.

**Interrogatory No. 6:**    Please supplement.  The answer is not responseive in that it does not indicate whether Plaintiff was ever advised of "any rights she may have been entitled to under the Family Medical Leave Act."  Defendant has knowledge or constructive knowledge of whether it so advised Plaintiff.

**Interrogatory No. 12:**    Please supplement.  Defendant's answer is conclusory and does not completely describe the alleged reasons for Plaintiff's termination.  Moreover, the answer fails to indicate whether Plaintiff was made aware of any such alleged complaints about her performance.

**Interrogatory No. 13:**    Plaintiff is entitled to a statement.   Please supplement Defendant's answer.

**Interrogatory No. 14:**    Please identify the information that Defendant believes that Carolyn Smith possesses with respect to certain communications with the Office of the Vice Provost for Student Affairs.

**Interrogatory No. 17:**    Plaintiff is entitled to a statement.   Please supplement Defendant's answer.

**Interrogatory No. 18:**    Please direct your client to answer this interrogatory which seeks relevant discoverable information, irrespective of whether it is deemed admissible at trial.

**Interrogatory No. 19:**    Please supplement when Defendant has identified its experts.

**Interrogatory No. 20:**    Plaintiff is entitled to a statement.   Please supplement Defendant's answer.

2

**Interrogatory No. 21:**          Please supplement Defendant's answer.

**Interrogatory No. 22:**          Plaintiff is entitled to a statement.   Please supplement Defendant's answer.

**Interrogatory No. 23:**           Plaintiff is entitled to a statement.   Please supplement Defendant's answer.

**Interrogatory No. 24:**          Defendant's answer is not responsive to the interrogatory, Please direct your client to answer.

II.

## <u>DEFENDANT FRANKLIN CHAMBERS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES</u>

**Interrogatory No. 1:**          Please direct Defendant to supplement his answer with his complete middle name.

**Interrogatory No. 6:**          Please supplement when Defendant has identified its experts.

**Interrogatory No. 7:**          Please direct Defendant to answer the interrogatory, which is reasonably calculated to lead to admissible evidence regarding Defendant's credibility.

**Interrogatory No. 15:**          The existence of said documents is a required disclosure under the DC Federal Rules please supplement with the requested information, including any homeowner's insurance umbrella policy that Defendant may have.

**Interrogatory No. 17:**          Plaintiff is entitled to a statement.   Please supplement Defendant's answer.

**Interrogatory No. 18:**          Plaintiff is entitled to a statement.   Please supplement Defendant's answer.

**Interrogatory No. 19:**          Please identify the information that Defendant believes that Carolyn Smith possesses with respect to certain communications with the Office of the Vice Provost for Student Affairs.

**Interrogatory No. 22:**          Plaintiff is entitled to a statement.   Please supplement Defendant's answer.

3

**Interrogatory No. 23:**    Please direct Defendant to answer the interrogatory, which seeks information that is relevant to Plaintiff's claims and is likely to lead to discoverable information.

**Interrogatory No. 24:**    Plaintiff is entitled to a statement.    Please supplement Defendant's answer.

**Interrogatory No. 25:**    Please direct Defendant to answer the interrogatory, which seeks information that is relevant to Plaintiff's claims and is likely to lead to discoverable information.

**Keyser, Jennifer E. (Balt)**

| | |
|---|---|
| **From:** | Keyser, Jennifer E. (Balt) |
| **Sent:** | Monday, March 31, 2008 5:38 PM |
| **To:** | 'watsonmoranllc@aol.com' |
| **Cc:** | McCormack, Timothy F. (Balt) |
| **Subject:** | Protective Order |
| | |
| **Attachments:** | DMEAST-#9987448-v1-Motion_for_PO_(Shelton).DOC |

Attached is the word file requested.  If you should have any further difficulties, please let me know.

DMEAST-#9987448
-v1-Motion_for_...

Jennifer E. Keyser
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street
18th Floor
Baltimore, Maryland 21202

phone (410) 528-5687
fax (410) 361-8903
keyserj@ballardspahr.com

EXHIBIT
8

1

# Watson & Moran, L.L.C.
## ATTORNEYS & COUNSELORS • AT LAW

April 2, 2008

**VIA FAX (410) 528-5650 AND REGULAR FIRST CLASS MAIL**

Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202

**RE: *Shelton v. Howard University., et al., Case No. 1:07-cv-00596***

Dear Mr. McCormack:

I have repeatedly requested that you e-mail me the proposed stipulated protective order so that I may make my proposed changes to the language. Instead, on March 31, 2008, Ms. Keyer e-mailed a Word document of a motion for protective order. To file a motion at this juncture, would be in bad faith and in violation of the rules, as I have repeatedly requested the document be sent in a format that will allow me to red-line my proposed changes. If you file your motion we will file for attorneys' fees and costs.

I will telephone you at 2:30 pm today to discuss your clients' deficiencies and lack of production.

Also, you have yet to respond to my request that you advise as to when I may make copies of those documents which you have noted are available for inspection. I will be at your office at 1:00 pm tomorrow to make arrangements to copy those documents.

Sincerely,

E. Gregory Watson

Metro-Plex • 8401 Corporate Drive • Suite 110 • Landover, MD 20785
TEL 301-429-0505 • FAX 301-429-0371
watsonmoranllc@aol.com

**EXHIBIT**

9

## McCormack, Timothy F. (Balt)

**From:** McCormack, Timothy F. (Balt)
**Sent:** Wednesday, April 02, 2008 1:33 PM
**To:** 'Watsonmoranllc@aol.com'; Keyser, Jennifer E. (Balt)
**Subject:** RE: Protective Order

Greg-

I have been out of the office all week.  Today, I am in a mediation all day.  That said, the first indication I had that we had that you wanted the Order in MicroSoft Word format was your letter of Monday that was read to me.  I asked my colleague to send you the order.  If she inadvertently sent you the motion, we apologize.  We are sending the order today.  We are not filing the motion without your comments on the motion.  In fact we have delayed filing the motion while awaiting your comments.

As to the written responses to the requests for production of documents, those were sent to you with the unexecuted versions of the Howard University answers to interrogatories.  I have asked my assistant to send you another copy this afternoon.

I will be in the office on Friday and propose that we discuss your letter then.  I suspect that some of the "deficiencies" you have noted are the result of our not having agreed to the terms of a protective order.

Tim McCormack

**From:** Watsonmoranllc@aol.com [mailto:Watsonmoranllc@aol.com]
**Sent:** Wednesday, April 02, 2008 11:58 AM
**To:** Keyser, Jennifer E. (Balt)
**Cc:** McCormack, Timothy F. (Balt)
**Subject:** Re: Protective Order

Correspondence is attached below.

Watson & Moran, LLC
8401 Corporate Dr., Ste. 110
Landover, MD 20785
Tel. (301) 429-0505
Fax. (301) 429-0371

Planning your summer road trip? Check out AOL Travel Guides.

**EXHIBIT**

10

## Keyser, Jennifer E. (Balt)

| | |
|---|---|
| **From:** | Keyser, Jennifer E. (Balt) |
| **Sent:** | Wednesday, April 02, 2008 1:45 PM |
| **To:** | 'Watsonmoranllc@aol.com' |
| **Cc:** | McCormack, Timothy F. (Balt) |
| **Subject:** | Protective Order |
| **Attachments:** | DMEAST-#9987659-v1-Shelton_Protective_Order.DOC |

Greg:

Attached is the draft Protective Order in word format, as requested. Our records indicate that this document was sent to you via email and regular mail on February 25, 2008. My apologies for sending the Motion on March 31, 2008, the error was inadvertent. A copy of the letter transmitting the written responses to your Request for Production of Documents, also dated February 25, 2008, is being sent under separate cover and should be to you shortly. If you should have any further problems, please do not hesitate to contact me.



DMEAST-#9987659
-v1-Shelton_Pro...

Jennifer E. Keyser
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street
18th Floor
Baltimore, Maryland 21202

phone (410) 528-5687
fax (410) 361-8903
keyserj@ballardspahr.com



EXHIBIT

11

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

JENNIFER E. KEYSER
DIRECT DIAL: 410-528-5687
PERSONAL FAX: 410-361-8903
KEYSERJ@BALLARDSPAHR.COM

April 2, 2008

**VIA E-MAIL (watsonmoranllc@aol.com),
FACSIMILE ((301-429-0371) and FIRST-
CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

        Re:    Shelton v. Howard University, et al.
                Civil Action No.:  1:07-CV-00596-AMC

Dear Greg:

        The attached package contains a letter dated February 25, 2008 that enclosed the following:

        1.    Answers and Objections of Defendant Howard University to Plaintiff's First Set of Interrogatories;

        2.    Answers and Objections of Defendant Howard University to Plaintiff's First Request for Production of Documents; and

        3.    The Response of Defendant Franklin D. Chambers to Plaintiff's First Request for Production of Documents.

        If you should have any difficulty opening any of these documents or receiving them as a facsimile transmission, I have also taken the precaution of sending the same via first-class mail.

EXHIBIT
12

E. Gregory Watson, Esquire
April 2, 2008
Page 2

Should you have any further questions or issues with regard to these documents, please do not hesitate to telephone me.

Very truly yours,

Jennifer E. Keyser

JEK/dfp
Enclosures

cc:    Timothy F. McCormack, Esquire

DMEAST #10012681 v1

**McCormack, Timothy F. (Balt)**

| | |
|---|---|
| **From:** | Watsonmoranllc@aol.com |
| **Sent:** | Wednesday, April 09, 2008 8:24 AM |
| **To:** | McCormack, Timothy F. (Balt) |
| **Subject:** | Re: Protective Order |
| **Attachments:** | Red-line Version.doc |

Mr. McCormack:

My redlined (and blue lined) version to the Protective Order is attached below.  I will call this afternoon in hopes that we may speak about discovery issues.

Greg Watson

Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505 (Tel)
(301) 429-0371 (Fax)

---

Planning your summer road trip? Check out AOL Travel Guides.

EXHIBIT

13

4/10/2008

**McCormack, Timothy F. (Balt)**

| | |
|---|---|
| **From:** | McCormack, Timothy F. (Balt) |
| **Sent:** | Wednesday, April 09, 2008 12:29 PM |
| **To:** | 'watsonmoranllc@aol.com' |
| **Subject:** | Re: Protective Order |

Greg-

Thank you for your response. I am out of the office today and tomorrow. Can we schedule a call for Friday?

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP

Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Watsonmoranllc@aol.com <Watsonmoranllc@aol.com>
To: McCormack, Timothy F. (Balt)
Sent: Wed Apr 09 08:24:15 2008
Subject: Re: Protective Order

Mr. McCormack:

My redlined (and blue lined) version to the Protective Order is attached below.  I will call this afternoon in hopes that we may speak about discovery issues.

Greg Watson


Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505 (Tel)
(301) 429-0371 (Fax)


———

Planning your summer road trip? Check out AOL Travel Guides <http://travel.aol.com/travel-guide/united-states?ncid=aoltrv00030000000016> .

EXHIBIT

14

**McCormack, Timothy F. (Balt)**

| | |
|---|---|
| **From:** | McCormack, Timothy F. (Balt) |
| **Sent:** | Thursday, April 10, 2008 4:34 PM |
| **To:** | 'Watsonmoranllc@aol.com' |
| **Subject:** | Shelton v. Howard University |

Greg-

I've tried returning your calls a couple of times.  I am in the office now if you want to speak briefly.

I can confer with you  tomorrow at 3:30 p.m.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland  21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

1

**EXHIBIT**

tabbies

15

## McCormack, Timothy F. (Balt)

**From:**      McCormack, Timothy F. (Balt)
**Sent:**      Friday, April 11, 2008 12:21 PM
**To:**        'Watsonmoranllc@aol.com'
**Subject:**   RE: Protective Order

Mr. Watson-

I have now had a chance to review your proposed changes.  The only changes that I have a real problem with are those that you have made to Paragraph 1.  We need to protections for information beyond the financial information of a party.  The University has an interest in maintaining the confidentiality of non-public information beyond that which is strictly financial.

Additionally, the University has an interest in (and, arguably, a duty to) protect personnel information concerning non-parties.  It would be a strange case in which the plaintiff did not, at some point, seek discovery regarding other employees.  Therefore, in our view, the limitation of the protections to parties is too restrictive.

I was surprised that you did not want to extend the protections of the order to your client's medical records, but will accept that change if you do not want to reconsider.

Given that nothing in the order limits the use of documents or information in the course of the trial, I would hope we could resolve these issues concerning the scope of the order.  As I indicated last evening, I would prefer that confer regarding these matters and remain available to discuss them with you.

I will circulate an new version of the order with those changes that are acceptable to us.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland  21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

---

**From:** Watsonmoranllc@aol.com [mailto:Watsonmoranllc@aol.com]
**Sent:** Wednesday, April 09, 2008 8:24 AM
**To:** McCormack, Timothy F. (Balt)
**Subject:** Re: Protective Order

Mr. McCormack:

My redlined (and blue lined) version to the Protective Order is attached below.  I will call this afternoon in hopes that we may speak about discovery issues.

Greg Watson

Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505 (Tel)



**EXHIBIT**

16

(301) 429-0371 (Fax)

---

Planning your summer road trip? Check out AOL Travel Guides.

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

April 14, 2008

**VIA FEDERAL EXPRESS**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

   Re: Shelton v. Howard University, et al.
     <u>Civil Action No.:  1:07-CV-00596-AMC</u>

Dear Mr. Watson:

   Enclosed as a supplemental production of documents are a complete copy of your client's personnel file, marked as HU00243-HU00249 and your client's payroll records marked as HU00250-HU0285.

   If you have any questions, please feel free to telephone me.

       Very truly yours,

       Timothy F. McCormack

TFM/jpr
Enclosures

EXHIBIT

17

DMEAST #10020094 v1

Law Offices

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

April 28, 2008

**VIA E-MAIL and FIRST-CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

> Re:     Shelton v. Howard University, et al.
>         Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

Enclosed is a revised Protective Order, and a copy of the same marked with the changes against your last comments.

I believe we have only one area of disagreement. The University's interests are broader than mere financial matters and matters relating only to the University. The University has an interest in maintaining the confidentiality of other non-public or non-publicly available information, especially information concerning non-party employees of the University. Therefore, we are proposing that we reinsert the language concerning personnel matters and non-parties.

Your remaining proposed changes have, generally, been accepted.

Please telephone me once you have had an opportunity to review the enclosed so that we may finalize the Protective Order.

Very truly yours,

Timothy F. McCormack

TFM/dfp
Enclosures

EXHIBIT
18

DMEAST #10028484 v1

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR

BALTIMORE, MARYLAND 21202-3268

410-528-5600

FAX: 410-528-5650

WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 7, 2008

**VIA FACSIMILE ((301-429-0371) and**
**FIRST-CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

            Re:    Shelton v. Howard University, et al.
                   Civil Action No.:  1:07-CV-00596-AMC

Dear Greg:

            Enclosed please find the following:

            1.    Supplemental Response of Defendant Franklin D. Chambers to Plaintiff's
First Request for Production of Documents; and

            2.    Supplemental Response of Defendant Howard University to Plaintiff's
First Request for Production of Documents.

            If you have any questions, please feel free to telephone me.

                        Very truly yours,

                        Timothy F. McCormack

TFM/dfp
Enclosures

**EXHIBIT**
**19**

DMEAST #10012681 v3

LAW OFFICES
## BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. MCCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 15, 2008

## VIA FEDERAL EXPRESS

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

Re:    Shelton v. Howard University, et al.
       Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

You have advised me that the copy of the documents relating to fringe benefits that we produced to you was incomplete. You have stated that the copy that we produced to you was missing every other page.

We have reviewed our file and our copy of the production is complete. We also note that none of the documents were two-sided. Therefore, we have no explanation for the incomplete copy you were provided, but apologize.

Enclosed is a duplicate copy of the benefits information, marked as HU 00286 through HU 00325.

Very truly yours,

Timothy F. McCormack

TFM/dfp
Enclosures

EXHIBIT
20

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. MCCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 16, 2008

**VIA FACSIMILE AND U.S. MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

> Re:   Shelton v. Howard University, et al.
>        Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

You have asked us to identify the person responsible for maintaining Howard University's e-mail system. The person with ultimate responsibility is Clarence Groover, Interim Associate Director of ISAS Application Systems, Howard University, 2400 Sixth Street, NW, Washington, D.C. 20056.

We have asked each of the involved departments to review their e-mail records again to identify any e-mail correspondence responsive to your request and will supplement our production as promptly as possible.

If you have any questions, please feel free to telephone me.

Very truly yours,

Timothy F. McCormack

TFM/dfp

EXHIBIT
21

# Watson & Moran, L.L.C.

## ATTORNEYS & COUNSELORS • AT LAW

May 20, 2008

**VIA FAX (410) 528-5650 AND REGULAR FIRST CLASS MAIL**

Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202

**RE:** *Shelton v. Howard University., et al., Case No. 1:07-cv-00596*

Dear Mr. McCormack:

Last week we received from you, for the first time, a set of documents entitled Howard University and Hospital Summary of Healthcare Benefits for years 2005-2006, 2006-2007, 2007-2008; as well as various miscellaneous pages all containing the phrase "Benefits-At-A-Glance." Your letter infers that you have provided these documents to us before. Further, you note that the set in your possession is complete and that the pages were not double sided (as though this is probative as to whether you provided a complete set to us).

To date, we *still have not* received a complete set of the document entitled "Personnel Guidelines And Statement of Current Benefits." The pages in this same entitled document, which you produced, are consecutively bate stamped HU 117 through 132. However, though the bate stamps are consecutively numbered, the documents itself is missing all even pages. For example, bate stamp HU 121 is page 3 of the document, and bate stamp HU 122 is page 5. Please provide a complete set of this document by Friday, May 23, 2008. Also, as I stated in our status conference, the document entitled "Employee Handbook" (HU 66 through HU 115) contains a reference to a "Summary Plan Description of Benefit Programs" in its sections for Life Insurance, Health Insurance, Long Term Disability Insurance and the Retirement Program. I will also need these Summary Plan Descriptions by Friday, May 23, 2008.

With respect to our e-mail discovery requests, I note that these requests were covered in Plaintiff's document request to Howard University Nos. 6, 36, 38; and Plaintiff's documents requests to Franklin Chambers Nos. 39; 6, 34, 36, 37. Those

**EXHIBIT**

22

Metro-Plex • 8401 Corporate Drive • Suite 110 • Landover, MD 20785
TEL 301-429-0505 • FAX 301-429-0371
watsonmoranllc@aol.com

RECEIVED MAY 27 2008

requests sought broadly, communications between Plaintiff and Defendant Chambers from 2004 through 2006; and specifically, e-mails regarding Plaintiff's termination, promotion, and regarding the Howard University Executive Leadership Institute.   Our requests are also inclusive of e-mail exchanges between Plaintiff and Defendant Chambers in the latter part of March 2006 and early part of April 2006, regarding Plaintiff's diagnosis, medications Plaintiff was taking, Plaintiff's seizure treatment and medical testing Plaintiff was to undergo and Plaintiff's leave.  Plaintiff requests are also inclusive of e-mail exchanges between Plaintiff and Defendant Chambers in April 2006 regarding medical documentation requested by Defendant Chambers.    Additionally, Plaintiff's requests are inclusive of e-mail exchanges between Plaintiff and Defendant Chambers regarding the Howard University Executive Leadership Institute occurring between March 2006 and May 2006.

We will note the corporate deposition of your custodian of e-mails, however, you are still obligated to respond to our relevant requests.

Sincerely,

E. Gregory Watson

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 23, 2008

## VIA FACSIMILE AND U.S. MAIL

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

> Re:   Shelton v. Howard University, et al.
>        Civil Action No.:  1:07-CV-00596-AMC

Dear Mr. Watson:

This letter is in response to yours dated May 20, 2008, concerning Howard University's documents regarding healthcare and other fringe benefits.  We are beginning to get the impression that you are attempting to manufacture a dispute where one need not exist, particularly when you impose three day deadlines.

Although you had never raised the issue with us, at the status conference you complained to the Court that the documents relating to benefits were missing every other page. Since we had just transmitted to you the Summary of Healthcare Benefits and related benefit descriptions, we understood those to be the documents that were incomplete.  We recopied those documents and sent additional copies on May 15, 2008.  My only point in observing that the copy in our file was complete was to reinforce my statement that we had no explanation for our mistake, for which we apologized.

In your letter of May 20, 2008, you, for the first time, identified the incomplete document as the Personnel Guidelines and Statement of Current Benefits Effective July 1, 1999, and provided the range of document numbers. With that information, we understood, for the first time, that the document that we had numbered and from which we had made your copy was incomplete, missing every other page.  We have obtained a complete copy of the document and are enclosing it.  In order to eliminate any further confusion, we are renumbering this document HU 00326 - HU 00355.

EXHIBIT

23

E. Gregory Watson, Esquire
May 23, 2008
Page 2

      With regard to the statement in the Employee Handbook (Non-Faculty) regarding a Summary Plan Description of Benefit Programs, please note that the handbook was published in 1980.  Benefit programs and terminology have changed since then.  The current plans are contained in the documents you acknowledge receiving (HU 00117-00132).

      With regard to the e-mail messages, you had made two requests of us, *viz.*, an identification of the person responsible for maintaining the e-mail system and the production of certain e-mail traffic.  By my letter dated May 15, 2008, we identified the person responsible for maintaining the system and indicated that we have asked each of the involved departments to review their e-mail records again to identify any e-mail correspondence responsive to your request and that we will supplement our discovery responses as promptly as possible.

      If you have any questions about any of the foregoing, please feel free to telephone me.

Very truly yours,

Timothy F. McCormack

TFM/dfp
Enclosures

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

May 28, 2008

## VIA FACSIMILE AND U.S. MAIL

E. Gregory Watson, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive, Suite 110
Landover, Maryland 20785

Re:   Shelton v. Howard University, et al.
      Civil Action No.:  1:07-cv-00596-AMC

Dear Mr. Watson:

In response to your letter dated May 20, 2008, concerning the answers of Defendants Howard University and Franklin D. Chambers to your client's interrogatories, I have repeatedly sought a telephone conference to discuss the alleged deficiencies in our responses. You have never responded to any of our repeated requests that we speak about this matter, and it is now apparent that you are attempting to manufacture a discovery dispute where none exists, as further evidenced by your writing us at the end of the day to impose a three-day deadline for a response.

Since you refuse to discuss the matters with us by telephone, we will address each of your complaints in turn below.

### Defendant Howard University's Answers And Objections To Plaintiff's Interrogatories

1.        **Interrogatory No. 4:**    This interrogatory sought the identification of Plaintiff's hire date, positions she held while employed by the University, her rate of pay, her salary in each position, time in each position, reasons for changes in position throughout her employment and her supervisor in each position.  All of the information responsive to this interrogatory is set forth in the documents contained in Plaintiff's personnel file, which we have produced to you.  Pursuant to the Federal Rules of Civil Procedure, we are entitled to direct you to those documents for the answer where, as here, the burden of deriving the answer is the same for you as for Defendant Howard University.

DMEAST #10047755 v1

**EXHIBIT**

24

E. Gregory Watson, Esquire
May 28, 2008
Page 2

    **2.**      **Interrogatory No. 5:**    Defendant Howard University came to understand that Plaintiff suffered a single seizure sometime in March 2006 and was hospitalized for approximately three days from Plaintiff's statements to Carolyn Smith and the letter from Plaintiff's doctor.    Defendant Howard University will supplement its answer to this interrogatory.

    **3.**      **Interrogatory No. 6:**    The University's answer to this interrogatory is responsive.  Defendant Howard University is not aware of the Plaintiff having ever contacted the Office of Human Resource Management as directed or ever having been deprived of any rights she may have been entitled to under the Family Medical Leave Act.

    **4.**      **Interrogatory No. 12:**    Defendant Howard University will supplement its answer to this interrogatory to state how Plaintiff was made aware of the complaints about her performance.

    **5.**      **Interrogatory No. 13:**    Defendant Howard University has directed you to those documents which contain the information responsive to this interrogatory and produced all such documents.    We will, however, supplement this response to identifying the oral communications responsive to this interrogatory.

    **6.**      **Interrogatory No. 14:**    Carolyn Smith received certain telephone calls from the Plaintiff and may have been the recipient of certain e-mail messages.  We will supplement the answer to this interrogatory to clarify Ms. Smith's knowledge.

    **7.**      **Interrogatory No. 17:**    The answer to this interrogatory may be derived from the Plaintiff's personnel file and the evaluations of Plaintiff's performance between 2002 and her termination in 2006.  Defendant Howard University has produced copies of all of those documents to you as it is entitled under the Federal Rules of Civil Procedure.

    **8.**      **Interrogatory No. 18:**    Kindly advise us as to what issue you believe that other complaints, whether formal or informal, administrative or judicial, alleging violations of the Americans with Disabilities Act, the Family Medical Leave Act, or any other disability laws is either relevant or probative.  In the absence of some proffer by the Plaintiff, we believe that the Defendant's objection is well-grounded.

    **9.**      **Interrogatory No. 19:**    We do not understand Plaintiff's exception to this response. The response, on its face, states that Defendant will supplement this response when and if it identifies the person it intends to call as an expert witness at the trial of this matter.

    **10.**      **Interrogatory No. 20:**    Again, Defendant Howard University has produced to you copies of Plaintiff's personnel file and all written evaluations of Plaintiff's performance. We do not understand what additional statements you believe that the Plaintiff is entitled to.

    **11.**      **Interrogatory No. 21:**    Defendant Howard University will supplement this response.

E. Gregory Watson, Esquire
May 28, 2008
Page 3

    **12.**    **Interrogatory No. 22:**  Defendant Howard University will supplement this response.

    **13.**    **Interrogatory No. 23:**  We believe that the Defendants have fully responded to this interrogatory by producing the various document related to benefits. What additional information do you believe you require?

    **14.**    **Interrogatory No. 24:**  This interrogatory appeared directed toward establishing the applicability of the Family Medical Leave Act. We believe that Defendant's response has adequately conceded that it is subject to the Act. Is there some other reason why you need to know the exact number of employees of the Defendant? If so, what is that reason and as of what date do you wish us to determine the total number of employees?

**Answers And Objections Of Defendant Franklin D. Chambers**

    **1.**    **Interrogatory No. 1:**  Defendant will supplement this answer.

    **2.**    **Interrogatory No. 6:**  Again, we do not understand your exception to the answer to this interrogatory. The answer, on its face, states that Defendant will supplement the answer when and if he identifies the person he intends to call as an expert witness in the trial of this matter.

    **3.**    **Interrogatory No. 7:**  There is no issue whatsoever to which an arrest is relevant. Moreover, an arrest is not likely to lead to the discovery of relevant, admissible evidence. This interrogatory appears to be imposed solely to harass Defendant Chambers. The only facts that would arguably be relevant to the credibility of Defendant Chambers would be a conviction of a crime involving moral turpitude. If the Plaintiff is willing to limit this interrogatory to convictions, Defendant Chambers will provide a complete response.

    **4.**    **Interrogatory No. 15:**  Defendant will supplement this answer.

    **5.**    **Interrogatory No. 17:**  Defendant will supplement this answer. Defendant Howard University has provided or is in the process of providing all of the documents evidencing communications between the Defendant and the Plaintiff. Defendant Chambers will supplement this answer to describe any oral communications.

    **6.**    **Interrogatory No. 19:**  Carolyn Smith received certain telephone calls from the Plaintiff and may have been the recipient of certain e-mail messages. We will supplement the answer to this interrogatory to clarify Ms. Smith's knowledge.

    **7.**    **Interrogatory No. 22:**  The answer to this interrogatory may be derived from the Plaintiff's personnel file and the evaluations of Plaintiff's performance between 2002 and her termination in 2006. Defendant Howard University has produced copies of all of those documents to you as it is entitled under the Federal Rules of Civil Procedure.

E. Gregory Watson, Esquire
May 28, 2008
Page 4

8.      **Interrogatory No. 23:**    Kindly advise us as to what issue you believe that other complaints, whether formal or informal, administrative or judicial, alleging violations of the Americans with Disabilities Act, the Family Medical Leave Act, or any other disability laws is either relevant or probative.  In the absence of some proffer by the Plaintiff, we believe that the Defendant's objection is well-grounded.

9.      **Interrogatory No. 24:**    Again, Defendant Howard University has produced to you copies of Plaintiff's personnel file and all written evaluations of Plaintiff's performance. We do not understand what additional statements you believe that the Plaintiff is entitled to.

10.      **Interrogatory No. 25:**    Defendant Chambers will supplement this answer.

Due to the press of other business, we were not able to complete all of our supplementations by close of business today.  We will, however, provide supplemental answers on behalf of both defendants on or before Monday, June 2, 2008.

Very truly yours,

*Timothy F. McCormack / JEK*

Timothy F. McCormack

TFM/dfp

DMEAST #10047755 v1

**McCormack, Timothy F. (Balt)**

| | |
|---|---|
| **From:** | McCormack, Timothy F. (Balt) |
| **Sent:** | Tuesday, June 10, 2008 6:03 PM |
| **To:** | 'watsonmoranllc@aol.com' |
| **Cc:** | Buhrman, Kimberlee P. (Balt) |
| **Subject:** | Shelton v. Howard University |

**Contacts:**       E. Gregory Watson Esquire

Mr. Watson-

Howard University has completed its review of e-mails and we have received approximately 1,600 files.  We want to give you the option of receiving these files in electronic format rather than in hard copy.  Please let us know your preference.  If you need more information to make your decision, please let us know what you need.

We look forward to hearing from you.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland  21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

EXHIBIT
25

**McCormack, Timothy F. (Balt)**

| | |
|---|---|
| **From:** | McCormack, Timothy F. (Balt) |
| **Sent:** | Thursday, June 12, 2008 9:18 AM |
| **To:** | 'watsonmoranllc@aol.com' |
| **Subject:** | Shelton v. Howard University |

Mr. Watson-

With regard to the supplemental production of e-mails, upon review, we discovered that there were, in fact, fewer than the 1,600 files that we originally estimated. There are, however, approximately 4,000 pages of documents. We hope to have everything reviewed for privilege and ready for production by the end of the day. Kindly let us know whether if you would prefer production in electronic format, rather than had copy.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland 21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

EXHIBIT
26

1

**McCormack, Timothy F. (Balt)**

| | |
|---|---|
| **From:** | Watsonmoranllc@aol.com |
| **Sent:** | Thursday, June 12, 2008 9:51 AM |
| **To:** | McCormack, Timothy F. (Balt) |
| **Subject:** | Re: Shelton v. Howard University |

Mr. McCormack:
For clarification: you had previously used the term "files" with respect to electronic format. Can you explain what you meant by files.  Also, would the electronic format be searchable and able to be read and retrieved?  Would I need a particular program to read it?

Greg Watson

Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505 (Tel)
(301) 429-0371 (Fax)

---

Vote for your city's best dining and nightlife. City's Best 2008.



EXHIBIT
27

7/9/2008

## McCormack, Timothy F. (Balt)

**From:**     McCormack, Timothy F. (Balt)
**Sent:**     Thursday, June 12, 2008 10:12 AM
**To:**       'Watsonmoranllc@aol.com'
**Subject:** RE: Shelton v. Howard University

Mr. Watson-

I apologize but I am a bit of a Luddite and was repeating what I was told by our technician. As I understand it, from the initial review of the collected data we believed that there were a large number of data files, with each file representing an e-mail or document. Upon further review, we discovered that most of those files were random bits of data or, as our technician described them, junk files. They were not part of the original data.

We have now concluded that there is a more limited collection of files, i.e., e-mails and attachments, and that those files will produce approximately 4,000 pages. As to the electronic format, we will accommodate whatever program or format you prefer.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland  21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

---

**From:** Watsonmoranllc@aol.com [mailto:Watsonmoranllc@aol.com]
**Sent:** Thursday, June 12, 2008 9:51 AM
**To:** McCormack, Timothy F. (Balt)
**Subject:** Re: Shelton v. Howard University

Mr. McCormack:
For clarification: you had previously used the term "files" with respect to electronic format. Can you explain what you meant by files. Also, would the electronic format be searchable and able to be read and retrieved? Would I need a particular program to read it?

Greg Watson

Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505 (Tel)
(301) 429-0371 (Fax)

---

Vote for your city's best dining and nightlife. City's Best 2008.

**EXHIBIT**

28

7/9/2008

## McCormack, Timothy F. (Balt)

**From:** McCormack, Timothy F. (Balt)
**Sent:** Thursday, June 12, 2008 10:22 AM
**To:** 'Watsonmoranllc@aol.com'
**Subject:** RE: Shelton v. Howard University

Mr. Watson-

I'm told that the default format for the electronic production is a TIFF file, or Tagged Image File Format, in which documents can be searched, read and retrieved. I tried calling you this morning with one of my colleagues who has a better understanding of these issues. Please call me when you it is convenient.

One option would be for us to first send you the documents in electronic format on a disk. Then, if you can't read the disk, we could send you the hard copies.

Please let me know how you want to proceed.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland 21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

**From:** Watsonmoranllc@aol.com [mailto:Watsonmoranllc@aol.com]
**Sent:** Thursday, June 12, 2008 9:51 AM
**To:** McCormack, Timothy F. (Balt)
**Subject:** Re: Shelton v. Howard University

Mr. McCormack:
For clarification: you had previously used the term "files" with respect to electronic format. Can you explain what you meant by files. Also, would the electronic format be searchable and able to be read and retrieved? Would I need a particular program to read it?

Greg Watson

Watson & Moran, LLC
8401 Corporate Drive
Suite 110
Landover, MD 20785
(301) 429-0505 (Tel)
(301) 429-0371 (Fax)

Vote for your city's best dining and nightlife. City's Best 2008.

EXHIBIT
29

7/9/2008

## McCormack, Timothy F. (Balt)

| | |
|---|---|
| **From:** | McCormack, Timothy F. (Balt) |
| **Sent:** | Wednesday, June 18, 2008 4:52 PM |
| **To:** | 'Watson & Moran, LLC (watsonmoranllc@aol.com)' |
| **Subject:** | Shelton v. Howard University |
| | |
| **Contacts:** | E. Gregory Watson Esquire |

Counsel-

We will be delivering to your office tomorrow by courier hard copies of the e-mails between Carol C. Shelton and Franklin D. Chambers and a disk containing the same documents in electronic form. We apologize for the delay.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland  21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

**EXHIBIT**

tabbies'

30

## McCormack, Timothy F. (Balt)

| | |
|---|---|
| **From:** | McCormack, Timothy F. (Balt) |
| **Sent:** | Friday, June 20, 2008 9:14 AM |
| **To:** | Watson & Moran, LLC (watsonmoranllc@aol.com) |
| **Subject:** | Shelton v. Howard University |

Counsel-

When the copies were delivered to our office yesterday afternoon, they were still wrong.  They are being reprinted this morning and will then be delivered by courier to your office.  We apologize for the delay.  It is probably little consolation, but we are more frustrated than you with this situation.

We will send you a confirmatory e-mail once the package has left our office.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland  21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

EXHIBIT

31

# McCormack, Timothy F. (Balt)

**From:**      McCormack, Timothy F. (Balt)
**Sent:**       Friday, June 20, 2008 12:53 PM
**To:**          Watson & Moran, LLC (watsonmoranllc@aol.com)
**Subject:**   Shelton v. Howard University

Counsel-

We have delivered two boxes of documents to a courier with instructions to deliver the same to your office. We sent the documents on an expedited delivery and anticipate that they should arrive at your office in the next 60 to 90 minutes.

Again, we apologize for the delays.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland 21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

**EXHIBIT**

32