IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL C. SHELTON, | * |
| Plaintiff, | * |
| v. | |
| | *    Civil Action No.: 1:07-cv--00596-RMC |
| HOWARD UNIVERSITY, et al. | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION OF DEFENDANT HOWARD UNIVERSITY TO COMPEL DISCOVERY AND FOR SANCTIONS

Defendant Howard University ("Howard University), by and through its undersigned attorneys, moves to compel a response by Plaintiff Carol C. Shelton to the Second Request of Defendant Howard University for Production of Documents and for sanctions and, in support thereof, says:

1.　In 2004, Plaintiff Carol C. Shelton was employed by Howard University in the office of the Vice-Provost for Student Affairs. Ms. Shelton's employment was terminated on May 24, 2006.

2.　On the afternoon of her termination, Plaintiff Shelton removed a significant amount of property from her office including certain papers and files. She had been told that she could remove her personal property from the University's premises. However, after she had left the University's administration building, but before she had reached her automobile, she was discovered to have removed from her office a university owned computer processing unit. She was stopped and the computer was recovered.

3. Subsequent to her termination, certain University papers and files which had last been seen in the position of Plaintiff Shelton were found to be missing. The University is entitled to the return of its papers and files, if they are in the possession of Plaintiff Shelton.

4. Additionally, Plaintiff Shelton has made a claim of defamation in the case, asserting that the University or its representative accused her of theft from University. Both the University and Defendant Chambers deny that there has ever been an accusation of theft by Ms. Shelton. That said, if Plaintiff Shelton has removed University files and papers or other property such actions would be probative to her claims against the University.

5. On May 16, 2008, Defendant Howard University served its Second Request of Defendant Howard University for Production of Documents by Plaintiff Carol C. Shelton, seeking the identification and production of any and all documents or other property of Howard University in Plaintiff's Shelton's possession. A copy of the Second Request of Defendant Howard University for Production of Documents by Plaintiff Carol C. Shelton is attached as **Exhibit A**.

6. Plaintiff Shelton's response to the Second Request was due on or before June 18, 2008.

7. Plaintiff Shelton has failed to respond in any manner to the Second Request.

8. Pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure, Defendant Howard University is entitled to an order compelling a response to the Second Request and the production of all documents and other property responsive thereto.

9. Pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, Defendant Howard University is entitled to its costs and expenses of bringing this motion, including a reasonable attorney's fate.

WHEREFORE, Defendant Howard University respectfully requests the following relief:

A. That Plaintiff Carol C. Shelton be compelled to respond to the Second Request of Defendant Howard University for Production of Documents by Carol C. Shelton within ten (10) days;

B. That Defendant Howard University be granted the cost and expense of this Motion to Compel, including reasonable attorney's fees; and

C. That Defendant Howard University be granted such other and further relief as is just and equitable.

                                              Respectfully Submitted,

/s/ Timothy F. McCormack
Timothy F. McCormack, Bar No. 385025
Jennifer E. Keyser, Bar No. 500664

Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 528-5600

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July 2008, a copy of the foregoing was mailed first-class, postage prepaid, to:

> E. Gregory Watson, Esquire
> Stephanie D. Moran, Esquire
> Watson & Moran, LLC
> Metro-Plex I
> 8401 Corporate Drive, Suite 100
> Landover, Maryland  20785
>
> *Attorneys for Plaintiff*

                              /s/ Timothy F. McCormack
                              Timothy F. McCormack

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL C. SHELTON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No.: 1:07-cv-00596 |
| | * |
| HOWARD UNIVERSITY, et al. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**SECOND REQUEST OF DEFENDANT HOWARD UNIVERSITY FOR PRODUCTION
OF DOCUMENTS BY PLAINTIFF CAROL C. SHELTON**

Defendant Howard University ("Howard University"), by and through its undersigned attorneys, propounds this second request for the production of documents and things by Plaintiff Carol C. Shelton ("Shelton" or "Plaintiff"), in accordance with Rule 34 of the Federal Rules of Civil Procedure, and directs Plaintiff to comply with this request by producing the requested documents at the law offices of Ballard Spahr Andrews & Ingersoll, LLP, 300 East Lombard Street, 18th Floor, Baltimore, Maryland 21202, within thirty (30) days.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Relate to," including all of its various forms such as "relating to" or "relates to," shall mean consist of, referred to, reflect or be in any way logically or factually connected with the matter discussed.

2.      "Person" means the singular and plural of any natural individual, partnership (limited or general), joint venture, corporation, association, committee, agency or other legal entity, including representatives of such person.

3.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request for production of documents, any information that might otherwise be construed to be outside its scope.

**EXHIBIT A**

4.  When knowledge or information in possession of a party is requested, such request includes the knowledge of the party's agents, representatives, experts, persons consulted concerning any factual matters, or matters of opinion relating to any of the facts or issues involved in this action and, unless privileged, the party's attorneys.

5.  This Request for Production of Documents shall be deemed continuing. If additional facts, documents, information or witnesses become known to you, supplementary responses must be served on counsel for Defendant Howard University.

6.  Whenever a request seeks the production of an item or document which no longer exists or is altered, the response shall state the date of the alteration, the reason for its non-existence or alteration, the identity of each and every person who altered or repaired, participated in, ordered or suggested the alteration or repair of the item or document.

7.  With respect to the production of any documents which are claimed to be privileged, provide a statement setting forth as to each such document:

    (a) the name of the sender, if any, of the document;

    (b) the name of the author or creator of the document;

    (c) the name of the person(s), if any, to whom copies of the documents were sent;

    (d) the date of the document;

    (e) the date on which the document was received by those having possession of the document;

    (f) a brief description of the subject matter of the document; and

    (g) the statute, rule or decision which is claimed to give rise to the privilege.

8. The term "you," "your," or "Plaintiff" shall mean and refer to Plaintiff Carol C. Shelton and any other person(s) acting or purporting to act on behalf of Plaintiff, including, but not limited to, her attorneys, family members, experts, consultants, employees or agents.

9. As used herein, the terms "concern," "concerning," "relate" or "relating to" mean compromising, concerning, constituting, containing, describing, disclosing, discussing, evidencing, explaining, involving, pertaining to, referring to, relating to, setting forth, showing or symbolizing.

10. "Document" means or refers to any writing, record, or graphic material of every kind or description however produced or reproduced, whether draft or final, original or reproduction, including but not limited to, writings, drawings, charts, letters, envelopes, contracts, electronic or e-mail, telephone message slips, telephone logs, telephone bills, agreements, memoranda, telegrams, telexes, cables, messages, notes, reports, forms, inter-office communications, intra-office communications, appointment books, appointment logs, desk calendars, diaries, checks, drafts, wire transfers, transmittal authorizations, bank statements, ledgers, journals, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, travel vouchers, promotional materials, lists, notebooks, computer print-outs, electronically or magnetically recorded or stored data, microfilm, microfiche, photographs, tape recordings, transcripts, minutes, affidavits, opinions, signed statements, summaries notices, books, articles, newspapers, charts, magazines, napkins, menus and all other documentary material including non-identical copies (whether different from the original because of any alterations, notes, comments or other material contained therein or attached thereto or otherwise), and drafts, whether used or not. The term "documents)" includes all documents responsive to an

interrogatory, regardless of whether or not the document(s) still exists, and regardless of who has maintained custody of such document(s).

11. The terms "communicate" and "communication" refer to every manner or means of disclosure or transfer or exchange of information whether orally or by document and whether face to face, by telephone, mail, telexes, meetings, discussions, releases, personal delivery or any other means of imparting or exchanging information.

12. As used herein, the term "constitute," "evidence," "discuss," "refer" or "relate to" shall mean relate, constitute, refer, concern, pertain to, summarize, analyze or hi any way logically or factually connected with the matter described in this request.

13. The term "Defendants" shall mean Howard University, Franklin D. Chambers, either of them, or both.

14. Whenever a request seeks the production of a document which has been destroyed, the response should state the date of destruction, the reason for destruction, the identity of each and every person who destroyed or discarded, or participated in, ordered, or suggested the destruction or discarding of the document. In addition the response should state whether the documents were destroyed as a result of a destruction policy, and if so, a description of such policy.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:** Any and all documents evidencing, relating to, or referring to Howard University which you have held, maintained, had custody, control or possession of at any time from January 1, 2005 through the present.

**REQUEST NO. 2:** Any and all property of Howard University which you have held, maintained, had custody, control or possession of at any time from January 1, 2005, through the present.

Respectfully submitted,

*(signature)*

Timothy F. McCormack
Bar No. 385025

Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland 21202
Telephone: (410) 528-5600
Facsimile: (410) 528-5650

Attorney for Defendant Howard University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of May, 2008, a copy of the foregoing was mailed, first-class, postage prepaid, to:

> E. Gregory Watson, Esquire
> Watson & Moran, LLC
> 8401 Corporate Drive, Suite 110
> Landover, Maryland 20785
>
> *Counsel for Plaintiff*

_____
Timothy F. McCormack

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL C. SHELTON, | * |
| Plaintiff, | * |
| v. | |
| | *   Civil Action No.: 1:07-cv--00596-RMC |
| HOWARD UNIVERSITY, et al. | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

Upon consideration of the Motion of Defendant Howard University to Compel Discovery and for Sanctions, and good cause therefor having been shown, it is, this _____ day of July, 2008, by the United States District Court for the District of Columbia,

ORDERED that Plaintiff Carol C. Shelton shall respond to the Second Request of Defendant Howard University for Production of Documents and produce all responsive documents and things within ten (10) days after the date of entry of this Order; and it is further

ORDERED that Plaintiff Carol C. Shelton shall pay to Defendant Howard University the cost and expenses of bringing the Motion to Compel and for Sanctions in the form of attorney's fees in the amount $_____.

_____
Rosemary M. Collyer
United States District Judge

cc: Timothy F. McCormack, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202


E. Gregory Watson, Esquire
Stephanie D. Moran, Esquire
Watson & Moran, LLC
Metro-Plex I
8401 Corporate Drive, Suite 100
Landover, Maryland 20785