**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CAROL C. SHELTON,                                    *

     Plaintiff,                                   *

v.

                                   *     Civil Action No.: 1:07-cv--00596-RMC

HOWARD UNIVERSITY, et al.

                                   *

     Defendants.                                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO**
**EXTEND DEADLINE TO IDENTIFY EXPERTS**

Defendants Howard University and Franklin D. Chambers, by their undersigned counsel,

oppose the Plaintiff's Motion to Extend Deadline to Identify Experts and state:

1.      In the typical case, a motion to amend the scheduling order to allow additional

time for the designation of expert witnesses would have been discussed in advance among

counsel and brought by consent.  Unfortunately, this is not the typical case.

2.      By the Motion to Extend Deadline to Identify Experts, Plaintiff's counsel certifies

to the Court that she "was not able to obtain the consent of Defendants or their position prior to

filing this motion."  That certification is an understatement.  Plaintiff's counsel never advised

Defendants of her intention to bring the motion and never sought Defendants' consent.  More

troubling, Plaintiff's counsel has grossly misstated the history of discovery in this case in an

attempt to place defense counsel in a false light.

3.      It would be an understatement to say that the relationship among counsel in this

case has been strained.  The low point of that relationship was Plaintiff's Motion for Sanctions

and this Court's Order to Show Cause why defense counsel should not be sanctioned.

4.    Following Defendants' extensive response to the Order to Show Cause, this Court discharged the Order and reminded counsel for both parties of their obligations to consult regarding discovery matters before bringing disputes to the Court.  Defense Counsel have taken that admonition to heart.

5.    Plaintiff states in the pending motion that there is cause to grant the relief sought because Defendants failed to appear at two scheduled depositions.  That statement is untrue.

6.    Depositions of the parties had been scheduled for June 19, 20 and 27.  Those depositions were postponed, without new dates, in order to give both parties an opportunity to review a supplemental production of documents by Defendant Howard University.

7.    As of the beginning of July 2008, the depositions had not been rescheduled.

8.    In what was, frankly, an effort to bring a new tone to the relationship among counsel, Defense Counsel wrote to Counsel for the Plaintiff on July 11, 2008, regarding rescheduling the depositions.  See letter dated July 11, 2008, from Timothy F. McCormack, Esquire, to E. Gregory Watson, Esquire, and Stephanie D. Moran, Esquire, a copy of which is attached as **Exhibit A**.  Defense counsel stated:

> We are clear during the weeks beginning August 11 and 18, 2008.  Are any of the days during those two weeks convenient for you for depositions?  If so, please provide us with those dates.
>
> ***Once we have determined our mutual availability***, we can each contact our clients and, hopefully, reschedule the examinations.

**Exhibit A** (emphasis added)**.**

9.    Plaintiff's counsel waited three weeks to respond and then sent a back-dated letter by facsimile transmission stating:

> As you know, we would like to conduct the depositions of Franklin Shelton (sic) as well as Howard University's corporate representative.    Please advise us as to your client's (sic)

availability on August 11, 2008, August 18; and the afternoon of
August 20, 2008.

See facsimile transmission dated July 28, 2008, transmitting letter dated June 28, 2008, from E.

Gregory Watson, Esquire to Timothy F. McCormack, Esquire, a copy of which is attached as

**Exhibit B**.  Mr. Watson's letter did not acknowledge Mr. McCormack's earlier letters seeking to

determine the availability of Plaintiff's counsel and provided no information whatsoever as to the

availability of the Plaintiff for her continued deposition.  Without waiting for a response, counsel

for the Plaintiff served notices of deposition on July 31, 2008, purporting to schedule depositions

for August 11 and August 18, 2008.

      10.    In the three weeks between when Mr. McCormack had asked Plaintiff's counsel

for their availability and their response, Defense Counsel had scheduled other matters during the

weeks beginning August 11 and 18, 2008.  Therefore, on August 5, 2008, Mr. McCormack wrote

to Mr. Watson, observing the Court had made it clear that she expects counsel to confer and

work cooperatively with regard to discovery issues.  Mr. McCormack went on to state:

> In that spirit, we wrote you on July 11, 2008, to inquire as
> to your availability and that of your client for depositions during
> the weeks beginning August 11 and 18, 2008.  We inquired as to
> your availability during those weeks and proposed that the parties
> cooperatively reschedule the depositions of Carol C. Shelton,
> Franklin D. Chambers and a representative of Howard University.
>
>               * * *
>
> When we wrote you on July 11, 2008, it was our hope that
> we would receive a prompt response as to your availability during
> the next month so that we would have sufficient led time to
> schedule the appropriate administrators for examination.  Because
> you waited three weeks to respond, it will be more difficult to
> schedule the examinations.  ***We are now not available on the dates
> you have selected***.  We will inquire of our client's representatives
> as to their availability, but the examinations may have to be
> rescheduled for later in August or early September.

See letter dated August 5, 2008, from Timothy F. McCormack, Esquire to E. Gregory Watson, Esquire, a copy of which is attached as **Exhibit C** (emphasis added).

11.     On August 13, 2008, Mr. Watson sent Mr. McCormack and email, accusing the Defendants of a "repeated failure to attend or make themselves available for depositions."  See email dated August 13, 2008, from E. Gregory Watson, Esquire to Timothy F. McCormack, Esquire, a copy of which is attached as **Exhibit D**.  There, of course, had been no "repeated failure to attend or make [Defendants] available for deposition."  Defense counsel had been trying to coordinate scheduling for over a month.

12.     By email dated August 14, 2008, Mr. McCormack responded:

> You know full well that the Defendants have not failed to attend or make themselves available for depositions.  For over a month, we have been trying to schedule depositions of the Plaintiff and the Defendants.  I have repeatedly asked you to provide dates on which you would be available for those depositions.  Instead of discussing the matter with us, you unilaterally pick dates.  You did not afford us sufficient notice and we were unavailable.  I do not see the need to review the matters that have been previously set out in my letters.  Copies of those letters to you are attached.

> * * *

> If you are now willing to confer, we should discuss our respective availability.   I am not available for a telephone conference today or tomorrow, but could confer on Monday, August 18, at either 10:00 a.m. or 2:00 p.m. do those times work for you?  If not, please let me know when you can be available on Monday or Tuesday.

See email dated August 14, 2008 from Timothy F. McCormack, Esquire to E. Gregory Watson, Esquire, a copy of which is attached as **Exhibit E**.

13.     Mr. Watson's response was to assert that the Defendants were obligated to obtain a protective order for the deposition scheduled for Monday, August 11, 2008, notwithstanding Mr. McCormack's letter dated August 5, 2008, that advised Counsel for Plaintiff that Defense

Counsel was unavailable on the date selected. Mr. Watson ended his email by threatening to call Chambers to seek court intervention. See e-mail dated August 14, 2008 from Mr. Watson to Mr. McCormack, a copy of which is attached as **Exhibit F**.

14.     When Mr. McCormack returned to the office on the evening of Thursday, August 14, 2008, he wrote Mr. Watson again and again tried to move the process forward, offering dates on which defense counsel were available. Mr. McCormack ended his email:

> Are you available on any of these dates? Is your client? We are trying to schedule University representatives for these dates, but, frankly, it makes no more sense for us to unilaterally schedule the depositions than for you to do so, we really need to discuss the issue. ***Please note that we are not suggesting that you may simply notice deposition for these dates, we are determining the availability of witnesses.*** We are trying to determine our mutual availability so that we don't waste efforts scheduling and rescheduling witnesses.

See email dated August 14, 2008, from Mr. McCormack to Mr. Watson, a copy of which is attached as **Exhibit G** (emphasis added).

15.     Defense Counsel then telephoned the offices of Watson & Moran and reached Stephanie D. Moran. Ms. Moran stated that Mr. Watson had left for the day and that she was not in a position to schedule the depositions without him, but asserted that the Plaintiff would move for sanctions unless the Defendants appeared for depositions on August 18, 2008. Mr. McCormack again reiterated that Defense Counsel were not available for deposition on August 18, 2008, but could make themselves available for a brief conference to discuss scheduling and the respective availability of counsel for the parties for depositions at either 10:00 a.m. or 2:00 p.m. on Monday, August 18, 2008. Ms. Moran agreed to confer with Mr. Watson and then telephone defense counsel. Mr. McCormack proposed again that that conversation occur on August 18, 2008. See email dated August 15, 2008, from Timothy F. McCormack to Mr. Watson and Ms. Moran, a copy of which is attached as **Exhibit H**.

16.     Again, Mr. Watson and Ms. Moran did not telephone defense counsel nor provide any information regarding their availability on the dates on which defense counsel are available. Instead, they simply served notices of deposition, purporting to unilaterally schedule examinations of the Defendants, taking the very course of action Defense Counsel had asked that they not pursue.  Again, they provided no information regarding their availability or that of their client.

17.     On Monday, August 18, 2008, sometime after the close of business, Plaintiff's counsel filed a motion to extend deadline to identify experts.  The Motion is rife with false statements.

18.     The Plaintiff's counsel state: "Defendants have been uncooperative in this matter and have been preventing Plaintiff from obtaining necessary discovery."  That statement is not true.

19.     Plaintiff's counsel state: "Defendants failed to appear to (2) schedule depositions." That statement is not true.

20.     Plaintiff's counsel state: "Defendant's actions appear to be aimed at preventing Plaintiff from obtaining discovery, and at the same time Defendant's collect relevant discovery from Plaintiff."  That statement is not true.

21.     For a month and one half, Defense Counsel have been trying to schedule depositions cooperatively, Counsel for the Plaintiff stonewalled, refused to engage in any cooperative efforts to complete discovery, and engaged in what can only be described as belligerent conduct.

22.     Now, by her motion, Plaintiff seeks to extend only the time for her expert designations, not those of the Defendants.  If granted, the Plaintiff would be allowed to designate

experts after the time has expired for the Defendants to designate their experts. Plaintiff proposes no further adjustment to the schedule.

23. There are sufficient grounds for this Court to deny Plaintiff's motion. Plaintiff's counsel failed to confer with opposing counsel before bringing the motion, they have misstated the record of discovery in this matter, and have failed to establish cause for further extension of time to designate experts. If, however, the Court is inclined to grant the motion, it should amend the scheduling order in this case and extend all the remaining deadlines by the same sixty days.

WHEREFORE, Defendants Howard University and Franklin D. Chambers respectfully requests the following relief:

A. That Plaintiff's motion to extend deadline to identify experts be DENIED;

B. That, in the alternative, the Scheduling Order herein be amended as follows:

| | |
|---|---|
| Plaintiff's Designations of Experts and Reports Due | October 17, 2008 |
| Defendants' Designations of Experts and Reports Due | December 12, 2008 |
| All Fact and Expert Discovery Completed | January 16, 2009 |

and

C. That Defendants Howard University and Franklin D. Chambers be granted such other and further relief as is just and equitable.

Respectfully Submitted,

/s/ Timothy F. McCormack
Timothy F. McCormack, Bar No. 385025
Jennifer E. Keyser, Bar No. 500664

Ballard Spahr Andrews & Ingersoll, LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 528-5600

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20th day of August, 2008, a copy of the foregoing was

mailed first-class, postage prepaid, to:

> E. Gregory Watson, Esquire
> Stephanie D. Moran, Esquire
> Watson & Moran, LLC
> Metro-Plex I
> 8401 Corporate Drive, Suite 110
> Landover, Maryland  20785
>
> *Attorneys for Plaintiff*


> /s/ Timothy F. McCormack
> Timothy F. McCormack

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

July 11, 2008

**BY FACSIMILE AND FIRST-CLASS MAIL**

E. Gregory Watson, Esquire
Stephanie D. Moran, Esquire
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD  20785

Re:  Shelton v. Howard University, et al.
     Civil Action No.: 1:07-cv--00596

Dear Counsel:

We would like to reschedule the depositions in the above-referenced matter.

We are clear during the weeks beginning August 11 and 18, 2008.  Are any of the days during those two weeks convenient for you for depositions?  If so, please provide us with those dates.

Once we have determined our mutual availability, we can each contact our clients and, hopefully, reschedule the examinations.

We look forward to hearing from you.

Very truly yours,

Timothy F. McCormack

TFM/hal

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET
BALTIMORE, MD 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
ATLANTA, GA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

## PLEASE DELIVER AS SOON AS POSSIBLE TO:

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | E. Gregory Watson, Esquire | | (301) 429-0371 | |
| 2. | Stephanie D. Moran, Esquire | Watson & Moran, LLC | | |

| From: | Timothy F. McCormack | Date: | July 11, 2008 |
|---|---|---|---|
| Phone: | (410) 528-5680 | Matter: | 008284 |
| Fax: | (410) 361-8901 | | |
| E-mail: | mccormackt@ballardspahr.com | | |

Total number of pages including this page: 2
If you do not receive all the pages, please call Holly @ 410-528-5628.

Attached is Mr. McCormack's letter dated July 11, 2008.

**Please Note**: The information contained in this facsimile message is privileged and confidential and is intended only for the use of the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received the communication in error, or if any problems occur with transmission, please notify us immediately by telephone. Thank you.

8401 Corporate Drive,
Metro-Plex I
Suite 110
Landover, MD 20785
(301) 429-0505
(301) 429-0371 fax

**Watson & Moran, LLC**

# Fax

| **To** | Timothy F. McCormack | **From** | E. Gregory Watson |
|---|---|---|---|
| **Fax** | (410) 528-5650 | Pages: | 2 |
| Phone: | | **Date** | 7/2808 |
| Re: | Shelton v. Howard University | CC: | |

☐ Urgent    For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

# Watson & Moran, L.L.C.
## ATTORNEYS & COUNSELORS • AT LAW

June 28, 2008

**VIA FAX (410) 528-5650 AND REGULAR FIRST CLASS MAIL**

Timothy F. McCormack, Esq.
Ballard, Spahr, Andrews & Ingersoll, LLP
300 East Lombard St., 18th Fl.
Baltimore, MD 21202

**RE:** *Shelton v. Howard University., et al.*

Dear Mr. McCormack:

As you know, we would like to conduct the depositions of Franklin Shelton as well as Howard University's corporate representative. Please advise as to your clients availability on August 11, 2008, August 18, and the afternoon of August 20, 2008.

Sincerely,

E. Gregory Watson

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

300 EAST LOMBARD STREET, 18TH FLOOR
BALTIMORE, MARYLAND 21202-3268
410-528-5600
FAX: 410-528-5650
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

TIMOTHY F. McCORMACK
DIRECT DIAL: 410-528-5680
PERSONAL FAX: 410-361-8901
MCCORMACKT@BALLARDSPAHR.COM

August 5, 2008

**VIA FACSIMILE AND FIRST CLASS MAIL**

E. Gregory Watson, Esquire
Watson & Moran, LLC
8401 Corporate Drive, Suite 110
Landover, MD  20785

> Re:    Shelton v. Howard University, et al.
> Civil Action No.:  1:07-CV-00596

Dear Mr. Watson:

By her last Order entered in this case, the Honorable Rosemary Collyers made it clear that she expects counsel to confer regarding discovery issues.

In that spirit, we wrote you on July 11, 2008, to inquire as to your availability and that of your client for depositions during the weeks beginning August 11 and 18, 2008.  We inquired as to your availability during those weeks and proposed that the parties cooperatively reschedule the depositions of Carol C. Shelton, Franklin D. Chambers and a representative of Howard University.

We received no response from you until July 28, 2008, when, rather than provide us with your availability so that we could cooperatively reschedule the examinations, you asked that we produce Dr. Chambers and a representative of the University on one of three days. Without allowing us the opportunity to confer with our clients, on July 31, 2008, you issued notices of deposition.  You still have not advised us as to your client's availability.

When we wrote you on July 11, 2008, it was our hope that we would receive a prompt response as to your availability during the next month so that we would have sufficient lead time to schedule appropriate administrators for examination.  Because you waited three weeks to respond, it will be more difficult to schedule the examinations.  We are now not available on the dates you have selected.  We will inquire of our client's representative as to their

DMEAST #10091223 v1

E. Gregory Watson, Esquire
August 5, 2008
Page 2

availability, but the examinations may have to be rescheduled for later in August or early September.

After we have had an opportunity to confer with our clients, we will also propose dates for your client's deposition.

If you have any questions concerning any of the foregoing, please feel free to telephone me.

Very truly yours,

Timothy F. McCormack

TFM/lb

**McCormack, Timothy F. (Balt)**

| | |
|---|---|
| **From:** | Watsonmoranllc@aol.com |
| **Sent:** | Wednesday, August 13, 2008 12:44 PM |
| **To:** | McCormack, Timothy F. (Balt) |
| **Subject:** | Shelton v. Howard University |

Counsel:

Please advise when you are available for a telephone conference between now and tomorrow.  I would like to speak with you about Defendants repeated failure to attend or make themselves available for depositions.

Greg Watson

Watson & Moran, LLC
8401 Corporate Dr., Ste. 110
Landover, MD 20785
Tel. (301) 429-0505
Fax. (301) 429-0371

---

Looking for a car that's sporty, fun and fits in your budget? Read reviews on AOL Autos.

**McCormack, Timothy F. (Balt)**

| | |
|---|---|
| **From:** | McCormack, Timothy F. (Balt) |
| **Sent:** | Thursday, August 14, 2008 12:15 PM |
| **To:** | Watson & Moran, LLC (watsonmoranllc@aol.com) |
| **Subject:** | Shelton v. Howard University, et al. |

**Attachments:**    scanjob_7620_20080813_161245.pdf; scanjob_7620_20080813_161301.pdf

Mr. Watson-

I am writing in response to your e-mail of yesterday. You know full well that the defendants have not failed to attend or make themselves available for depositions. For over a month, we have been trying to schedule the depositions of the Plaintiff and the Defendants. I have repeatedly asked you to provide dates on which you could be available for those depositions. Instead of discussing the matter with us, you unilaterally picked dates. You did not afford us sufficient notice and we were unavailable. I do not see the need to review that matters that have been previously set out in my letters. Copies of those letters to you are attached.

At present, we are in the process of identifying the likely designees and determining dates on which they are available for deposition. This process seems backwards and extremely inefficient as I have no way of knowing whether you will be available on the dates we may choose with our clients. As I have been saying for over a month, I think it would be very beneficial for us to confer about our respective availability so that we can each contact our respective clients and schedule the depositions by agreement.

If you are now willing to confer, we should discuss our respective availability. I am not available for a telephone conference today or tomorrow, but could confer on Monday, August 18, at either 10:00 a.m. or 2:00 p.m. Do those times work for you? If not, please let me know when you can be available on Monday or Tuesday.

We have received your response to the second request for production of documents. We will get back to you promptly if we have any questions about it.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland 21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

   

scanjob_7620_200     scanjob_7620_200
80813_161245.p...    80813_161301.p...

## McCormack, Timothy F. (Balt)

**From:** Watsonmoranllc@aol.com
**Sent:** Thursday, August 14, 2008 3:07 PM
**To:** McCormack, Timothy F. (Balt)
**Subject:** Re: Shelton v. Howard University, et al.

Mr. McCormack:

To clarify, according to you, you are still in the process of identifying Howard University corporate designees for a deposition first noted in May?

You then indicate that you will be available for conference on Monday, however, your client's deposition is scheduled for Monday, August 18, 2008.

You and your client Franklin Chambers did not show up for a timely noted deposition on Monday, August 11, 2008. The deposition was not canceled and you did not file for a Protective Order. We intend to file for fees if we are unable to work out the issue of your clients' depositions and their repeated failure to appear.

Please telephone me immediately. We intend to call Judge's chambers this afternoon to schedule a telephone conference.

Greg Watson


Watson & Moran, LLC
8401 Corporate Dr., Ste. 110
Landover, MD 20785
Tel. (301) 429-0505
Fax. (301) 429-0371

---

Looking for a car that's sporty, fun and fits in your budget? Read reviews on AOL Autos.

8/14/2008

## McCormack, Timothy F. (Balt)

**From:**    McCormack, Timothy F. (Balt)
**Sent:**    Thursday, August 14, 2008 5:33 PM
**To:**     'Watsonmoranllc@aol.com'
**Subject:** RE: Shelton v. Howard University, et al.

Mr. Watson-

I do not understand your approach to this case. It is abundantly clear that Judge Collyer expects us to work out discovery issues without the court's intervention. she also expects us to turn down the acrimony. On our side, we are trying very hard to do so.

When Judge Collyer denied our motion to compel a response to the defendant's second request for production of documents, we wrote you and asked that you either respond to the request or tell us when you would respond. We made no threats. We did not rush to the judge for another discovery conference. Now that you have finally responded to the request, you accuse us of not proceeding with discovery.

We first raised the issue of rescheduling the depositions. I wrote you on July 11, 2008, and asked you for your availability so that we could reschedule all of the outstanding depositions. I heard nothing from you until July 28, 2008, when you wrote to ask about the availability of Franklin Chambers and a representative of the University on three particular days in August. Without waiting for our response, you sent a notice of deposition on July 31, 2008, purporting to schedule depositions for August 11 and 18, 2008.

I wrote you back as promptly as possible, on August 5, 2008, and told you that we were no longer available for deposition on either date. In the three weeks between my letter of July 11, 2008, and your response of July 28, 2008, those dates had been filled with other commitments. I am still not available for a deposition on August 18, 2008. I can, however, be available at 10:00 a.m. or in the afternoon at 2:00 p.m. to confer with you so that we can get these depositions scheduled. If those times do not work, I will do what I can to rearrange my schedule to confer with you at another time. Alternatively, we can speak on August 19, 2008, or you could simply provide dates on which you are available so that we can compare schedules and finish this discovery.

Freshman arrive at the University on Monday. Upperclassmen return the following week. It won't be possible to produce representatives of the University during that time. Further, I have trial of another matter scheduled to begin on August 25. It simply will not be possible to schedule the depositions before the end of August.

At this time, we are available on each of the following days:

September 5

September 8

September 15

September 17

September 18

Are you available on any of these days? Is your client? We are trying to schedule University representatives for these dates, but, frankly, it makes no more sense for us to unilaterally schedule the depositions than for you to do so. We really need to to a discuss the issue. Please note that we are not suggesting that you may simply notice depositions for these dates. We are determining the availability of witnesses. We are trying to determine our mutual availability so that we don't waste effort scheduling and rescheduling witnesses.

Timothy F. McCormack

8/19/2008

Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland  21202-3268
(410) 528-5680
(410) 361-8901 (fax)
mccormackt@ballardspahr.com

---

**From:** Watsonmoranllc@aol.com [mailto:Watsonmoranllc@aol.com]
**Sent:** Thursday, August 14, 2008 3:07 PM
**To:** McCormack, Timothy F. (Balt)
**Subject:** Re: Shelton v. Howard University, et al.

Mr. McCormack:

To clarify, according to you, you are still in the process of identifying  Howard University corporate designees for a deposition first noted in May?

You  then indicate that you will be available for conference on Monday, however, your client's deposition is scheduled for Monday, August 18, 2008.

You and your client Franklin Chambers did not show up for a timely noted deposition on Monday, August 11, 2008.  The deposition was not canceled and you did not file for a Protective Order.  We intend to file for fees if we are unable to work out the issue of your clients' depositions and their repeated failure to appear.

Please telephone me immediately.  We intend to call Judge's chambers this afternoon to schedule a telephone conference.

Greg Watson


Watson & Moran, LLC
8401 Corporate Dr., Ste. 110
Landover, MD 20785
Tel. (301) 429-0505
Fax. (301) 429-0371

---

Looking for a car that's sporty, fun and fits in your budget? Read reviews on AOL Autos.

## McCormack, Timothy F. (Balt)

| | |
|---|---|
| **From:** | McCormack, Timothy F. (Balt) |
| **Sent:** | Friday, August 15, 2008 9:10 AM |
| **To:** | 'Watson & Moran, LLC (watsonmoranllc@aol.com)' |
| **Cc:** | Keyser, Jennifer E. (Balt) |
| **Subject:** | Shelton v. Howard University, et al. |

| | |
|---|---|
| **Contacts:** | E. Gregory Watson Esquire |

Ms. Moran and Mr. Watson-

Confirming the telephone conversation of last evening among Ms. Moran, Ms. Keyser of this office and me, which this office initiated. We remain frustrated by your resistance to scheduling the depositions in this case in a cooperative manner. We also cannot disagree more with your claims that we failed to appear at a properly scheduled deposition, that we have a deposition scheduled for August 18, or that you have some right to pursue sanctions unless we obtain a protective order.

Although I am beginning to tire of rehashing the most recent history, I must note again that I wrote you on July 11 and asked for your availability during two weeks in August. You never responded to that letter. On July 28, you wrote me and asked about our availability on August 11 and 18. Your letter made no reference to our prior letter and, read in a vacuum, would give the false impression that it was the first correspondence on the issue of the depositions. We responded to you that we are not available for deposition on either August 11 or 18. We had filled the weeks beginning August 11 and 18 in the three weeks you took to respond to us. You have no basis for claiming that you have properly noticed depositions for days when you know we are unavailable.

As I said in our telephone conversation last evening and in almost every letter and e-mail since July 11, it would move the process forward if we could confer about our respective availability. I don't understand your reluctance to take that course. As I indicated yesterday, we are currently available on each of the following:

September 5

September 8

September 15

September 17

September 18

We would like to schedule Carol Shelton's deposition for September 5. Kindly let us know if that works for you and your client. We are proceeding to try to line up University representatives for the other days. Some indication from you as to whether those days work for you would be helpful.

Finally, I want to confirm that we told you that I do not expect to be available anytime today for a conference. Ms. Keyser will also be out of the office all day. I can be available for a conference on Monday at 10:00 a.m. In our conversation last evening, Ms. Moran kept pushing to call me today. I want to confirm that I told Ms. Moran that you are welcome to call and if I am available I will, of course, take your call. There is however no guarantee (and little likelihood) that I will be available. I anticipate being either out of the office or unavailable and not in a position where I can be interrupted all day. It would be best if we speak on Monday regarding our respective availability for depositions.

Timothy F. McCormack
Ballard Spahr Andrews & Ingersoll, LLP
18th Floor
300 East Lombard Street
Baltimore, Maryland  21202-3268
(410) 528-5680

(410) 361-8901 (fax)
mccormackt@ballardspahr.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CAROL C. SHELTON,                            *

     Plaintiff,                            *

v.

                                   *     Civil Action No.: 1:07-cv--00596-RMC

HOWARD UNIVERSITY, et al.

                                   *

     Defendants.

                                   *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**ORDER**

Upon consideration of the Plaintiff's Motion to Extend Deadline to Identify Experts and

the Opposition of Defendants thereto, it is, this _____ day of August, 2008, by the United States

District Court for the District of Columbia,

ORDERED that Plaintiff's Motion to Extend Deadline to Identify Experts is DENIED.

                                     _____
                                     Rosemary M. Collyer
                                     United States District Judge

cc:    E. Gregory Watson, Esquire
        Stephanie D. Moran, Esquire
        Watson & Moran, LLC
        Metro-Plex I
        8401 Corporate Drive, Suite 110
        Landover, Maryland  20785

        Timothy F. McCormack, Esquire
        Jennifer E. Keyser, Esquire
        Ballard Spahr Andrews & Ingersoll, LLP
        300 East Lombard Street, 18th Floor
        Baltimore, Maryland  21202

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROL C. SHELTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:07-cv--00596-RMC |
| HOWARD UNIVERSITY, et al. | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>ORDER</u>**

Upon consideration of the Plaintiff's Motion to Extend Deadline to Identify Experts and the Opposition of Defendants thereto, it is, this _____ day of August, 2008, by the United States District Court for the District of Columbia,

ORDERED that the Scheduling Order herein is amended as follows:

| | |
|---|---|
| Plaintiff's Designations of Experts and Reports Due | October 17, 2008 |
| Defendants' Designations of Experts and Reports Due | December 12, 2008 |
| All Fact and Expert Discovery Completed | January 16, 2009 |

_____
Rosemary M. Collyer
United States District Judge

cc:    E. Gregory Watson, Esquire
       Stephanie D. Moran, Esquire
       Watson & Moran, LLC
       Metro-Plex I
       8401 Corporate Drive, Suite 110
       Landover, Maryland  20785

       Timothy F. McCormack, Esquire
       Jennifer E. Keyser, Esquire
       Ballard Spahr Andrews & Ingersoll, LLP
       300 East Lombard Street, 18th Floor

Baltimore, Maryland 21202